# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| PAUL DORR, AND ALEXANDER DORR, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED,<br><br>Plaintiffs,<br>vs.<br><br>DOUGLAS L. WEBER, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF, AND HIS SUCCESSORS, THE OSCEOLA COUNTY SHERIFFS DEPARTMENT, IOWA, AND OSCEOLA COUNTY, IOWA,<br><br>Defendants. | CASE NO. 5:08-cv-04093-MWB<br><br>**DOUGLAS WEBER AND OSCEOLA COUNTY'S ANSWER AND JURY DEMAND** |

COME NOW Defendants Douglas Weber, Individually and in his Capacity as Sheriff, and Osceola County, Iowa, and for their Answer to Plaintiffs' Complaint, state:

## INTRODUCTION

These Defendants deny the allegations in Plaintiffs' Introductory paragraphs.

## JURISDICTION

These Defendants admit that this Court has jurisdiction over the parties and the subject matter. These Defendants admit that venue is proper in this Court. The remainder of Plaintiffs' Jurisdiction paragraph is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

## PARTIES

### Plaintiffs

1. Paragraph 1 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

2. Paragraph 2 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

### Defendants

3. These Defendants admit that Douglas L. Weber is the duly elected sheriff of Osceola County and that the actions he has taken with respect to Plaintiffs were taken in his capacity as sheriff. These Defendants admit that Sheriff Weber's office address is as stated in the Complaint. The remainder of paragraph 3 is denied.

4. These Defendants admit that the office address of the Osceola County Sheriff's Department is as stated in the Complaint. The remainder of paragraph 4 is denied.

5. These Defendants admit that Osceola County is a governmental entity within the State of Iowa and that its address is as stated in the Complaint. The remainder of paragraph 5 is denied.

6. These Defendants admit that the actions taken by Sheriff Weber with respect to Plaintiffs were taken under color of state law, but deny that they took the actions alleged by Plaintiffs. The remainder of paragraph 6 is denied.

### CONSTITUTIONAL AND CODE PROVISIONS AT ISSUE

### Second Amendment

7. These Defendants admit that the phrase quoted in the Complaint is contained in the full text of the Second Amendment to the United States Constitution.

8. These Defendants admit that the Second Amendment has been interpreted by some Courts in the manner alleged in the Complaint, but deny that these interpretations give Plaintiffs the right to secure a permit as alleged in the Complaint.

**Fourteenth Amendment**

9. These Defendants admit that the phrase quoted in the Complaint is contained in the full text of the Fourteenth Amendment to the United States Constitution, in Section 1.

10. These Defendants admit that the Fourteenth Amendment confers to individuals the right to due process under the law and equal protection under the laws, but deny that Plaintiffs were deprived of their rights under the Fourteenth Amendment.

**Iowa Codes**

11. These Defendants admit that Iowa Code § 724.7 governs the issuance of non-professional permits to carry weapons in the State of Iowa; and that the text of § 724.7 is accurately set forth in paragraph 11 of the Complaint. The remainder of paragraph 11 is denied.

12. Paragraph 12 is admitted.

**CLASS ALLEGATIONS**

13. Paragraph 13 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted. These Defendants deny that there are any others similarly situated.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

16. Paragraph 16 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

## FACTS

**Paul Dorr is engaged in controversial public issues in Iowa exposing him to threats against him for holding or supporting certain views and opinions**

These Defendants deny the introductory allegations in this section of the Complaint.

22. Paragraph 22 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

23. Paragraph 23 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

24. Paragraph 24 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

25. Paragraph 25 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted

26. Paragraph 26 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

27. Paragraph 27 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

28. Paragraph 28 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

29. Paragraph 29 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

**Since 2001 the Sheriff's Department issued Dorr a permit to carry a weapon, but denied his permit application in 2007**

These Defendants have no information for the years 2001-2004, and accordingly, the introductory allegations preceding paragraph 30 of the Complaint are denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted. The introductory allegations preceding paragraph 30 of the Complaint are admitted with respect to the years 2005, 2006 and 2007.

30. These Defendants have no information for the years 2001-2004, and accordingly, paragraph 30 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted. Paragraph 30 is admitted with respect to the years 2005 and 2006.

31. These Defendants have no information for the years 2001-2004, and accordingly, paragraph 31 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted. Paragraph 31 is admitted with respect to the years 2005 and 2006.

32. These Defendants have no information for the years 2001-2004, and accordingly, paragraph 32 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted. Paragraph 32 is admitted with respect to the years 2005 and 2006.

33. Paragraph 33 is admitted.

34. Paragraph 34 is admitted.

### Sheriff had not factual or reasonable rationale to deny
### Dorr a nonprofessional permit to carry a weapon in 2007

These Defendants deny the introductory allegations preceding paragraph 35 of the Complaint.

35. Paragraph 35 is admitted.

36. Paragraph 36 is admitted.

37. Paragraph 37 is admitted.

38. Paragraph 38 is denied.

39. Paragraph 39 is admitted.

40. Paragraph 40 is admitted.

41. Paragraph 41 is admitted.

42. These Defendants deny that the quoted statements were made to Dorr but admit that Sheriff Weber made these statements.

### Debra Dorr is granted a permit in 2008

These Defendants admit the introductory statement preceding paragraph 43.

43. Paragraph 43 is admitted.

44. Paragraph 44 is admitted.

### Paul Dorr sought a nonprofessional permit to carry
### a weapon in 2008 but is denied the permit

These Defendants admit the introductory statement preceding paragraph 45.

45. Paragraph 45 is admitted.

46. Paragraph 46 is admitted.

47. These Defendants admit that Sheriff Weber made the statement that is quoted in paragraph 47 of the Complaint. The remainder of paragraph 47 is denied.

### Dorr personally and through his consulting business engaged in political challenges with the Osceola County Sheriff's Department and the County Attorney's Office

These Defendants deny the introductory allegations preceding paragraph 48 for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

48. Paragraph 48 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

49. Paragraph 49 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

50. Paragraph 50 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

51. Paragraph 51 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

52. Paragraph 52 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted..

53. Paragraph 53 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

### Alexander Dorr sought a nonprofessional permit to carry a weapon in 2008 but is denied the permit

These Defendants admit the allegations in the introductory statement preceding paragraph 54.

54. Paragraph 54 is admitted.

55. Paragraph 55 is admitted.

56. Paragraph 56 is denied.

57. Paragraph 57 is admitted.

## COUNT I

### Against Sheriff Weber

**Sheriff Weber's denial to grant the Dorrs a nonprofessional permit to carry a weapon is a violation of due process**

**(Violation of the Second and Fourteenth Amendments of the United States Constitution)**

**Sheriff Weber cannot provide Paul Dorr with documentation or other information to substantiate claims that citizens are fearful of Dorr**

These Defendants deny the introductory allegations preceding paragraph 58.

58. These Defendants restate their answers to paragraphs 1 through 57.

59. These Defendants admit that under certain circumstances the Second Amendment has been construed by Courts to provide as alleged in the Complaint.

60. Paragraph 60 is admitted.

61. Paragraph 61 is denied.

62. Paragraph 62 is admitted.

63. Paragraph 63 is admitted.

64. These Defendants admit that the quoted statements were made, but deny that they were made to Paul Dorr.

**Dorr met all criteria under Iowa Code § 724.8 to be**

**granted a nonprofessional permit to carry a weapon**

These Defendants deny the allegations in the introductory paragraph preceding paragraph 65.

65. Paragraph 65 is denied.

66. Paragraph 66 is admitted.

67. Paragraph 67 is admitted.

68. Paragraph 68 is denied.

69. These Defendants admit that Paul Dorr is over eighteen years of age. The remainder of paragraph 69 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

70. Paragraph 70 is admitted with respect to Paul Dorr. The remainder of paragraph 70 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

71. Paragraph 71 is admitted.

72. Paragraph 72 is admitted.

73. Paragraph 73 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

74. Paragraph 74 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

75. Paragraph 75 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted. These Defendants state affirmatively that citizens have reported they fear Paul Dorr.

76. Paragraph 76 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted. These Defendants state affirmatively that citizens have reported they fear Paul Dorr.

77. Paragraph 77 is denied.

78. Paragraph 78 is denied.

79. Paragraph 79 is admitted.

80. Paragraph 80 is admitted.

**Dorr's engagement in controversial political issues
and threats made against him substantiated a need
for a nonprofessional permit to carry a weapon**

These Defendants deny the allegations in the introductory paragraph preceding paragraph 81.

81. Paragraph 81 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

82. Paragraph 82 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

83. Paragraph 83 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

84. Paragraph 84 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

**Sheriff Weber gave no reason to deny Dorr a permit in 2007 and 2008**

These Defendants deny the allegations in the introductory paragraph preceding paragraph 85.

85. Paragraph 85 is admitted.

86. Paragraph 86 is admitted.

87. Paragraph 87 is denied.

88. Paragraph 88 is denied.

### Sheriff Weber denied Alexander Dorr a nonprofessional permit to carry a weapon and declared consideration of new application only after his 21st birthday

These Defendants admit the allegations in the introductory paragraph preceding paragraph 89.

89. Paragraph 89 is admitted.

90. Paragraph 90 is denied.

91. Paragraph 91 is admitted.

### Alexander Dorr met all criteria under Iowa Code § 724.8 to be granted a nonprofessional permit to carry a weapon

These Defendants deny the allegations in the introductory paragraph preceding paragraph 92.

92. Paragraph 92 is denied.

93. Paragraph 93 is admitted.

94. These Defendants admit that if all six of the criteria identified in Iowa Code § 724.8 are met, an individual is eligible for issuance of a nonprofessional permit. The remainder of paragraph 94 is denied.

95. Paragraph 95 is denied.

96. Paragraph 96 is admitted.

97. Paragraph 97 is admitted.

98. Paragraph 98 is admitted.

99. Paragraph 99 is admitted.

100. Paragraph 100 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

101. Paragraph 101 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

102. Paragraph 102 is admitted.

103. Paragraph 103 is admitted.

104. Paragraph 104 is denied.

105. Paragraph 105 is denied.

106. Paragraph 106 is admitted.

107. Paragraph 107 is admitted.

**Sheriff Weber acted illegally and denied the Dorrs due process
and in so doing violated their right to keep and bear arms**

These Defendants deny the allegations in the introductory paragraph preceding paragraph 108.

108. Paragraph 108 is denied.

109. Paragraph 109 is denied.

110. Paragraph 110 is denied.

111. Paragraph 111 is denied.

112. Paragraph 112 is denied

## COUNT II

### Against Osceola County

**(Violation of the Second and Fourteenth Amendments
of the United States Constitution)**

**Infringement of the Dorrs' right to due process
and to keep and bear arms**

These Defendants deny the introductory allegations preceding paragraph 113.

113. These Defendants restate their answers to Paragraphs 1 through 112.

114. Paragraph 114 is denied.

115. Paragraph 115 is denied.

116. Paragraph 116 is denied.

117. Paragraph 117 is denied.

118. Paragraph 118 is denied.

119. Paragraph 119 is denied.

120. Paragraph 120 is denied.

## COUNT III

### Against Osceola County Sheriff's Department

### (Violation of the Second and Fourteenth Amendments of the United States Constitution)

### Infringement of the Dorrs' right to due process and to keep and bear arms

These Defendants deny the introductory allegations preceding paragraph 121.

121. These Defendants restate their answers to Paragraph 1 through 120.

122. Paragraph 122 is denied.

123. Paragraph 123 is denied.

124. Paragraph 124 is denied.

125. Paragraph 125 is denied.

126. Paragraph 126 is denied.

127. Paragraph 127 is denied.

128. Paragraph 128 is denied.

129. Paragraph 129 is denied.

130. Paragraph 130 is denied.

## COUNT IV

### Against Sheriff Weber

**Sheriff Weber's denials to grant Dorr a nonprofessional permit to carry a weapon violated his right to equal protection**

**(Violation of the Second and Fourteenth Amendments of the United States Constitution)**

**Sheriff Weber granted a nonprofessional permit to carry weapons to individuals including Paul Dorr's wife Debra Dorr**

These Defendants deny the introductory allegations preceding paragraph 131.

131. These Defendants restate their answers to Paragraphs 1 through 130 as fully set forth herein.

132. Paragraph 132 is admitted.

133. Paragraph 133 is admitted.

134. Paragraph 134 is admitted.

135. Paragraph 135 is admitted.

136. These Defendants admit that Sheriff Weber granted Paul Dorr a nonprofessional permit in 2005 and 2006 because he met the statutory criteria. The remainder of paragraph 136 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

137. Paragraph 137 is admitted.

138. Paragraph 138 is admitted.

**Sheriff Weber gave no reason to deny Paul Dorr a permit to carry a weapon in 2007 and 2008**

These Defendants deny the introductory allegations preceding paragraph 139.

139. Paragraph 139 is admitted.

140. Paragraph 140 is admitted.

141. Paragraph 141 is denied.

### Sheriff Weber gave no reason to deny Alexander Dorr a permit to carry a weapon in 2008

These Defendants deny the introductory allegations preceding paragraph 142.

142. Paragraph 142 is admitted.

143. Paragraph 143 is admitted.

144. Paragraph 144 is denied.

### Sheriff Weber acted illegally and denied the Doors equal protection under the law

These Defendants deny the introductory allegations preceding paragraph 145.

145. Paragraph 145 is denied.

146. Paragraph 146 is denied.

147. Paragraph 147 is denied.

148. Paragraph 148 is denied.

149. Paragraph 149 is denied.

150. Paragraph 150 is denied.

### COUNT V

### Against Osceola County

### (Violation of the Second and Fourteenth Amendments of the United States Constitution)

### Infringement of the Dorrs' right to equal protection under the law

These Defendants deny the introductory allegations preceding paragraph 151.

151. These Defendants restate their answers to paragraph 1 through 150.

152. Paragraph 152 is admitted with respect to Paul Dorr and Alexander Dorr.

153. Paragraph 153 is denied.

154. Paragraph 154 is denied.

155. Paragraph 155 is denied.

156. Paragraph 156 is denied.

157. Paragraph 157 is denied.

## COUNT VI

### Against Osceola County Sheriff's Department

### (Violation of the Second and Fourteenth Amendments of the United States Constitution)

### Infringement of the Dorrs' right to equal protection under the law

These Defendants deny the introductory allegations preceding paragraph 158.

158. These Defendants restate their answers to Paragraphs 1 through 157 as fully set forth herein.

159. Paragraph 159 is admitted with respect to Paul Dorr and Alexander Dorr.

160. Paragraph 160 is denied.

161. Paragraph 161 is denied.

162. Paragraph 162 is denied.

163. Paragraph 163 is denied.

164. Paragraph 164 is denied.

165. Paragraph 165 is denied.

## COUNT VII

### Declaratory Judgment invalidating Iowa Code provision as overly broad and vague governing determinations to a nonprofessional permit to carry a weapon

These Defendants deny the introductory allegations preceding paragraph 166.

166. These Defendants restate their answers to Paragraphs 1 through 165 as fully set forth herein.

167. Paragraph 167 is admitted.

168. Paragraph 168 is denied.

169. Paragraph 169 is denied.

170. Paragraph 170 is admitted.

171. Paragraph 171 is denied.

172. Paragraph 172 is admitted.

173. Paragraph 173 is admitted.

174. Paragraph 174 is admitted.

175. Paragraph 175 is admitted.

176. Paragraph 176 is denied.

177. These Defendants admit that the Second Amendment has been construed by Courts in the manner alleged, but deny that their actions violated the Second Amendment.

178. Paragraph 178 is denied.

179. Paragraph 179 is denied.

180. Paragraph 180 is denied.

181. Paragraph 181 is denied.

182. Paragraph 182 is denied.

183. Paragraph 183 is denied.

184. Paragraph 184 is denied.

185. Paragraph 185 is denied.

## JURY TRIAL DEMANDED

186. These Defendants restate their answers to paragraphs 1 through 185 as fully set forth herein.

187. These Defendants demand a jury trial.

WHEREFORE these Defendants pray that Plaintiffs' Complaint be dismissed and all costs taxed to Plaintiffs.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Douglas Weber is immune from suit.

3. Issuance of the permits at issue is vested in the discretion of the sheriff by virtue of Iowa Code § 724.11.

4. The sheriff may use discretion in determining additional criteria for issuance of a permit pursuant to the provisions of the Iowa Administrative Code.

5. Douglas Weber had a rationale basis for the decisions he made with respect to the permits at issue in this case.

6. Plaintiffs received all the process that they were due under the 14th Amendment.

7. The fear of bullying, harassment and intimidation by Paul Dorr as expressed by citizens of Osceola County is a legitimate basis for denial of a permit.

8. There are no similarly situated individuals to whom permits have been denied, and thus, there is no equal protection claim.

## DEMAND FOR JURY TRIAL

These Defendants hereby respectfully demand a trial by jury of all issues in this case.

Respectfully submitted,

*/s/ Douglas L. Phillips*
Douglas L. Phillips
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
phillips@klasslaw.com
WWW.KLASSLAW.COM
712/252-1866
712/252-5822 fax

ATTORNEYS FOR DEFENDANTS

Copy to:

Vincent J. Fahnlander
33 South Sixth Street, Suite 4100
Minneapolis, MN  55402

Erick G. Kaardal
33 South Sixth Street, Suite 4100
Minneapolis, MN  55402

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on ___November 21___, 2008
By: _____ U.S. Mail          _____ facsimile
    _____ Hand delivered     _____ Overnight courier
    _____ Other              __X__ ECF
Signature  */s/ Douglas L. Phillips*