# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| PAUL DORR, AND ALEXANDER DORR, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>DOUGLAS L. WEBER, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF, AND HIS SUCCESSORS, THE OSCEOLA COUNTY SHERIFFS DEPARTMENT, IOWA AND OSCEOLA COUNTY, IOWA,<br><br>Defendants. | CASE NO. 5:08-cv-04093-MWB<br><br>**OSCEOLA COUNTY SHERIFF'S DEPARTMENT AND "SUCCESSORS" TO SHERIFF DOUGLAS WEBER'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

## I. INTRODUCTION

Plaintiffs filed this case on October 29, 2008. They alleged in Counts III and VI of the Complaint that the Osceola County Sheriff's Department (hereinafter "Sheriff's Department") denied Plaintiffs due process and equal protection under the Fourteenth Amendment, and the right to keep and bear arms under the Second Amendment, when Sheriff Douglas Weber denied Plaintiffs' applications for weapons permits.

Plaintiffs specifically alleged that the policies of the Sheriff's Department are reflective of Osceola County policies, and that the policies of the Sheriff's Department are executed through Sheriff Weber on behalf of Osceola County. (Paragraphs 163-164 of Complaint).

In addition, while no specific claims appear to be directed toward the "successors" of Sheriff Douglas Weber, these successors are named as defendants.

On November 19, 2008, Plaintiffs filed a First Amended Complaint in which they made identical allegations against movants. Movants seek an Order dismissing the First Amended Complaint for the reasons which follow.

### III. The Osceola County Sheriff's Department Is Not A Legal Entity Against Which Suit Can Be Filed.

The Sheriff's Department is not a legal entity under Iowa law capable of suing and being sued. The Court should grant the Sheriff's Department's 12(b)(6) motion and dismiss it from this lawsuit.

Federal Rule of Civil Procedure 17(b) governs the capacity to sue and be sued. The Sheriff's Department falls under Rule 17(b)(3), which provides that in the case such as this, a department's capacity to sue or be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3).

The Iowa Constitution grants counties "home rule power and authority…to determine their local affairs and government…" IA. Const. Art. 3, §39A. The Iowa code specifies that "[a] county may…exercise any power and perform any function it deems appropriate to protect and preserve the rights, privileges, and property of the county or of its residents, and to preserve and improve the peace, safety, health, welfare, comfort and convenience of its residents." Iowa Code § 331.301.

The State of Iowa delegated to local sheriffs the power to carry out duties related to the issuance and revocation of firearms permits. Iowa Code §331.653959). The State has not created a county sheriff's department separate from the county or the sheriff itself. Stated another way, Osceola County and its Sheriff have chosen to protect its residents and preserve the peace, safety, health and welfare of its residents by creating the Sheriff's Department.

The Iowa Supreme Court has recognized that a city board was not a separate legal entity from a municipality and thus, did not have the capacity to sue or be sued independently of the municipality. *Des Moines Mark Bd. v. City of Des Moines*, 290 N.W. 680 (1940). The Court found that the board was only an agency of the municipality and had no independent existence, and further explained that:

> So far as we have been able to determine wherever it has been the purpose of the legislature to authorize any of the agencies of government to proceed independently of parent municipality, the power to sue or be sued has been expressly given.

*Id.* at 681. There is no statute in the Iowa Code giving a county sheriff's department the authority to sue or be sued independently of its county or its sheriff.

The Iowa Supreme Court has addressed the authority of a county board to pursue an appeal in which it was involved. In *Kasparek v. Johnson County Bd. of Health*, 288 N.W.2d 511 (Iowa 1980), the Court found the county board had the power to enforce its rules and regulations independent of the county, and thus, could defend itself in court. However, this reasoning does not apply to a county sheriff's department because the county determines its own rules and ordinances via its home rule power. A county sheriff's department answers to its sheriff, and to an extent, to the county's board of supervisors, but it is not independent of them. *See, e.g.* Ia. Atty. Gen. Op. 95-9-2(L), 1995 Iowa AG LEXIS 16 (county sheriffs have no power to hire deputy sheriffs without approval from their county boards of supervisors).

It is clear from Iowa law that the Sheriff's Department is not independent of Osceola County and its Sheriff, and thus is not a legal, independent entity that can sue or be sued. This is consistent with previous decisions in the Eight Circuit. On more than one occasion, the Eight Circuit Court of Appeals has relied on *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), for the proposition that sheriff's departments are not usually considered legal

entities subject to suit under § 1983. *See Thompson v. Black Hawk County Sheriff's Office,* 2008 WL 496783 (8th Cir. 2008, Unpublished), *Estate of Wade v. Thompkins*, 2003 WL 22053145 (8th Cir. 2003, Unpublished).

The Eighth Circuit has also recognized that city police departments are "not judicial entities suable as such." *Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992). Further, the Western Division of the United States District Court for the Northern District of Iowa recently dismissed a city police department from a lawsuit because it was not a suable entity. *See Shannon v. Koehler*, 2008 WL 47335265 (N.D. Iowa, 2008, Unpublished).

In addition to the Eleventh Circuit's decision in *Dean,* a number of other federal circuits and district courts have determined that sheriffs' departments and police departments are not generally suable. *See In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987), *Catlett v. Jefferson County*, 299 F. Supp. 967 (E.D. Mo. 2004), *Collins v. W. Hartford Police Dept.*, 380 F. Supp.2d 83, 92 n. 4 (D. Conn. 2005), *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985), *Meyer v. Lincoln Police Dept.,* 347 F. Supp.2d 706, 707-708 (D.Neb. 2004), *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991).

Because Rule 17(b)(3) requires the Court to look to Iowa law in determining whether to dismiss the Sheriff's Department from this case, and because the Iowa Code and case law supports the conclusion that county sheriff's departments are subdivisions of the home rule counties creating them, the Court should grant the Sheriff's Department's motion. Federal case law supports the finding that the Sheriff's Department is not a legal entity with the capacity to be sued.

## II. The Lawsuit Against Sheriff Weber's "Successors" Should Be Dismissed.

Plaintiffs have named Sheriff Weber's "successors" as defendants in this lawsuit. The position of sheriff has no named successors. Sheriff Weber's successor will not be known until there is a new sheriff, which will happen only if Sheriff Weber dies or resigns before the end of his term. At this point, there is no "successor" that can be served with a copy of the lawsuit or file an answer. In short, there is no one to sue. The Court should dismiss this lawsuit against Sheriff Weber's "successors."

## IV. Conclusion

For each of the foregoing reasons, the claims against the Sheriff's Department and the Sheriff's "Successors" should be dismissed.

Respectfully submitted,

*Douglas L. Phillips* (signature)
Douglas L. Phillips
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA 51106
phillips@klasslaw.com
WWW.KLASSLAW.COM
712/252-1866
712/252-5822 fax

ATTORNEYS FOR DEFENDANTS

Copy to:

Vincent J. Fahnlander
33 South Sixth Street, Suite 4100
Minneapolis, MN 55402

Erick G. Kaardal
33 South Sixth Street, Suite 4100
Minneapolis, MN 55402

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on ___December 1,_____, 2008
By: _____ U.S. Mail _____ facsimile
_____ Hand delivered _____ Overnight courier
_____ Other _____ __X__ ECF
Signature _____

**KLASS LAW FIRM, L.L.P.**