IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| Paul Dorr, and Alexander Dorr, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Douglas L. Weber, individually and in his capacity as Sheriff, and his successors, the Osceola County Sheriffs Department, Iowa, and Osceola County, Iowa,<br><br>Defendants. | Court File No. 5:08-CV-4093<br><br>PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT OSCEOLA COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS |

## Introduction

The Osceola Sheriff's Department seeks dismissal of Paul Dorr and Alexander Dorr's[1] first amended complaint under Fed. R. Civ. P. 12(b)(6) on the single issue that the Sheriff's Department is not a suable entity. There is statutory law, case law and facts in this case suggesting that the Defendant Osceola County Sheriff's Department is a "person" subject to suit, and in fact is a necessary party.

Here, the Sheriff's Department has apparent enforcement power of a state statute to determine whether or not to issue nonprofessional permits to carry weapons. In light of the Defendants' answer to Dorr's first-amended complaint, the

---

[1] Paul Dorr and Alexander Dorr are the identified plaintiffs' class action first-amended complaint. For the sake of simplicity, reference to the singular "Dorr" refers to all plaintiffs.

Sheriff's Department's policy and its enforcement establishes a legal foundation to assert a 42 U.S.C § 1983 action against the Sheriff's Department. The Sheriff's Department is the arbiter and direct enforcer of a state statute. It is Dorr's assertion that because the Sheriff's Department has affirmative powers to enforce its own rules and regulations resulting in the direct deprivation of individuals constitutional rights, the Sheriff's Department is subject to suit as a "person."

As for the motion to dismiss "successors" the Defendants' argument is unpersuasive. Dorr seeks injunctive relief in this case. If this lawsuit is successful, issuance of a permanent injunction against only the "sitting Sheriff" would be incomplete relief; it would require successive lawsuits on each new residing Sheriff, which is not a logical result.

## Argument

### I. Motion to dismiss standard.

Although the Eighth Circuit Court of Appeals has not elaborated on motions to dismiss under Rule 12(b)(6) since the Supreme Court decision in *Bell Atlantic Corp. v. Twonbly*,[2] the standards are well-settled. Prior to *Bell Atlantic*, the Eighth Circuit found the standard for the district court to employ included the requirement to accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor to the nonmoving party. In short, dismissal would be inappropriate unless the district court found— beyond a

---

[2] *Bell Atlantic Copr. v. Twonbly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).

reasonable doubt — that the plaintiff could prove "no set of facts" in support of his claim which would entitle him to relief.[3]

Nevertheless, other courts have found that under *Bell Atlantic*, complainants have an obligation to provide the grounds of their entitlement to relief, more than mere labels and conclusions to raise the factual allegations to a right to relief above the speculative level,[4] although it does not need to contain "fact pleading of specifics."[5] Even though *Bell Atlantic* may have extinguished the "no set of facts" language, it did not change the requirement that the district court "when ruling on a motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."[6] Plaintiffs have pled that the Osceola County Sheriff's Department executed "policies regarding the granting or denial of nonprofessional permits to carry weapons."[7] This is enough to defeat the motion.

---

[3] *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

[4] *Bell Atlantic*, 127 S.Ct. at 1964-65.

[5] *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) ("Specific facts are not necessary [under Federal Rules of Civil Procedure 8(a)(2)]."

[6] *Id.* at 2200, *see e.g., Gross v. Weber*, 186 F.3d 1089, 1090 (8th Cir. 1999) ("On a motion to dismiss, we review the district court's decision de novo, accepting all the factual allegations of the complaint as true and construing them in the light most favorable to [the non-movant].")

[7] Complaint, par. 123.

## II. The Osceola County Sheriff's Department is a suable "person" under the facts of this case because it has apparent authority to determine whether to grant or deny nonprofessional permits to carry weapons.

Defendants have argued that the Sheriff's Department should be dismissed in this case because "the county determines its own rules and ordinances via its home rule power." [8] The defendants make this assertion in trying to distinguish this case from *Kasparek v. Johnson County Bd. of Health*, 288 N.W.2d 511 (Iowa 1980) where the Iowa Supreme Court held that the county board of health was a proper party because it had the basic power to "(m)ake and enforce such reasonable rules and regulations not inconsistent with law or with the rules of the state board as may be necessary for the protection and improvement of the public health." *Kasparek*, 288 N.W.2d at 514. If the Osceola County Sheriff's Department has the power to "make and enforce rules and regulations" relating to Iowa's weapons carrying law, then it is properly a party under *Kasparek*.

The Iowa statute at issue in this case is Iowa Code section 724.11 which provides that:

> "[A]pplicants for permits to carry weapons shall be made to the sheriff of the county in which the applicant resides. Applications from persons who are nonresidents of the state, or whose need to go armed arises out of the employment by the state, shall be made to the commissioner of public safety. In either case, the issuance of the permit shall be by and at the discretion of the sheriff or commissioner, who shall, before issuing the permit, determine that the requirements of sections 724.6 to 724.10 have been satisfied."

The ambiguity of the statutory language and facts in this case demonstrate that it is not clear as to whether the "sheriff" or the "sheriff's department" makes and

---

[8] Osceola County Sheriff's Department and "Successors" To Sheriff Douglas Weber's Brief in Support of its Motion to Dismiss Under F.R.C.P 12(b)(6), p. 3.

enforces the rules and regulations required under section 724.11. In its answer to Dorr's First-Amended Complaint, Osceola County *denied* that "Osceola County is responsible for the actions of Sheriff Weber as an employee and agent of the Osceola County designated Sheriff Weber as the issuing officer to grant or deny nonprofessional permits to carry weapons." [9] The County also *denied* it is "responsible for the implementation of state statutes, in particular policies governing the grant or denial of nonprofessional permits to carry a weapon." [10] The Defendants also denied that "Osceola County designated Sheriff Weber as the issuing officer to grant or deny nonprofessional permits to carry weapons." [11] Since both the County and Sheriff Weber are denying they had the responsibility, there is at least the possibility that they have denied the authority because the authority resides in the Sheriff's Department. [12]

Further, there are facts which suggest that the Sheriff's Department actually possessed and exercised the authority to grant or deny nonprofessional permits to carry weapons, and to make the rules and regulations relating to the issuance of those permits. Plaintiffs have correspondence which states that the Sheriff or Sheriff's Department retained attorney Daniel DeKoter to "give legal advice on the issuance of concealed weapon permits", and to develop "written permit criteria for the

---

[9] Answer to First-Amended Complaint at ¶116. See also, Answer paragraphs 153, 154, and 162.

[10] Answer to First-Amended Complaint at ¶ 5.

[11] Defendants' Answer to First Amended Complaint, par. 124.

[12] See also, Complaint, par. 123.

5

issuance or renewal of concealed weapon permits." [13] Initially Mr. DeKoter wrote to Paul Dorr that he had been "retained" by the Osceola County Public Safety Commission to "give legal advice on the issuance of concealed weapon permits", and to develop "written permit criteria for the issuance or renewal of concealed weapon permits." [14] He further stated that he did not believe "that the functions of the Public Safety Commission and the sheriff's department [with respect to governing the issuance and renewal of concealed weapon permits] can be neatly separated". [15]

After Mr. DeKoter stated that the Public Safety Commission retained him to develop "written permit criteria" and to "give legal advice on the issuance of concealed weapon permits", however, the Department of Public Safety Commission wrote to Dorr that Sheriff Weber, not the Public Safety Commission "had retained Mr. DeKoter" for those services. Plaintiffs should be entitled to conduct discovery into this relationship so as to determine who actually "retained" Mr. DeKoter. The two July letters state that the Osceola County Public Safety Commission (not an individual "commissioner") retained Mr. DeKoter.

The letter dated October 8, 2008 signed by Jerry Johnson, Chairman of the Osceola County Public Safety Commission states that Sheriff Doug Weber "retained" Mr. DeKoter. Presumably Mr. DeKoter was not offering his services for free. At least one relevant discoverable fact requires an answer: who paid or is paying Mr.

---

[13] Declaration of Vincent J. Fahnlander, Exhibit 1.

[14] Declaration of Vincent J. Fahnlander Exhibit 2.

[15] Declaration of Vincent J. Fahnlander, Exhibit 3.

DeKoter for his services to promulgate under Iowa Code sections 724.8 and 724.11. It seems unlikely that Sheriff Weber himself would have been paying Mr. DeKoter for his services, even though the Department of Public Safety stated the sheriff retained Mr. DeKoter. It seems more likely that the Osceola County Sheriff's Department would have been paying for those services. If that is the case, the standard under *Kasparek* is met and the Sheriff's Department is properly a party to this case.

Because the statute suggests that Osceola County Sheriff's Department had the "power to make and enforce" the rules relating to granting or denying nonprofessional permits to carry weapons, and the facts as alleged in Plaintiffs' Complaint and as inferred in the exhibits to the Declaration of Vincent J. Fahnlander confirm that the Sheriff's Department exercised this "power", the Sheriff's Department should be kept in this lawsuit as a party, at least so as to allow discovery to take place. Defendants' motion to dismiss should be denied.

Defendants' Brief in Support of its Motion to Dismiss cites to numerous other authority for the general proposition that sheriff's departments are "not a legal, independent entity that can sue or be sued." [16] However, those cases did not deal with a statute such as Iowa Code section 724.11 that *delegated* this authority to enforce or deny the exercise of constitutional rights to a specific agent — the ambiguous "sheriff" or sheriff's department. And those cases did not involve facts similar to this case where the sheriff's department "retained" attorneys to establish

---

[16] Osceola County Sheriff's Department and "Successors" To Sheriff Douglas Weber's Brief in Support of its Motion to Dismiss Under F.R.C.P 12(b)(6), pp. 3-4.

7

criteria and develop rules and regulations implicating the exercise of those constitutional rights. Interestingly, a sheriff's department has been named as a party to a reported Iowa Court of Appeals case involving permits to carry weapons. [17]

The exact relationships between Osceola County, the Sheriff's Department, Sheriff Weber and attorney Daniel DeKoter, and thus the responsibility for deciding whether or not to issue the weapons permits at issue in this case, are not yet known. Whether this is a shared responsibility, with ultimate approval by the County, or a distinct legislative authority granted by the County to the Sheriff's Department, is yet to be determined. No discovery has occurred — even the minimal Rule 26 disclosures. The facts alleged and the inferences from the pled facts suggest the County and the State have given the Sheriff's Department affirmative powers to enforce rules or regulations of the Department's own creation.[18] The Sheriff's Department should be considered a "person" suable under Rule 17 of the Federal Rules of Civil Procedure.

Finally, it is understood that Iowa state law provides that municipalities, like Osceola County, are provided with home rule authority to "determine their local affairs and government..."[19] Under such circumstances, the state has delegated to the County the power to organize a sheriff's department to "protect and preserve the rights, privileges, and property of the city or its residents, and to preserve and

---

[17] McIntyre v. Page County Sheriff's Office, 538 N.W.2d 305 (Iowa App. 1995);

[18] *See, Kasparek v. Johnson,* 288 N.W.2d 511, 515 (1980).

[19] IA Const. Art. 3, § 38A; Iowa Code, § 331.301.

improve the peace, safety, health, welfare, comfort, and convenience of its residents.".[20] Yet, the Sheriff's Department not only sought and apparently developed its own policies to effect a state law as an agent of the state — not a County — but according to the County's Answer, it acted with powers beyond that of the County's[21] to " determine that [an] applicant [for a nonprofessional permit to carry weapons] does not constitute a danger to any person.[22] The constitutional right to bear arms is statutorily regulated by an unconstitutional provision, applied unconstitutionally, by criteria, rules, or regulations promulgated and enforced through the Sheriff's Department's own authority.

As an acting agent of the State to enforce laws through the implementation of its own policies, separate and distinct from that of the County, as it has presently pled, implicates the Sheriff's Department as suable as a person under 42 U.S.C. § 1983.

### III. Sheriff Weber's Successors should be bound by the results of this litigation.

Plaintiffs have plead injunctive relief to require that not only Sheriff Weber, but his successors be required to honor the Plaintiffs' Constitutional rights. To grant Defendants' motion would be to allow Sheriff Weber to negate any ruling from this Court by resigning. Sheriff Weber's successors must be bound by the result of this

---

[20] *See* Iowa Code § 364.1.

[21] *E.g.,* Answers to First Amended Complaint ¶¶ 5 and 116.

[22] Iowa Code § 724.8, 5.

litigation, and they are thus bound by any injunction ordered by this Court with a determination that the successors are thus bound.

## Conclusion

For the above reasons, Defendant Osceola County Sheriff's Department's motion to dismiss it should be denied in all respects.

MOHRMAN & KAARDAL, P.A.

DATED: December 15, 2008

*/s/ Vincent J. Fahnlander*

Erick G. Kaardal #229647
Vincent J. Fahnlander # 19220X
33 South Sixth Street, Suite 4100
Minneapolis, MN 55402
(612) 341-1074

ATTORNEYS FOR PLAINTIFFS PAUL DORR AND ALEXANDER DORR

Copy to:

Douglas L. Phillips
Klass Law Firm, LLP
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA 51106

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on  December 15, 2008  by:
\_\_\_ U.S. Mail             \_\_\_ Facsimile
\_\_\_ Hand Delivered   \_\_\_ Overnight Courier
\_\_\_ Other _____       X  ECF

Signature _____

litigation, and they are thus bound by any injunction ordered by this Court with a determination that the successors are thus bound.

## Conclusion

For the above reasons, Defendant Osceola County Sheriff's Department's motion to dismiss it should be denied in all respects.

MOHRMAN & KAARDAL, P.A.

DATED: December 15, 2008

s/Vincent J. Fahnlander
Erick G. Kaardal #229647
Vincent J. Fahnlander # 19220X
33 South Sixth Street, Suite 4100
Minneapolis, MN 55402
(612) 341-1074

ATTORNEYS FOR PLAINTIFFS PAUL DORR AND ALEXANDER DORR

Copy to:

Douglas L. Phillips
Klass Law Firm, LLP
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA 51106

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on  December 15, 2008  by:
\_\_\_ U.S. Mail        \_\_\_ Facsimile
\_\_\_ Hand Delivered   \_\_\_ Overnight Courier
\_\_\_ Other _____   X  ECF

Signature _____