# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA

---

Paul Dorr, and Alexander Dorr, individually
and on behalf of all other persons similarly
situated,

          Plaintiffs,

vs.

Douglas L. Weber, individually and in his
capacity as Sheriff, and his successors, of
the Osceola County Sheriffs Department,
Iowa, and Osceola County, Iowa,

          Defendants.

Court File No. 5:08-CV-04093

---

# CLASS ACTION
# SECOND AMENDED COMPLAINT

**Jury Trial Demanded**

**MOHRMAN & KAARDAL, P.A.**
Vincent J. Fahnlander
Erick G. Kaardal
33 South Sixth Street, Suite 4100
Minneapolis, Minnesota 55402
Telephone: 612-341-1074

**Attorneys for Plaintiff Paul Dorr**

INTRODUCTION......................................................................................................1

JURISDICTION ........................................................................................................2

PARTIES....................................................................................................................2

    Plaintiffs............................................................................................................2
    Defendants.........................................................................................................2

CONSTITUTIONAL AND CODE PROVISIONS AT ISSUE .............................3

    First Amendment..............................................................................................3
    Second Amendment .........................................................................................3
    Fourteenth Amendment....................................................................................3
    Iowa Codes .......................................................................................................4

CLASS ALLEGATIONS ...........................................................................................4

FACTS .......................................................................................................................6

    Paul Dorr is engaged in controversial public issues in Iowa exposing him to
    threats against him for holding or supporting certain views and opinions .....................6

    Since 2001 the Sheriff's Department issued Dorr a permit to carry a weapon,
    but denied his permit application in 2007.........................................................7

    Sheriff had no factual or reasonable rationale to deny Dorr a nonprofessional
    permit to carry a weapon in 2007 .....................................................................8

    Debra Dorr is granted a permit in 2008.............................................................8

    Paul Dorr sought a nonprofessional permit to carry a weapon in 2008
    but is denied the permit.....................................................................................9

    Dorr personally and through his consulting business engaged in political
    challenges with the Osceola County Sheriff's Department and
    the County Attorney's Office .............................................................................9

    Alexander Dorr sought a nonprofessional permit to carry a weapon in
    2008 but is denied the permit............................................................................10

COUNT I .................................................................................................................10

    Against Sheriff Weber ..................................................................................10

    Sheriff Weber's denial to grant Dorrs nonprofessional permits to
    carry a weapon is a violation of due process ...................................................10

    (Violation of the Second and Fourteenth Amendments of the
    United States Constitution)...........................................................................10

    Sheriff Weber cannot provide Paul Dorr with documentation or other
    information to substantiate claims that citizens are fearful of Dorr ...................10

    Dorr met all criteria under Iowa Code § 724.8 to be granted a
    nonprofessional permit to carry a weapon ....................................................11

    Dorr's engagement in controversial political issues and threats made against
    him substantiated a need for a nonprofessional permit to carry a weapon .................12

    Sheriff Weber gave no reason to deny Dorr a permit in 2007 and 2008 .....................13

    Sheriff Weber denied Alexander Dorr a nonprofessional permit to
    carry a weapon and declared consideration of a new application
    only after his 21st birthday...........................................................................13

    Alexander Dorr met all criteria under Iowa Code § 724.8 to be granted a
    nonprofessional permit to carry a weapon ....................................................14

    Sheriff Weber acted illegally and denied the Dorrs due process and in
    so doing violated their right to keep and bear arms .........................................15

COUNT II.............................................................................................................16

    Against Osceola County ..............................................................................16

    (Violation of the Second and Fourteenth Amendments of the
    United States Constitution)...........................................................................16

    Infringement of the Dorrs' right to due process and to keep and
    bear arms ..................................................................................................16

COUNT III............................................................................................................17

    Against Sheriff Weber ..................................................................................17

Violation of the First Amendment ..................................................................17

Sheriff Weber's denial to grant Dorr a nonprofessional permit to carry
a weapon based on his association with a taxpayers group violated
Dorr's First Amendment rights.......................................................................17

Dorr's association with the Osceola County Taxpayers Association............................18

First Amendment of the United States Constitution protects freedom
of speech and the right of association.............................................................20

COUNT IV ..................................................................................................22

    Against Sheriff Weber ...............................................................................22

Sheriff Weber's denials to grant Dorr a nonprofessional permit to
carry a weapon violated his right to equal protection ......................................22

(Violation of the Second and Fourteenth Amendments of the
United States Constitution)...........................................................................22

Sheriff Weber granted a nonprofessional permit to carry weapons to
individuals including Paul Dorr's wife Debra Dorr ..........................................22

Sheriff Weber gave no reason to deny Paul Dorr a permit to carry
a weapon in 2007 and 2008...........................................................................23

Sheriff Weber gave no reason to deny Alexander Dorr a permit to
carry a weapon in 2008.................................................................................23

Sheriff Weber acted illegally and denied the Dorrs equal protection
under the law ..............................................................................................24

COUNT V......................................................................................................25

    Against Osceola County................................................................................25

Violation of the First, Second, and Fourteenth Amendments of
the United States Constitution).....................................................................25

Infringement of the Dorrs' right to equal protection under the law..............................25

COUNT VI ................................................................................................................26

    Declaratory Judgment invalidating Iowa Code provision as overly
    broad and vague governing determinations to a nonprofessional
    permit to carry a weapon ..................................................................................26

    Infringement of First Amendment Right to Free Speech and to
    Association ........................................................................................................26

    (Violation of the First Amendment of the
    United States Constitution) ...............................................................................26

COUNT VII ..............................................................................................................29

    Declaratory Judgment invalidating Iowa Code provision as overly
    broad and vague governing determinations to a nonprofessional
    permit to carry a weapon ..................................................................................29

    Infringement of Second Amendment Right to Keep and Bear Arms ...........................29

    (Violation of the Second Amendment of the
    United States Constitution) ...............................................................................29

JURY TRIAL DEMANDED ........................................................................................32

PRAYER FOR RELIEF ..............................................................................................32

# INTRODUCTION

This is an action for declaratory judgment and damages for the violation of constitutional rights governing the freedom of speech, the freedom of association, due process, equal protection, and the right to keep and bear arms against Sheriff Weber of the Osceola County Sheriff's Department, an enforcement officer with the Osceola County, Iowa Sheriff's Department, and Osceola County. Mr. Paul Dorr and Alex Dorr sought nonprofessional permits to carry a weapon. Although both met all the statutory criteria necessary for the issuance of the permit Sheriff Weber refused to issue the permits.

The permit requests were denied in part because of Paul Dorr's association with the Osceola County Taxpayers Association, and his local activities to redress the government of grievances. All of Paul Dorr's activities were legal and legitimate. Sheriff Weber, the Osceola Sheriff's Department and Osceola County acted illegally in denying Paul Dorr his permits to carry a weapon, meaning that the decisions were unreasonable, not authorized, and contrary to the terms, spirit, and purpose of the statute creating and defining nonprofessional permits for citizens to carry a weapon under Iowa law. Thus, the Sheriff, and the County violated Mr. Paul Dorr's constitutional rights under the First, Second, and Fourteenth Amendments of the United States Constitution.

Alex Dorr's permit was denied because Sheriff Weber read into the permitting statute an additional criteria – that the permit applicant attain the age of 21, rather than just the age of 18, as provided in the statute.

## JURISDICTION

This action is brought under 42 U.S.C. §§ 1983, and § 1988, (civil rights statutes), 28 U.S.C. § 2201 (declaratory judgment), and the Second and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. § 1331 (federal question) and 1343 (1)-(4) and the statutory and constitutional provisions mentioned. Venue is proper in this Court under 28 U.S.C. § 1391. Plaintiffs Paul Dorr and Alex Dorr further invoke the pendent jurisdiction of this Court to consider claims arising under state law.

## PARTIES

### Plaintiffs

1.     Plaintiff Paul Dorr is a citizen of the United States and a resident of the State of Iowa, Osceola County. His address is 579 2nd Street, Ocheyedan, Iowa, 51354.

2.     Plaintiff Alexander Dorr is a citizen of the United States and a resident of the State of Iowa, Osceola County. His address is 579 2nd Street, Ocheyedan, Iowa, 51354.

### Defendants

3.     Defendant Douglas L. Weber is a law enforcement officer with the Osceola County, Iowa Sheriff's Department. At all times as stated within this complaint, Sheriff Weber acted in the capacity of agent, servant, and employee of the Osceola Sheriff's Department, and Osceola County. Sheriff Weber's office address is 309 6th Street, Sibley, Iowa, 51249.

4.     Defendant Osceola County is a governmental entity within the State of Iowa, and at all times as stated within this complaint, employs Douglas Weber as a law enforcement officer. Osceola County is responsible for the implementation of state statutes,

2

in particular policies governing the grant or denial of nonprofessional permits to carry a weapon. The address for Osceola County is 300 7th Street, Courthouse, Sibley, Iowa, 51249.

5.  At all times relevant to the allegations of this complaint, and in all actions described, the defendants acted under color of state law.

## CONSTITUTIONAL AND CODE PROVISIONS AT ISSUE

### First Amendment

6.  The First Amendment of the United States Constitution states:

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

### Second Amendment

7.  The Second Amendment of the United States Constitution states "… the right of the people to keep and bear Arms, shall not be infringed."

8.  The Second Amendment confers to an individual the right to keep and bear arms.

### Fourteenth Amendment

9.  The Fourteenth Amendment, Section 1 of the United States Constitution states "…nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny any person within its jurisdiction the equal protection of the laws."

10.  The Fourteenth Amendment confers to an individual the right to due process under the law and to equal protection under the laws.

3

## Iowa Codes

11. The Iowa Code section 724.7 provides for the issuance of permits to carry weapons within Iowa.

Iowa Code section 724.7 states:

> Any person who can reasonably justify going armed may be issued a nonprofessional permit to carry weapons. Such permits shall be on a form prescribed and published by the commissioner of public safety, which shall be readily distinguishable from the professional permit, and shall identify the holder thereof, and state the reason for the issuance of the permit, and the limits of the authority granted by such permit. All permits so issued shall be for a definite period as established by the issuing officer, but in no event shall exceed a period of twelve months.

12. The Iowa Code section 724.8 establishes the criteria for eligibility for a nonprofessional permit to carry weapons:

> No person shall be issued a professional or nonprofessional permit to carry weapons unless:
>
> 1. The person is eighteen years of age or older.
> 2. The person has never been convicted of a felony.
> 3. The person is not addicted to the use of alcohol or any controlled substances.
> 4. The person has no history of repeated acts of violence.
> 5. The issuing officer reasonably determines that the applicant does not constitute a danger to any person.
> 6. The person has never been convicted of any crime defined in chapter 708, except "assault" as defined in section 708.1 and "harassment" as defined in section 708.7.

## CLASS ALLEGATIONS

13. Under Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs Paul Dorr and Alexander Dorr (sometimes referred to as "the Dorrs") bring this action on their own behalf and on behalf of all others similarly situated.

4

14.    The class the Dorrs represent is composed of all individuals who have or will apply for a nonprofessional permit to carry a weapon under Iowa Code § 724.8, specifically those who have been denied a permit under Iowa Code § 724.8 (5).

15.    It is the Dorrs' belief that Iowa Code § 724.8 (5) is unconstitutional on its face and as applied infringing upon the rights of all citizens as embodied under the Second Amendment of the United States Constitution protecting the right to keep and bear arms, and under the Fourteenth Amendment of the United States Constitution, protecting the right to due process and to equal protection under the laws regardless of whether an individual has been granted or denied a permit.

16.    It is the Dorrs' belief that Iowa Code § 724.8 (5) is unconstitutional facially and as applied when this provision is invoked to deny a person a nonprofessional permit to carry a weapon thus infringing upon the rights of all citizens as embodied under the Second Amendment of the United States Constitution protecting the right to keep and bear arms, and under the Fourteenth Amendment of the United States Constitution protecting the right to due process and to equal protection under the laws.

17.    The Dorrs based on information and belief allege the Plaintiff Class numbers are in excess of hundreds of persons and is so numerous joinder of all members would be impracticable.  The size of the class and the identity of the class members are ascertainable through among other methods, the agencies and authorities responsible for granting or denying nonprofessional permits to carry weapons.

18.    Questions of law and fact common to the Plaintiff Class exist that predominate over questions affecting only individual members.

5

19. The claims asserted by the Dorrs in this action are typical of the claims of the members of the Plaintiff Class, the claims arising from the same course of conduct by the Defendants, and the relief sought is common.

20. The Dorrs will fairly and adequately represent and protect the interests of the Plaintiff Class. The Dorrs have retained competent and experienced counsel in both constitutional and class action litigation.

21. A class action is superior to other methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Because the relief sought is in the form of declaratory relief to redress and prevent constitutional wrongs affecting all members of the class, it would be impracticable for each member to individually seek redress for the wrongful conduct alleged in this complaint. There will be no undue difficulty in the management of this litigation as a class action.

## FACTS

**Paul Dorr is engaged in controversial public issues in Iowa exposing him to threats against him for holding or supporting certain views and opinions.**

22. Paul Dorr ("Dorr") is a citizen residing in Osceola County, Iowa.

23. Dorr is a community activist engaged in public discourse regarding issues some citizens would characterize as controversial.

24. Dorr also owns and operates a consulting business, Copperhead Consulting Services, that engages in activities to support other individuals, groups, associations, and other entities regarding but not exclusively, in political and election campaigns regarding controversial issues including but not limited to political, economic, or social issues.

6

25. Some of the public issues citizens may consider controversial include anti-abortion issues; school or government bond and ballot questions; the war on terrorism; and taxes.

26. Dorr also participates in presidential campaign contribution collections, requiring the transportation of money from one location to another, such as a bank.

27. Dorr, in his capacity as an individual or through his consulting business, has participated in public debates and meetings where citizens have threatened him with physical harm.

28. Dorr has observed at least one website blog which made reference to "shooting Paul Dorr."

29. Dorr provided to Sheriff Weber a copy of the observed website blog which made reference to "shooting Paul Dorr."

### Since 2001 the Sheriff's Department issued Dorr a permit to carry a weapon, but denied his permit application in 2007.

30. From 2001 to 2006, Paul Dorr had a nonprofessional permit to carry a weapon.

31. As required under Iowa law, Dorr renewed his permit each year since 2001.

32. Each year, Dorr made his application with the Osceola County Sherriff's Department.

33. In 2007, Dorr sought to renew his nonprofessional permit to carry a weapon with the Osceola County Sheriff's Department.

34. Sheriff Weber denied Dorr his permit and stated he will deny Dorr his permit each time he applies in the future.

### Sheriff had no factual or reasonable rationale to deny
### Dorr a nonprofessional permit to carry a weapon in 2007.

35.    On August 9, 2007 Paul Dorr met with Sheriff Douglas Weber at the same time as his denial to Dorr of his application for a nonprofessional permit to carry a weapon.

36.    During Dorr's discussion with Sheriff Weber on August 9, 2007, Weber stated he had a problem with Dorr's application for a nonprofessional permit to carry a weapon.

37.    Sheriff Weber stated that he had "heard different things from some of the citizens and there's some fear out there of [Dorr]."

38.    Sheriff Weber could not provide Dorr with any specific allegations from citizens that substantiated a sense of "fear" as Weber described.

39.    Sheriff Weber provided no documentation to support his statement to Dorr regarding hearing from citizens that "there's some fear out there of [Dorr]".

40.    Sheriff Weber provided no documentation reflecting any interview of any citizen he claimed made an allegation of "fearfulness" of Dorr.

41.    Sheriff Weber provided no documentation that he conducted an investigation of any kind of an allegation asserted by any citizen whom made an allegation he or she feared Dorr.

42.    Sheriff Weber stated to Dorr that he did not "feel comfortable issuing the permit" and did not "trust him."

### Debra Dorr is granted a permit in 2008.

43.    Dorr's wife, Debra Dorr, applied for a nonprofessional permit to carry a weapon in 2008.

44. Sheriff Weber granted Debra Dorr her a nonprofessional permit to carry a weapon.

**Paul Dorr sought a nonprofessional permit to
carry a weapon in 2008 but is denied the permit.**

45. Paul Dorr sought a nonprofessional permit to carry a weapon in 2008.

46. Sheriff Weber denied Dorr's requested permit.

47. Sheriff Weber did not provide a reason for Dorr's denial for a permit and stated he "would deny any new application from [him]."

**Dorr personally and through his consulting business
engaged in political challenges with the Osceola County
Sheriff's Department and the County Attorney's Office.**

48. Paul Dorr's consulting business engaged in political challenges with the Osceola County Sheriff's Department and the Osceola County Attorney's Office.

49. In 2006 and 2007, one of Dorr's consulting business clients challenged the Osceola County Sheriff's Department budget. The issue was considered a controversial political issue.

50. In 2006 and 2007, Dorr challenged the Osceola County Attorney's budget.

51. Osceola County has a population of approximately 6,500, the sixth smallest of 99 counties in Iowa.

52. Although the Osceola County attorney's office is also responsible for an area slightly larger than Osceola, the County Attorney is the fourth highest paid in the entire state of Iowa.

53. The amount paid to the County Attorney is controversial, particularly since Dorr has raised this political issue as a waste of taxpayer's money.

## Alexander Dorr sought a nonprofessional permit to carry a weapon in 2008 but is denied the permit.

54. Alexander Dorr sought a nonprofessional permit to carry a weapon in 2008.

55. Sheriff Weber denied Alexander Dorr's requested permit.

56. Sheriff Weber did not provide Alexander Dorr a reason for the denial of the requested permit.

57. Sheriff Weber stated he would "consider a new application from [Alexander Dorr] after his twenty-first birthday."

## COUNT I

### Against Sheriff Weber

**Sheriff Weber's denial to grant the Dorrs a nonprofessional permit to carry a weapon is a violation of due process.**

**(Violation of the Second and Fourteenth Amendments of the United States Constitution)**

**Sheriff Weber cannot provide Paul Dorr with documentation or other information to substantiate claims that citizens are fearful of Dorr.**

58. Paragraphs 1 through 57 are incorporated as if fully restated.

59. The Second Amendment of the United States Constitution confers to a person the right to keep and bear arms.

60. The Fourteenth Amendment of the United States Constitution protects an individual's right to due process.

61.     In August 2007, Sheriff Weber could not provide Paul Dorr with any specific allegations from citizens that they "feared" Dorr.

62.     In August 2007, Sheriff Weber provided Dorr no documentation to support any allegation that substantiated a claimed allegation that citizens "feared" Dorr.

63.     Sheriff Weber did not provide to Dorr supporting documentation or other information to suggest he interviewed any person or obtained any witness statement, recording, other communication, or documentation to substantiate that citizens "feared" Dorr.

64.     Sheriff Weber stated to Dorr that he did not "feel comfortable issuing the permit" and did not "trust him."

### Dorr met all criteria under Iowa Code § 724.8 to be granted a nonprofessional permit to carry a weapon.

65.     Under Iowa Code § 724.7 when an individual justifies the need to be armed a nonprofessional permit to carry a weapon to be issued.

66.     Iowa Code §724.8 establishes the criteria to identify a person eligible for a nonprofessional permit to carry weapons.

67.     Under Iowa Code § 724.8, a nonprofessional permit to carry a weapon cannot be issued unless all established six criteria are met.

68.     If an individual meets all of the criteria established under Iowa Code § 724.8 that person is entitled to a nonprofessional permit to carry a weapon.

69.     Under Iowa Code § 724.8 (1) Dorr is over eighteen years of age.

70.     In 2007 and 2008, Dorr met the criteria under Iowa Code § 724.8 (1).

71. Under Iowa Code § 724.8 (2) Dorr has never been convicted of a felony.

72. In 2007 and 2008, Dorr met the criteria under Iowa Code § 724.8(2).

73. Under Iowa Code § 724.8 (3) Dorr is not addicted to the use of alcohol or any controlled substance.

74. In 2007 and 2008, Dorr met the criteria under Iowa Code § 724.8(3).

75. Under Iowa Code § 724.8 (4) Dorr has no history of repeated acts of violence.

76. In 2007 and 2008, Dorr met the criteria under Iowa Code § 724.8(4).

77. Under Iowa Code § 724.8 (5) the issuing officer has made no reasonable determination that Dorr constitutes a danger to any person.

78. In 2007 and 2008 Dorr met the criteria under Iowa Code § 724.8(5).

79. Under Iowa Code § 724.8 (6) Dorr has never been convicted of any crime defined in Iowa chapter 708.

80. In 2007 and 2008 Dorr met the criteria under Iowa Code § 724.8 (6).

### Dorr's engagement in controversial political issues and threats made against him substantiated a need for a nonprofessional permit to carry a weapon.

81. Sheriff Weber knew that Dorr engages in controversial political issues, including but not limited to public discourse, advertising, petitioning, attending public debates and meetings, and advocating particular viewpoints in opposition to other citizen views or beliefs.

82. Sheriff Weber knew that some citizens have opposing views to those of Dorr.

83. Sheriff Weber knew that Dorr has a consulting business that involves working with citizens involved in controversial political issues.

84.     Sheriff Weber knew that some citizens oppose Dorr's advocacy of issues through his consulting business.

**Sheriff Weber gave no reason to deny Dorr a permit in 2007 and 2008.**

85.     In 2007 Sheriff Weber stated that he did not "feel comfortable issuing the permit" to Dorr.

86.     Sheriff Weber in 2007 and 2008 denied Dorr a permit for a nonprofessional permit to carry a weapon.

87.     Sheriff Weber in 2007 and 2008 could not articulate a reason to substantiate a "reasonable determination" to deny Dorr a nonprofessional permit to carry a weapon.

88.     Sheriff Weber in 2007 and 2008 did not articulate a reason to substantiate a "reasonable determination" to deny Dorr a nonprofessional permit to carry a weapon.

**Sheriff Weber denied Alexander Dorr a nonprofessional**
**permit to carry a weapon and declared consideration**
**of a new application only after his 21st birthday.**

89.     Alexander Dorr sought a nonprofessional permit to carry a weapon in 2008 but Sheriff Weber denied the requested permit.

90.     Sheriff Weber did not provide Alexander Dorr a reason for the denial of the requested permit.

91.     Sheriff Weber stated he would "consider a new application from [Alexander Dorr] after his twenty-first birthday."

## Alexander Dorr met all criteria under Iowa Code § 724.8 to be granted a nonprofessional permit to carry a weapon.

92. Under Iowa Code § 724.7 when an individual justifies the need to be armed a nonprofessional permit to carry a weapon is issued.

93. Iowa Code §724.8 establishes the criteria to identify a person eligible for a nonprofessional permit to carry weapons.

94. Under Iowa Code § 724.8, a nonprofessional permit to carry a weapon cannot be issued unless all established six criteria are met.

95. If an individual meets all of the criteria established under Iowa Code § 724.8 that person is entitled to a nonprofessional permit to carry a weapon.

96. Under Iowa Code § 724.8 (1) Alexander Dorr is over eighteen years of age.

97. In 2008 Alexander Dorr met the criteria under Iowa Code § 724.8 (1).

98. Under Iowa Code § 724.8 (2) Alexander Dorr has never been convicted of a felony.

99. In 2008 Alexander Dorr met the criteria under Iowa Code § 724.8(2).

100. Under Iowa Code § 724.8 (3) Alexander Dorr is not addicted to the use of alcohol or any controlled substance.

101. In 2008 Alexander Dorr met the criteria under Iowa Code § 724.8(3).

102. Under Iowa Code § 724.8 (4) Alexander Dorr has no history of repeated acts of violence.

103. In 2008 Alexander Dorr met the criteria under Iowa Code § 724.8(4).

104. Under Iowa Code § 724.8 (5) the issuing officer has made no reasonable determination that Alexander Dorr constitutes a danger to any person.

105. In 2008 Alexander Dorr met the criteria under Iowa Code § 724.8(5).

106. Under Iowa Code § 724.8 (6) Alexander Dorr has never been convicted of any crime defined in Iowa chapter 708.

107. In 2008 Alexander Dorr met the criteria under Iowa Code § 724.8 (6).

### Sheriff Weber acted illegally and denied the Dorrs due process and in so doing violated their right to keep and bear arms.

108. Sheriff Weber's denial to grant the Dorrs a nonprofessional permit to carry a weapon is an illegal act.

109. Sheriff Weber's decisions against the Dorrs were arbitrary and unreasonable, not authorized by, contrary to the terms, and spirit, and purpose of Iowa Code § 724.8, unsupported by the facts on which the Sheriff's power to act depends, or within which the power must be exercised.

110. Sheriff Weber's decisions to deny the Dorrs a nonprofessional permit to carry a weapon without a "reasonable determination" violated the Dorrs' constitutional right to due process under the law as protected under the Fourteenth Amendment of the United States Constitution.

111. Sheriff Weber's decisions to deny the Dorrs a nonprofessional permit to carry a weapon without a "reasonable determination" violated the Dorrs' constitutional right to keep and bear arms as protected under the Second Amendment of the United States Constitution.

112. As a result of Sheriff Weber's action, the Dorrs have suffered damages and this Court should grant all relief entitled to them under 42 U.S.C. § 1983.

## COUNT II

### Against Osceola County

### (Violation of the Second and Fourteenth Amendments of the United States Constitution)

### Infringement of the Dorrs' right to due process and to keep and bear arms.

113. Paragraphs 1 through 112 are incorporated as if fully·restated.

114. Sheriff Weber, acting as an agent and on behalf of the defendant Osceola County, within his scope of his employment, did violate the Dorrs right to due process under the Fourteenth Amendment of the United States.

115. Sheriff Weber, acting as an agent and on behalf of the defendant Osceola County, within his scope of his employment, did violate the Dorrs right to keep and bear arms under the Second Amendment of the United States.

116. Osceola County is responsible for the actions of Sheriff Weber as an employee and agent of the Osceola County designated Sheriff Weber as the issuing officer to grant or deny nonprofessional permits to carry weapons.

117. Osceola County denied the Dorrs due process of law when the Dorrs were denied a nonprofessional permit to carry a weapon under Iowa Code § 724.8 in 2007, for Paul Dorr, and 2008 for both Dorrs, as a result of the policies of the Osceola County Sheriff's Department as applied to the Dorrs.

118. Policies implemented through the Osceola County Sheriff's Department is reflective of Osceola County policies regarding granting or denying nonprofessional permits to carry weapons.

16

119.    The policies of Osceola County are executed through the Sheriff's Department and through Sheriff Weber on behalf of Osceola County regarding the granting or denial of nonprofessional permits to carry weapons.

120.    As a result of Osceola County actions, the Dorrs have suffered damages as a result the infringement of their constitutional rights under the Second and Fourteenth Amendments of the United States Constitution, this Court should grant all relief entitled to them under 42 U.S.C. § 1983.

## COUNT III

### Against Sheriff Weber

### Violation of the First Amendment

**Sheriff Weber's denial to grant Dorr a nonprofessional permit to carry a weapon based on his association with a taxpayers group violated Dorr's First Amendment rights.**

121. Paragraphs 1 through 120 are incorporated s if fully reinstated.

122. Sheriff Weber is an issuing officer in Osceola County for denying or granting nonprofessional permits to carry weapons.

123. Sheriff Weber does grant nonprofessional permits to carry weapons to persons if they meet the criteria established under Iowa Code § 724.8.

124.    Sheriff Weber did grant to persons nonprofessional permits to carry weapons in 2007.

125.    Sheriff Weber did grant to persons nonprofessional permits to carry weapons in 2008.

126. From 2001-2006, Osceola County and the Osceola Sheriff's Department through Sheriff Weber and his predecessor, did grant Paul Dorr a nonprofessional permit to carry weapons on a yearly basis because he met the criteria under Iowa Code § 724.8.

127. Sheriff Weber in 2007 and 2008 denied Dorr a permit for a nonprofessional permit to carry a weapon.

### Dorr's association with the Osceola County Taxpayers Association

128. There exists an association known as the Osceola County Taxpayers Association ("OCTA"). Its principal place of business is in Sibley, Iowa.

129. The OCTA is an association of individuals.

130. The OCTA's stated purpose is that it believes government exists to provide basic services at a reasonable cost to the residents of the community; that government should be accountable to the taxpayer for the level of service provided, the way it provides these services and for the cost of these services. The OCTA seeks to assist both the taxpayer and the government entity to first: identify problems, second come up with solutions for problems, and finally, provide a flow of information to and from the taxpayer to ensure these solutions are pursued and accountability maintained.

131. The OCTA also has developed a variety of means to achieve its stated purpose. These include:

    1. Identify problems and priority issues;

    2. Explore solutions;

    3. Provide information;

    4. Encourage government leaders to pursue necessary changes;

5. Seek out office holders with similar goals and purposes;

6. Find common ground with those who oppose our views to identify, and when necessary, expose their reasons and motives;

7. Ensure financial viability of local governments by pursuing frugal spending options;

8. Conduct open, honest and courteous debate with all parties involved ie. tax payers, leaders, media, employees; and

9. Make sure costs of government (including labor) reflect community values, community levels, meaning reflective of the level of responsibility and the population of the entity being served.

132. Paul Dorr is an independent contractor and sole owner of Copperhead Consulting Services located in Ocheyedan, Iowa.

133. Dorr provides associations, organizations, and citizen groups with services to assist with campaigns or dissemination of information to the public regarding the purpose or goals of that particular organization.

134. The OCTA has engaged the services of Dorr to promote the goals of OCTA since 2007.

135. Dorr did provide OCTA services. The services included, but not limited to, researching topics of interest; maintaining the OCTA's website; writing position papers; writing newsletters, flier, pamphlets, and other materials as a means to assist the OCTA achieve its goals.

136. The OCTA engages in legal activities. Dorr assists with OCTA's engagement in legal activities.

137. The OCTA engages in the legitimate promotion of political, social, economic, and educational ends. Dorr assists in OCTA's legitimate promotion of political, social, economic, and educational ends.

138. The OCTA activities include the petitioning of government for redress of grievances. Dorr assists the OCTA with petitioning the government for the redress of grievances.

**First Amendment of the United States Constitution protects freedom of speech and the right of association.**

139. The freedom of speech is a protected right under the First Amendment.

140. Although the First Amendment does not explicitly refer to freedom of association, it is implicit in the right to engage in activities protected by the First Amendment a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends.

141. Freedom of association permits individuals to associate for lawful purposes and provides a right to join with others to pursue goals independently protected by the First Amendment.

142. Dorr's association through his employment with OCTA also aligns with his personal beliefs regarding the goals of the OCTA in the engagement of legal and legitimate activities to promote political, social, economic, educational, and cultural ends as they relate to the OCTA's stated purpose as an organization.

143.    Sheriff Weber admitted that he denied Paul Dorr a permit to carry a nonprofessional weapon under Iowa Code § 724.8 because of Dorr's affiliation with the OCTA.

144.    Sheriff Weber admitted he denied Paul Dorr a permit to carry a nonprofessional weapon under Iowa Code § 724.8 in part because of Dorr's sending out letters to the editor, making e-mail communications, placing fliers or having fliers placed on doors and cars, and for handing out brochures.

145.    Sheriff Weber admitted he denied Paul Dorr a permit to carry a nonprofessional weapon under Iowa Code § 724.8 because of Dorr's local activities to redress the government for grievances.

146.    Since Paul Dorr met all criteria to obtain a nonprofessional weapon permit under Iowa Code § 724.8, he had a justifiable expectation of obtaining the permit, but for Sheriff Weber's denials based upon Dorr's  free speech and association activities.

147.    That Sheriff Weber's denial of a nonprofessional weapon permit under Iowa Code § 724.8 based on Paul Dorr's free speech and association activities, Weber has created an atmosphere of self-censorship in the first instance, and further inhibits the right of association.

148.    Sheriff Weber's decisions to deny Paul Dorr a nonprofessional permit to carry a weapon under Iowa Code § 724.8 violated his First Amendment rights of the United States Constitution.

149.    As a result of Sheriff Weber's action, Paul Dorr has suffered damages, including damages under § 1983.

150.     As a result of Sheriff Weber's action, this Court should declare Iowa Code §
724.8 (5) as unconstitutionally vague.

151.     This Court should enjoin Sheriff Weber and his successors from denying a
person a nonprofessional permit to carry a weapon under Iowa Code § 724.8(5) on the basis
of protected rights of speech and association under the First Amendment of the United
States Constitution.

## COUNT IV

### Against Sheriff Weber

**Sheriff Weber's denials to grant Dorr a nonprofessional permit to
carry a weapon violated his right to equal protection**

**(Violation of the Second and Fourteenth Amendments
of the United States Constitution)**

**Sheriff Weber granted a nonprofessional permit to carry weapons
to individuals including Paul Dorr's wife Debra Dorr.**

152.     Paragraphs 1 through 151 are incorporated as if fully restated.

153.     Sheriff Weber is an issuing officer in Osceola County for denying or granting
nonprofessional permits to carry weapons.

154.     Sheriff Weber does grant nonprofessional permits to carry weapons to
persons if they meet the criteria established under Iowa Code § 724.8.

155.     Sheriff Weber did grant to persons nonprofessional permits to carry weapons
in 2007.

156.     Sheriff Weber did grant to persons nonprofessional permits to carry weapons
in 2008.

157.     From 2001-2006, Osceola County and the Osceola Sheriff's Department through Sheriff Weber and his predecessor, did grant Paul Dorr a nonprofessional permit to carry weapons on a yearly basis because he met the criteria under Iowa Code § 724.8.

158.     Debra Dorr, wife of Paul Dorr, did meet the criteria established under Iowa Code § 724.8.

159.     Sheriff Weber granted to Debra Dorr a nonprofessional permit to carry a weapon in 2008.

### Sheriff Weber gave no reason to deny Paul Dorr a permit to carry a weapon in 2007 and 2008.

160.     In 2007 Sheriff Weber stated that he did not "feel comfortable issuing the permit" to Paul Dorr and denied him the requested nonprofessional permit to carry a weapon.

161.     Sheriff Weber in 2008 again, denied Dorr a permit for a nonprofessional permit to carry a weapon.

162.     Sheriff Weber in 2007 and 2008 did not provide a "reasonable determination" articulated as a reason to deny Dorr a nonprofessional permit to carry a weapon.

### Sheriff Weber gave no reason to deny Alexander Dorr a permit to carry a weapon in 2008.

163.     Sheriff Weber in 2008 denied Alexander Dorr a permit for a nonprofessional permit to carry a weapon.

164.     Sheriff Weber stated he would "consider a new application from [Alexander Dorr] after his twenty-first birthday."

165.     Sheriff Weber in 2008 did not provide a "reasonable determination"

articulated as a reason to deny Alexander Dorr a nonprofessional permit to carry a weapon.

## Sheriff Weber acted illegally and denied the
## Dorrs  equal protection under the law.

166.     Sheriff Weber's denial to grant the Dorrs a nonprofessional permit to carry a

weapon is an illegal act.

167.     Sheriff Weber's decisions against the Dorrs were arbitrary and unreasonable,

not authorized by, contrary to the terms, and spirit, and purpose of Iowa Code § 724.8,

unsupported by the facts on which the Sheriff's power to act depends, or within which the

power must be exercised.

168.     Sheriff Weber's decisions to deny the Dorrs a nonprofessional permit to carry

a weapon while granting a permit to others who also meet the criteria established under Iowa

Code § 724.8 is unequal treatment under the law.

169.     Sheriff Weber's decisions to deny the Dorrs a nonprofessional permit to carry

a weapon while granting a permit to others who also meet the criteria established under Iowa

Code § 724.8 are violations of the Dorrs' constitutional right to equal protection under the

Fourteenth Amendment of the United States Constitution.

170.     Sheriff Weber's decisions to deny the Dorrs a nonprofessional permit to carry

a weapon while granting a permit to others who also meet the criteria established under Iowa

Code § 724.8 are violations of the Dorrs' constitutional right to keep and bear arms under

the Second Amendment of the United States Constitution.

171. As a result of Sheriff Weber's actions infringing upon the constitutional rights of the Dorrs under the Second and Fourteenth Amendments of the United States Constitution has resulted in the Dorrs suffering damages and this Court should grant all relief entitled to them under 42 U.S.C. § 1983.

## COUNT V

### Against Osceola County

### (Violation of the First, Second, and Fourteenth Amendments of the United States Constitution)

### Infringement of the Dorrs' right to equal protection under the law.

172. Paragraphs 1 through 171 are incorporated as if fully restated.

173. The Dorrs were denied nonprofessional permits to carry weapons under Iowa Code § 724.8.

174. Sheriff Weber, acting as an agent and on behalf of the defendant Osceola County, within his scope of his employment, did violate the Dorrs' right to equal protection under the Fourteenth Amendment of the United States.

175. Osceola County designated Sheriff Weber as the issuing officer to grant or deny nonprofessional permits to carry weapons.

176. Policies implemented through the Osceola County Sheriff's Department are reflective of Osceola County policies regarding granting or denying nonprofessional permits to carry weapons.

177. The policies of Osceola County are executed through the Sheriff's Department and through Sheriff Weber on behalf of Osceola County regarding the granting or denial of nonprofessional permits to carry weapons.

178. As a result of Osceola County actions the Dorrs have suffered damages due to the infringement of their First, Second, and Fourteenth Amendment rights under the United States Constitution, and this Court should grant all relief entitled to him under 42 U.S.C. § 1983.

179. As a result of the Osceola County actions against Paul Dorr, the County should be enjoined from the denial of nonprofessional weapon permits under Iowa Code § 724.8(5) on the basis of an individuals exercise of free speech and association as protected in the First Amendment of the United States Constitution.

## COUNT VI

**Declaratory Judgment invalidating Iowa Code provision as
overly broad and vague governing determinations to
a nonprofessional permit to carry a weapon.**

**Infringement of the First Amendment Right to Free Speech and to Association**

**(Violation of the First Amendment of the United States Constitution)**

180. Paragraphs 1 through 179 are incorporated as if fully restated.

181. Paul Dorr applied for a nonprofessional permit to carry a weapon under Iowa Code § 724.8.

182. Iowa Code § 724.8 identifies six criteria to allow the issuing of a nonprofessional permit to carry weapons.

183.    Paul Dorr met all the requirements under Iowa Code § 724.8 in 2007 and 2008.

184.    Sheriff Weber denied Paul Dorr in 2007 and 2008 a nonprofessional permit to carry a weapon.

185.    Sheriff Weber denied Paul Dorr a nonprofessional permit to carry a weapon in 2007 and 2008 without providing a reason or provided documentation to support his reason for the denial.

186.    Sheriff Weber denied Paul Dorr a nonprofessional permit to carry a weapon under Iowa Code § 724.8 (5): "The issuing officer reasonably determines that the applicant does not constitute a danger to any person."

187.    Sheriff Weber's denial of a nonprofessional permit to carry a weapon under Iowa Code § 724.8 (5) meant Paul Dorr is a danger to a person or persons.

188.    The First Amendment protects an individual's right to free speech and the right of association.

189.    Iowa Code § 724.8 (5) term "[t]he issuing officer reasonably determines that the applicant does not constitute a danger to any person" is unconstitutionally vague and overbroad.

190.    There is a substantial controversy between the parties.

191.    The parties have adverse legal interests concerning the implementation and execution of Iowa Code § 724.8 and the constitutional rights identified under the First Amendment of the United States Constitution.

192.     The parties have adverse legal interests concerning the implementation and execution of Iowa Code § 724.8 and the constitutional rights identified under the First Amendment of the United States Constitution, namely the right to free speech and association.

193.     Iowa Code § 724.8 (5) is unconstitutional as applied because Iowa does not have a compelling state interest or a reasonable interest in penalizing a person's right to keep and bear arms through denials of permits when juxtaposed with the code's legitimate sweep as specifically delineated under Iowa Code § 724.8 (1)- (4) and (6) on the basis of an individual exercising his or her First Amendment rights to free speech and association.

194.     Iowa Code § 724.8 (5) is unconstitutionally overbroad as applied because it is not narrowly tailored to meet a compelling state interest.  Failing to incorporate an objective standard to avoid the ambiguity of subjective standards, in contrast to objective standards demonstrated in § 724.8 (1)- (4) and (6), a person will not know under what conduct he or she will be judged under the protections afforded under the First Amendment of free speech and association, thereby threatening to inhibit the exercise of those rights when seeking the statutory right to apply for a nonprofessional carry a weapon permit under Iowa Code § 724.8.

195.     Iowa Code § 724.8 (5) is unconstitutionally vague as applied.  Iowa does not have a compelling state interest in penalizing a person's right to free speech and to association under the First Amendment  when the code is so ambiguous if fails to convey with certainty the code's intended sweep since it does not allow a person to understand the conduct on which he or she will be judged.  The application of the § 724.8 (5) thereby

threatens to inhibit the exercise of the constitutionally protected right to free speech and association as contemplated under the First Amendment.

196. Paul Dorr is entitled to a declaration finding Iowa Code § 724.8 (5) unconstitutional as applied.

## COUNT VII

### Declaratory Judgment invalidating Iowa Code provision as overly broad and vague governing determinations to a nonprofessional permit to carry a weapon.

### Infringement of Second Amendment Right to Keep and Bear Arms

### (Violation of the Second Amendment of the United States Constitution)

197. Paragraphs 1 through 196 are incorporated as if fully restated.

198. Paul Dorr and Alexander Dorr applied for a nonprofessional permit to carry a weapon under Iowa Code § 724.8.

199. Iowa Code § 724.8 identifies six criteria to allow the issuing of a nonprofessional permit to carry weapons.

200. The Dorrs met all the requirements under Iowa Code § 724.8.

201. Sheriff Weber denied Paul Dorr in 2007 and 2008 a nonprofessional permit to carry a weapon.

202. Sheriff Weber denied Paul Dorr a nonprofessional permit to carry a weapon in 2007 and 2008 without providing a reason or provided documentation to support his reason for the denial.

203.     Sheriff Weber denied Paul Dorr a nonprofessional permit to carry a weapon under Iowa Code § 724.8 (5): "The issuing officer reasonably determines that the applicant does not constitute a danger to any person."

204.     Sheriff Weber's denial of a nonprofessional permit to carry a weapon under Iowa Code § 724.8 (5) meant Paul Dorr is a danger to a person or persons.

205.     Sheriff Weber denied Alexander Dorr a nonprofessional permit to carry a weapon in 2008.

206.     Sheriff Weber stated he would "consider a new application from [Alexander Dorr] after his twenty-first birthday."

207.     Sheriff Weber in 2008 did not provide a "reasonable determination" articulated as a reason to deny Alexander Dorr a nonprofessional permit to carry a weapon.

208.     The Second Amendment confers an individual right to keep and bear arms.

209.     Iowa Code § 724.8 (5) term "[t]he issuing officer reasonably determines that the applicant does not constitute a danger to any person" is unconstitutionally vague and overbroad.

210.     There is a substantial controversy between the parties.

211.     The parties have adverse legal interests concerning the implementation and execution of Iowa Code § 724.8 and the constitutional rights identified under the Fourteenth Amendment of the United States Constitution, namely due process of law and equal protection of the laws.

212.    The parties have adverse legal interests concerning the implementation and execution of Iowa Code § 724.8 and the constitutional right identified under the Second Amendment of the United States Constitution, namely the right to keep and bear arms.

213.    Iowa Code § 724.8 (5) is facially unconstitutional as overbroad because Iowa does not have a compelling state interest in penalizing a person's right to keep and bear arms through denials of permits when juxtaposed with the code's legitimate sweep as specifically delineated under Iowa Code § 724.8 (1)- (4) and (6).

214.    Iowa Code § 724.8 (5) is unconstitutionally overbroad as applied because it is not narrowly tailored to meet a compelling state interest.  Failing to incorporate an objective standard to avoid the ambiguity of subjective standards, in contrast to objective standards demonstrated in § 724.8 (1)- (4) and (6), a person will not know under what conduct he or she will be judged thereby threatening to inhibit the exercise of the constitutionally protected right to carry a weapon under Iowa Code § 724.8 as contemplated under the Second Amendment.

215.    Iowa Code § 724.8 (5) is unconstitutionally vague.  Iowa does not have a compelling state interest in penalizing a person's right to keep and bear arms through permit denials when the code is so ambiguous if fails to convey with certainty the code's intended sweep since it does not allow a person to understand the conduct on which he or she will be judged.  The application of the § 724.8 (5) thereby threatens to inhibit the exercise of the constitutionally protected right to carry a weapon under Iowa Code § 724.8 as contemplated under the Second Amendment.

216. The Dorrs are entitled to a declaration finding Iowa Code § 724.8 (5) unconstitutional.

## JURY TRIAL DEMANDED

217. Paragraphs 1-213 are incorporated as if restated.

218. The Dorrs demand a jury trial on all allegations and claims asserted in this case.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Paul Dorr respectfully prays for judgment and relief from this Court:

1. That this Court certify the class as described in this Complaint;

2. That Defendant Sheriff Douglas L. Weber, a Sheriff of the Osceola County Sheriff's Department, violated Paul Dorr's and Alexander Dorr's constitutional rights to due process as protected under the Fourteenth Amendment of the United States Constitution;

3. That Defendant Sheriff Douglas L. Weber, a Sheriff of the Osceola County Sheriff's Department, violated Paul Dorr's and Alexander Dorr's constitutional rights to equal protection of the law as protected under the Fourteenth Amendment of the United States Constitution;

4. That Defendant Sheriff Douglas L. Weber, a Sheriff of the Osceola County Sheriff's Department, denied Paul Dorr and Alexander Dorr nonprofessional permits to carry a weapon thereby denying their Second Amendment rights to

keep and bear arms under Iowa Code § 724.8 as contemplated under the United States Constitution;

5. That the Defendant Osceola County violated Paul Dorr's and Alexander Dorr's constitutional rights to due process as protected under the Fourteenth Amendment of the United States Constitution;

6. That the Defendant Osceola County violated Paul Dorr's and Alexander Dorr's constitutional rights to equal protection as protected under the Fourteenth Amendment of the United States Constitution;

7. That the Defendant Osceola County violated Paul Dorr's and Alexander Dorr's Second Amendment rights to bear arms as contemplated under the United States Constitution;

8. That the Defendant Sheriff Weber violated Paul Dorr's First Amendment rights of free speech and association;

9. That the Defendant Osceola County violated Paul Dorr's First Amendment rights of free speech and association;

10. That this Court declares Iowa Code § 724.8 (5) unconstitutional under the United States Constitution;

11. That Paul Dorr and Alexander Dorr are entitled to nonprofessional permits to carry a weapon under Iowa Code § 724.8;

12. That this Court direct Sheriff Weber of the Osceola County Sheriff's Department or his successor to immediately issue a nonprofessional permit to carry a weapon to Paul Dorr and Alexander Dorr;

13. That Plaintiffs Paul Dorr and Alexander Dorr are entitled to all attorney fees and costs under 23 U.S.C. §§ 1983, 1988, or any other statute allowed by law; and

14. For such other relief as this Court may deem just and equitable, including any injunctive relief deemed necessary to ensure rights protected under the United States Constitution as delineated are no longer violated nor will be violated by either Osceola County or Sheriff Weber of the Osceola County Sheriff's Department or his successors.

**MOHRMAN & KAARDAL, P.A.**

Dated: January 3, 2010

s/Vincent J. Fahlander
Vincent J. Fahnlander
Erick G. Kaardal
33 South Sixth Street, Suite 4100
Minneapolis, Minnesota 55402
Telephone: 612-341-1074
Facsimile: 612-341-1076
Fahnlander@mklaw.com
Kaardal@mklaw.com

*Attorneys for Plaintiffs*

Copy to:

Douglas L. Phillips
Klass Law Firm, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA 51106

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing instrument
was served upon all parties to the above cause to each of
the attorneys of record herein at their respective addresses
disclosed on the pleading on January 4, 2010
By: _____ U.S. Mail _____ facsimile
_____ Hand delivered _____ Overnight courier
_____ Other _____ X ECF
Signature _Vincent J. Fahnlander_

34