IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| PAUL DORR, AND ALEXANDER DORR, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED,<br><br>    Plaintiffs,<br><br>vs.<br><br>DOUGLAS L. WEBER, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF, AND HIS SUCCESSORS, THE OSCEOLA COUNTY SHERIFFS DEPARTMENT, IOWA, AND OSCEOLA COUNTY, IOWA,<br><br>    Defendants. | NO.  5:08-cv-040903-MWB<br><br><br>**DOUGLAS WEBER AND OSCEOLA COUNTY'S<br>ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**MOTION TO STRIKE CERTAIN PORTIONS OF THE SECOND AMENDED COMPLAINT**<br><br>**AND**<br><br>**JURY DEMAND** |

COME NOW Defendants Douglas Weber, Individually and in his Capacity as Sheriff, and Osceola County, Iowa, and for their Answer to Plaintiffs' Second Amended Complaint, state:

These Defendants deny the allegations contained in the Table of Contents on pp. i-iv of the Second Amended Complaint and move to strike the designation as a "Class Action" for the reason that Plaintiffs have failed to comply with any of the requirements of LR 23.

## INTRODUCTION

These Defendants deny the allegations in Plaintiffs' unnumbered Introductory paragraphs.

## JURSIDICTION

These Defendants admit that this Court has jurisdiction over the parties and the subject matter. These Defendants admit that venue is proper in this Court.  The remainder of

Plaintiffs' Jurisdiction paragraph is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

**PARTIES**

**Plaintiffs**

1.      Paragraph 1 is admitted.

2.      Paragraph 2 is admitted.

**Defendants**

3.      These Defendants admit that Douglas L. Weber is the duly elected sheriff of Osceola County and that the actions he has taken with respect to Plaintiffs were taken in his capacity as sheriff. These Defendants admit that Sheriff Weber's office address is as stated in the Second Amended Complaint. The remainder of paragraph 3 is denied.

4.      These Defendants admit that Osceola County is a governmental entity within the State of Iowa and that its address is as stated in the Second Amended Complaint. The remainder of paragraph 5 is denied.

5.      These Defendants admit that the actions taken by Sheriff Weber with respect to Plaintiffs were taken under color of state law, but deny that they took the actions alleged by Plaintiffs. The remainder of paragraph 6 is denied.

**CONSTITUTIONAL AND CODE PROVISIONS AT ISSUE**

**First Amendment**

6.      Paragraph 6 is admitted.

**Second Amendment**

7.     These Defendants admit that the phrase quoted in the Second Amended Complaint is contained in the full text of the Second Amendment to the United States Constitution.

8.     These Defendants admit that the Second Amendment has been interpreted by some Courts in the manner alleged in the Second Amended Complaint, but deny that these interpretations give Plaintiffs the right to secure a permit as alleged in the Second Amended Complaint.

**Fourteenth Amendment**

9.     These Defendants admit that the phrase quoted in the Second Amended Complaint is contained in the full text of the Fourteenth Amendment to the United States Constitution, in Section 1.

10.     These Defendants admit that the Fourteenth Amendment confers to individuals the right to due process under the law and equal protection under the laws, but deny that Plaintiffs were deprived of their rights under the Fourteenth Amendment.

**Iowa Codes**

11.     These Defendants admit that Iowa Code § 724.7 governs the issuance of non-professional permits to carry weapons in the State of Iowa; and that the text of § 724.7 is accurately set forth in paragraph 11 of the Second Amended Complaint.  The remainder of paragraph 11 is denied.

12.     Defendants admit that the text of Iowa Code § 724.8 is accurately set forth in paragraph 12 of the Second Amended Complaint. Defendant admits that this provision of the

Code sets out eligibility criteria for issuance of a nonprofessional permit to carry weapons in the State of Iowa. Defendants deny that these are the only criteria.

## CLASS ALLEGATIONS

Defendants move to strike paragraphs 13-21 of the Second Amended Complaint for the reason that Plaintiffs have done nothing to comply with the Class Action requirements of LR 23.

13.     Paragraph 13 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted. These Defendants deny that there are any others who are similarly situated.

14.     Paragraph 14 is denied.

15.     Paragraph 15 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

16.     Paragraph 16 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

17.     Paragraph 17 is denied.

18.     Paragraph 18 is denied. The only fact common to members of the purported class is the fact that they may have been denied a permit by Sheriff Weber. The reasons for denial are unique to the individual applicant(s), and thus, the purported class has little in common.

19.     Paragraph 19 is denied.

20.     Paragraph 20 is denied. This case has been pending since October of 2008 and Plaintiffs have done nothing to comply with the Class Action requirements of LR 23.

21.     Paragraph 21 is denied.

## FACTS

### Paul Dorr is engaged in controversial public issues in Iowa exposing him to threats against him for holding or supporting certain views and opinions

These Defendants deny the introductory allegations in this section of the Second Amended Complaint.

22.     Paragraph 22 is admitted.

23.     Paragraph 23 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

24.     Paragraph 24 is admitted.

25.     Paragraph 25 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

26.     Paragraph 26 is denied.

27.     Paragraph 27 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

28.     Paragraph 28 is admitted.

29.     Paragraph 29 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

### Since 2001 the Sheriff's Department issued Dorr a permit to carry a weapon, but denied his permit application in 2007

These Defendants have no information for the years 2001-2004, and accordingly, the introductory allegations preceding paragraph 30 of the Second Amended Complaint are denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted. The introductory allegations preceding paragraph 30 of the Second Amended Complaint are admitted with respect to the years 2005, 2006 and 2007.

KLASS LAW FIRM,
L.L.P.

5

30.     These Defendants have no information for the years 2001-2004, and accordingly, that portion of paragraph 30 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted. Paragraph 30 is admitted with respect to the years 2005 and 2006.

31.     These Defendants have no information for the years 2001-2004, and accordingly, that portion of paragraph 31 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted. Paragraph 31 is admitted with respect to the years 2005 and 2006.

32.     These Defendants have no information for the years 2001-2004, and accordingly, that portion of paragraph 32 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted. Paragraph 32 is admitted with respect to the years 2005 and 2006.

33.     Paragraph 33 is admitted.

34.     Defendants admit that Sheriff Weber denied Paul Dorr a concealed carry permit in 2007.  The remainder of paragraph 34 is denied.

**Sheriff had no factual or reasonable rationale to deny
Dorr a nonprofessional permit to carry a weapon in 2007**

These Defendants deny the introductory allegations preceding paragraph 35 of the Second Amended Complaint.

35.     Paragraph 35 is admitted.

36.     Paragraph 36 is admitted.

37.     Paragraph 37 is admitted.

38.     Paragraph 38 is denied.

39.     Paragraph 39 is admitted.

40.    Paragraph 40 is admitted.

41.    Paragraph 41 is admitted.

42.    These Defendants deny that the quoted statements were made to Dorr but admit that Sheriff Weber made these statements.

### Debra Dorr is granted a permit in 2008

These Defendants admit the introductory statement preceding paragraph 43.

43.    Paragraph 43 is admitted.

44.    Paragraph 44 is admitted.

### Paul Dorr sought a nonprofessional permit to carry
### a weapon in 2008 but is denied the permit

These Defendants deny the introductory statement preceding paragraph 45.

45.    Paragraph 45 is denied.  Defendants admit that he applied in 2007.

46.    Paragraph 46 is denied.  Defendants admit that he applied in 2007.

47.    Paragraph 47 is denied.

### Dorr personally and through his consulting business
### engaged in political challenges with the Osceola County
### Sheriff's Department and the County Attorney's Office

These Defendants deny the introductory allegations preceding paragraph 48 for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

48.    Paragraph 48 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

49.    Paragraph 49 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

50.    Paragraph 50 is admitted.

51.     Paragraph 51 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

52.     Paragraph 52 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

53.     Paragraph 53 is denied.

### Alexander Dorr sought a nonprofessional permit to carry a weapon in 2008 but is denied the permit

These Defendants deny the allegations in the introductory statement preceding paragraph 54.

54.     Paragraph 54 is denied.  Defendants admit that he applied in 2007.

55.     Paragraph 55 is admitted. Defendants admit that he applied in 2007.

56.     Paragraph 56 is denied.  Defendants admit that he applied in 2007

57.     Paragraph 57 is admitted.

### COUNT I

### Against Sheriff Weber

### Sheriff Weber's denial to grant the Dorrs a nonprofessional permit to carry a weapon is a violation of due process

### (Violation of the Second and Fourteenth Amendments of the United States Constitution)

### Sheriff Weber cannot provide Paul Dorr with documentation or other information to substantiate claims that citizens are fearful of Dorr

These Defendants deny the introductory allegations preceding paragraph 58.

58.     These Defendants restate their answers to paragraphs 1 through 57 of the Second Amended Complaint.

59.     These Defendants admit that under certain circumstances the Second Amendment has been construed by Courts to provide as alleged in the Second Amended Complaint.

60.     Paragraph 60 is admitted.

61.     Paragraph 61 is denied.

62.     Paragraph 62 is admitted.

63.     Paragraph 63 is admitted.

64.     These Defendants admit that the quoted statements were made, but deny that they were made to Paul Dorr.

### Dorr met all criteria under Iowa Code § 724.8 to be granted a nonprofessional permit to carry a weapon

These Defendants deny the allegations in the introductory paragraph preceding paragraph 65.

65.     Paragraph 65 is denied.

66.     Defendants admit that Iowa Code § 724.8 establishes criteria for eligibility to hold a nonprofessional permit to carry a concealed weapon but deny that these are the only criteria.

67.     Paragraph 67 is admitted.

68.     Paragraph 68 is denied.

69.     Paragraph 69 is admitted.

70.     Paragraph 70 is admitted.

71.     Paragraph 71 is admitted.

72.     Paragraph 72 is admitted.

73.     Paragraph 73 is admitted.

74.     Paragraph 74 is admitted.

75.     Paragraph 75 is denied.  These Defendants state affirmatively that citizens have reported they fear Paul Dorr.

76.     Paragraph 76 is denied.  These Defendants state affirmatively that citizens have reported they fear Paul Dorr.

77.     Paragraph 77 is denied.

78.     Paragraph 78 is denied.

79.     Paragraph 79 is admitted.

80.     Paragraph 80 is admitted.

**Dorr's engagement in controversial political issues
and threats made against him substantiated a need
for a nonprofessional permit to carry a weapon**

These Defendants deny the allegations in the introductory paragraph preceding paragraph 81.

81.     Paragraph 81 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

82.     Paragraph 82 is admitted.

83.     Paragraph 83 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

84.     Paragraph 84 is admitted.

**Sheriff Weber gave no reason to deny Dorr a permit in 2007 and 2008**

These Defendants deny the allegations in the introductory paragraph preceding paragraph 85.

85.     Paragraph 85 is admitted.

KLASS LAW FIRM,
L.L.P.

86.     Paragraph 86 is admitted with respect to 2007 but denied with respect to 2008.

87.     Paragraph 87 is denied.

88.     Paragraph 88 is denied.

**Sheriff Weber denied Alexander Dorr a nonprofessional
permit to carry a weapon and declared consideration of
new application only after his 21st birthday**

These Defendants admit the allegations in the introductory paragraph preceding paragraph 89.

89.     Paragraph 89 is denied.

90.     Paragraph 90 is denied.

91.     Paragraph 91 is admitted.

**Alexander Dorr met all criteria under Iowa Code § 724.8 to
be granted a nonprofessional permit to carry a weapon**

These Defendants deny the allegations in the introductory paragraph preceding paragraph 92.

92.     Paragraph 92 is denied.

93.     Defendants admit that Iowa Code § 724.8 establishes criteria for eligibility for a nonprofessional permit to carry a concealed weapon, but deny that these are the only criteria.

94.     Paragraph 94 is admitted.

95.     Paragraph 95 is denied.

96.     Paragraph 96 is admitted.

97.     Paragraph 97 is admitted.

98.     Paragraph 98 is admitted.

99.     Paragraph 99 is admitted.

100.   Paragraph 100 is admitted.

101.   Paragraph 101 is admitted.

102.   Paragraph 102 is admitted.

103.   Paragraph 103 is admitted.

104.   Paragraph 104 is denied.

105.   Paragraph 105 is denied.

106.   Paragraph 106 is admitted.

107.   Paragraph 107 is admitted.

**Sheriff Weber acted illegally and denied the Dorrs due process
and in so doing violated their right to keep and bear arms**

These Defendants deny the allegations in the introductory paragraph preceding

paragraph 108.

108.   Paragraph 108 is denied.

109.   Paragraph 109 is denied.

110.   Paragraph 110 is denied.

111.   Paragraph 111 is denied.

112.   Paragraph 112 is denied

## COUNT II

### Against Osceola County

### (Violation of the Second and Fourteenth Amendments
of the United States Constitution)

### Infringement of the Dorrs' right to due process
and to keep and bear arms

These Defendants deny the introductory allegations preceding paragraph 113.

113.   These Defendants restate their answers to Paragraphs 1 through 112 of the

Second Amended Complaint.

114.    Paragraph 114 is denied.

115.    Paragraph 115 is denied.

116.    Paragraph 116 is denied.

117.    Paragraph 117 is denied.

118.    Paragraph 118 is denied.

119.    Paragraph 119 is denied.

120.    Paragraph 120 is denied.

## COUNT III

### Against Sheriff Weber

### Violation of the First Amendment

**Sheriff Weber's denial to grant Dorr a nonprofessional permit
to carry a weapon based on his association with a
taxpayers group violated Dorr's First Amendment rights.**

These Defendants deny the introductory allegations preceding paragraph 121.

121.    These Defendants restate their answers to Paragraphs 1 through 120 of the

Second Amended Complaint.

122.    Paragraph 122 is admitted.

123.    Paragraph 123 is denied.

124.    Paragraph 124 is admitted.

125.    Paragraph 125 is admitted.

126.    These Defendants admit that Sheriff Weber and his predecessors granted Paul

Dorr a nonprofessional permit to carry a concealed weapon for the years 2001-2006 because

he met the criteria for eligibility.  The remainder of paragraph 126 is denied.

127.    These Defendants admit that Paul Dorr's application was denied in 2007.  The remainder of paragraph 127 is denied.

### Dorr's association with the Osceola County Taxpayers Association

128.    These Defendants admit that OCTA exists.  The remainder of paragraph 128 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

129.    Paragraph 129 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

130.    Paragraph 130 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

131.    Paragraph 131 and each sub-paragraph thereunder is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

132.    Paragraph 132 is admitted.

133.    Paragraph 133 is admitted.

134.    Paragraph 134 is admitted.

135.    Paragraph 135 is admitted.

136.    Paragraph 136 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

137.    Paragraph 137 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

138.    Paragraph 138 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

**First Amendment of the United States Constitution protects
freedom of speech and the right of association.**

139.    Paragraph 139 is admitted.

140.    Paragraph 140 is admitted, subject to the limitations placed on the exercise of this right by centuries of court decisions.

141.    Paragraph 141 is admitted, subject to the limitations placed on the exercise of this right by centuries of court decisions.

142.    Paragraph 142 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

143.    Paragraph 143 is denied.

144.    Paragraph 144 is denied.

145.    Paragraph 145 is denied.

146.    Paragraph 146 is denied.

147.    Paragraph 147 is denied.

148.    Paragraph 148 is denied.

149.    Paragraph 149 is denied.

150.    Paragraph 150 is denied.

151.    Paragraph 151 is denied.  The Court has already ruled that Plaintiffs have no claim against "successors."

**COUNT IV**

**Against Sheriff Weber**

**Sheriff Weber's denials to grant Dorr a nonprofessional permit to
carry a weapon violated his right to equal protection**

KLASS LAW FIRM,
L.L.P.

15

**(Violation of the Second and Fourteenth Amendments
of the United States Constitution)**

**Sheriff Weber granted a nonprofessional permit to carry weapons
to individuals including Paul Dorr's wife Debra Dorr**

These Defendants deny the introductory allegations preceding paragraph 152.

152.    These Defendants restate their answers to Paragraphs 1 through 151 of the Second Amended Complaint.

153.    Paragraph 153 is admitted.

154.    Paragraph 154 is admitted.

155.    Paragraph 155 is admitted.

156.    Paragraph 156 is admitted.

157.    These Defendants admit that Sheriff Weber and his predecessors granted Paul Dorr a nonprofessional permit to carry a concealed weapon for the years 2001-2006 because he met the criteria for eligibility.  The remainder of paragraph 157 is denied.

158.    Paragraph 158 is admitted.

159.    Paragraph 159 is admitted.

**Sheriff Weber gave no reason to deny Paul Dorr a
permit to carry a weapon in 2007 and 2008**

These Defendants deny the introductory allegations preceding paragraph 160.

160.    Paragraph 160 is admitted.

161.    Paragraph 161 is denied.

162.    Paragraph 162 is denied.

**Sheriff Weber gave no reason to deny Alexander
Dorr a permit to carry a weapon in 2008**

These Defendants deny the introductory allegations preceding paragraph 163.

163.    Paragraph 163 is denied.

164.    Paragraph 164 is admitted.

165.    Paragraph 165 is denied.

### Sheriff Weber acted illegally and denied the
### Dorrs equal protection under the law

These Defendants deny the introductory allegations preceding paragraph 166.

166.    Paragraph 166 is denied.

167.    Paragraph 167 is denied.

168.    Paragraph 168 is denied.

169.    Paragraph 169 is denied.

170.    Paragraph 170 is denied.

171.    Paragraph 171 is denied.

## COUNT V

### Against Osceola County

### (Violation of the First, Second and Fourteenth Amendments
### of the United States Constitution)

### Infringement of the Dorrs' right to equal protection under the law

These Defendants deny the introductory allegations preceding paragraph 172.

172.    These Defendants restate their answers to paragraph 1 through 171 of the

Second Amended Complaint.

173.    Paragraph 173 is admitted with respect to Paul Dorr and Alexander Dorr.

174.    Paragraph 174 is denied.

175.    Paragraph 175 is denied.

176.    Paragraph 176 is denied.

177.    Paragraph 177 is denied.

178.    Paragraph 178 is denied.

179.    Paragraph 179 is denied.

## COUNT VI

### Declaratory Judgment invalidating Iowa Code provisions as overly broad and vague governing determinations to a nonprofessional permit to carry a weapon

### Infringement of the First Amendment Right to Free Speech and to Association

### (Violation of the First Amendment of the United States Constitution)

These Defendants deny the introductory allegations preceding paragraph 180.

180.    These Defendants restate their Answers to paragraph 1 through 179 of the

Second Amended Complaint.

181.    Paragraph 181 is admitted.

182.    Paragraph 182 is admitted.

183.    Paragraph 183 is denied.

184.    These defendants admit that Sheriff Weber denied Paul Dorr's application for

a concealed carry permit in 2007.  The remainder of paragraph 184 is denied.

185.    Paragraph 185 is denied.

186.    Paragraph 186 is admitted.

187.    Paragraph 187 is denied.

188.    Paragraph 188 is admitted, subject to the limitations placed on the exercise of

this right by centuries of court decisions.

189.    Paragraph 189 is denied.

190.    Paragraph 190 is admitted.

191.    Paragraph 191 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

192.    Paragraph 192 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

193.    Paragraph 193 is denied.

194.    Paragraph 194 is denied.

195.    Paragraph 195 is denied.

196.    Paragraph 196 is denied.

## COUNT VII

### Declaratory Judgment invalidating Iowa Code provision as overly broad and vague governing determinations to a nonprofessional permit to carry a weapon

### Infringement of Second Amendment Right to Keep and Bear Arms

### (Violation of the Second Amendment of the United States Constitution)

These Defendants deny the introductory allegations preceding paragraph 197.

197.    These Defendants restate their answers to Paragraphs 1 through 196 of the Second Amended Complaint.

198.    Paragraph 198 is admitted.

199.    Paragraph 199 is admitted.

200.    Paragraph 200 is denied.

201.    These Defendants admit that Paul Dorr was denied a permit to carry a

concealed weapon in 2007. The remainder of Paragraph 201 is denied.

202. Paragraph 202 is denied.

203. Paragraph 203 is admitted.

204. Paragraph 204 is denied.

205. Paragraph 205 is denied.

206. Paragraph 206 is admitted.

207. Paragraph 207 is denied.

208. These Defendants admit that the Second Amendment has been construed by Courts in the manner alleged, but deny that their actions violated the Second Amendment.

209. Paragraph 209 is denied.

210. Paragraph 210 is admitted.

211. Paragraph 211 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

212. Paragraph 212 is denied for lack of sufficient information upon which to form a belief as to the truth of the matters asserted.

213. Paragraph 213 is denied.

214. Paragraph 214 is denied.

215. Paragraph 215 is denied.

216. Paragraph 216 is denied.

## JURY TRIAL DEMANDED

217. These Defendants restate their answers to paragraphs 1 through 213 of the Second Amended Complaint.

218. These Defendants demand a jury trial.

WHEREFORE these Defendants pray that Plaintiffs' Second Amended Complaint be dismissed and all costs taxed to Plaintiffs.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

2.      Douglas Weber is immune from suit.

3.      Issuance of the permits at issue is vested in the discretion of the sheriff by virtue of Iowa Code § 724.11.

4.      The sheriff may use discretion in determining additional criteria for issuance of a permit pursuant to the provisions of the Iowa Administrative Code.

5.      Douglas Weber had a rationale basis for the decisions he made with respect to the permits at issue in this case.

6.      Plaintiffs received all the process that they were due under the 14th Amendment.

7.      The fear of bullying, harassment and intimidation by Paul Dorr as expressed by citizens of Osceola County is a legitimate basis for denial of a permit.

8.      There are no similarly situated individuals to whom permits have been denied, and thus, there is no equal protection claim.

KLASS LAW FIRM,
L.L.P.

Respectfully submitted,

Douglas L. Phillips
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
phillips@klasslaw.com
WWW.KLASSLAW.COM
712/252-1866
712/252-5822 fax

ATTORNEYS FOR DEFENDANTS
DOUGLAS WEBER AND OSCEOLA
COUNTY

Copy to:

Vincent J. Fahnlander
Erick G. Kaardal
33 South Sixth Street, Suite 4100
Minneapolis, MN  55402

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing
instrument was served upon all parties to the
above cause to each of the attorneys of record
herein at their respective addresses disclosed
on the pleading on _____, 2010
By: _____ U.S. Mail              _____ facsimile
        _____ Hand delivered        _____ Overnight courier
        _____ Other                       ___ EFC
Signature _____