IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| PAUL DORR, AND ALEXANDER DORR, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED, | NO. 5:08-cv-040903-MWB |
|---|---|
| Plaintiffs, | **DOUGLAS WEBER AND OSCEOLA COUNTY'S APPENDIX OF EVIDENCE IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| DOUGLAS L. WEBER, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF, AND OSCEOLA COUNTY, IOWA, | |
| Defendants. | |

COME NOW Defendants, Douglas Weber and Osceola County, and submit the following evidence in support of their Motion For Partial Summary Judgment:

**Table of Contents**

**Description**                                                                 **App. Page**

Paul Dorr Application for Permit to Carry Weapons, July 7, 2007 ....................................1

Alexander Dorr Application for Permit to Carry Weapons, December 6, 2007 ..................3

Defendants' Answer to Plaintiffs' Interrogatory Nos. 27 and 31 .......................................5

Respectfully submitted,

_[signature: Douglas L. Phillips]_

_____

Douglas L. Phillips
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA 51106
phillips@klasslaw.com
WWW.KLASSLAW.COM
712/252-1866
712/252-5822 fax

ATTORNEYS FOR DEFENDANTS
DOUGLAS WEBER AND OSCEOLA
COUNTY

Copy to:

Vincent J. Fahnlander
Erick G. Kaardal
33 South Sixth Street, Suite 4100
Minneapolis, MN 55402

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing
instrument was served upon all parties to the
above cause to each of the attorneys of record
herein at their respective addresses disclosed
on the pleading on ___February 18,_____, 2010
By: _____ U.S. Mail          _____ facsimile
       _____ Hand delivered          _____ Overnight courier
       _____ Other _____          __X___ EFC

Signature _[signature: Douglas L. Phillips]_

# STATE OF IOWA

## APPLICATION FOR PERMIT TO CARRY WEAPONS

### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

- ☐ Professional Permit (WP1)
- ☑ Nonprofessional Permit (WP2)
- ☐ Peace Officer Permit (WP7)
- ☐ Reserve Peace Officer Permit (WP10)
- ☐ Correctional Officer Permit (WP9)

- ☐ New Application
- ☑ Renewal - Permit Number  OSPO-3H6  (2006)

Firearms Safety Training Certification Number or Peace Officer Certification Date _____

Attach copy of WP0 Firearms Safety Training Program Certificate of Completion (except certified peace officer)

Name  Dorr  (last)   Paul  (first)   Robert  (middle)   Phone # ( 712 ) 758 - 3372

Other Names Ever Used (aliases)  None

Residence  579 2nd Street   Ocheyedan  (city)   Iowa  (state)   51354  (zip)

Driver License or Non-Operator ID#  509 WW3353  County of Residence  Osceola

Birthdate  5 / 15 / 1956  Age 51  Sex M  Hgt 6'1½"  Wgt 320  Hair Br  Eyes Br

### Authorization for Release - Weapon Permit Applications

I, Paul R. Dorr _____, do hereby authorize a review and full disclosure of all records concerning myself, as required by Iowa Code chapter 724, to any duly authorized agent of an Iowa sheriff or the Commissioner of the Iowa Department of Public Safety, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of records of psychiatric treatment, substance abuse treatment, consultation and/or court ordered involuntary hospitalization including hospitals, clinics, private practitioners, the U.S. Veteran's Administration and clerks of court, as necessary to verify that I meet the requirements of the state of Iowa and the United States for the acquisition and possession of a firearm, and shall not be disseminated for any other purpose.

I understand that any information obtained which is developed directly or indirectly, in whole or part, upon this release authorization will be considered in determining my suitability for obtaining a permit to carry or acquire weapons in the state of Iowa. I also certify that any person(s) who may furnish such information concerning me shall not be held accountable for providing accurate information, and I do hereby release said person(s) from any and all liability which may be incurred as a result of furnishing such information.

I understand that the information contained in these records will be used for no purpose other than those stated above, and will be kept strictly confidential by the office of the issuing official.

I understand that I may be convicted of a class "D" felony pursuant to Iowa Code section 724.10 if I make a false statement of material fact on this application.

I understand that all information provided on this application is considered public record and may be disclosed upon request.

This "Signature On File" will be valid from this date and shall expire in one year.

Applicant Signature  Paul R Dorr   Date  July 7, 2007

WP5  Rev. 09/2005

## All of the following questions must be answered:

Yes No

☐ ☑ 1. Have you ever been convicted of a felony?

☐ ☑ 2. Have you ever been convicted of the misdemeanor crime of domestic abuse assault?

☐ ☑ 3. Have you ever been convicted of the misdemeanor crime of assault in violation of individual rights (hate crime)?

☐ ☑ 4. Have you ever been convicted of the misdemeanor crime of assault on a peace officer, jailer, correctional officer, fire fighter or health care provider?

☐ ☑ 5. Have you ever been convicted of the misdemeanor crime of setting a spring gun or trap?

☐ ☑ 6. Have you ever been convicted of the misdemeanor crime of hazing?

☐ ☑ 7. Have you ever been convicted of the misdemeanor crime of stalking?

☐ ☑ 8. Are you addicted to the use of alcohol or any controlled substance?

☐ ☑ 9. Do you have a history of repeated acts of violence?

☐ ☑ 10. Have you ever been adjudged mentally incompetent?

If you answered yes to any of the above, please explain: _____

☑ ☐ 11. Are you a citizen of the United States? If not, provide country of citizenship and alien registration number: _____

Country of citizenship: _____ Alien registration number: _____

## STATEMENT OF JUSTIFICATION
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

_Occasionally carry large amounts of cash. Self-defense_

Applicant Signature _Paul R Jorp_ Date _July 7, 2007_

## EMPLOYER AUTHORIZATION

This section is to be completed by the employer of an applicant for a professional permit to carry weapons. This authorization affirms the above described justification for issuance as being an employment requirement.

Employer Name _____ Telephone _____

Employer Address _____

Employer Signature _____ Date _____

## ISSUING OFFICER
### MUST BE COMPLETED BY SHERIFF OR COMMISSIONER OF PUBLIC SAFETY

Application: ☐ Approved ☒ Disapproved Date _08-09-07_

Reason Disapproved: _Concerns from Public. Don't trust_
_Ream._

Signature _Doug Weber_ ☒ Sheriff of _Clarke_ County, Iowa
☐ Commissioner of the Iowa Department of Public Safety

☐ New Fee $ _____ ☐ Renewal Fee $ _____ ☐ Peace Officer/Correctional Officer - No Fee

App. 2

*taking class at will*
*- will call w/ date*

# STATE OF IOWA

## APPLICATION FOR PERMIT TO CARRY WEAPONS

### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

☐ Professional Permit (WP1)  
☒ Nonprofessional Permit (WP2)

☐ Peace Officer Permit (WP7)  
☐ Reserve Peace Officer Permit (WP10)  
☐ Correctional Officer Permit (WP9)

☒ New Application  
☐ Renewal - Permit Number _____

Firearms Safety Training Certification Number or Peace Officer Certification Date _____

Attach copy of WP0 Firearms Safety Training Program Certificate of Completion (except certified peace officer)

Name **Dorr** (last) **Alexander** (first) **Lee** (middle) Phone # **(712) 758-3372**

Other Names Ever Used (aliases) _____

Residence **579 2nd St** **Ocheyedan** (city) **IA** (state) **51354** (zip)

Driver License or Non-Operator ID# **851AA5772** County of Residence **Osceola**

Birthdate **01/10/90** Age **17** Sex **M** Hgt **6'2"** Wgt **215** Hair **Blk** Eyes **Green**

## Authorization for Release - Weapon Permit Applications

I, **Alexander Lee Dorr**, do hereby authorize a review and full disclosure of all records concerning myself, as required by Iowa Code chapter 724, to any duly authorized agent of an Iowa sheriff or the Commissioner of the Iowa Department of Public Safety, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of records of psychiatric treatment, substance abuse treatment, consultation and/or court ordered involuntary hospitalization including hospitals, clinics, private practitioners, the U.S. Veteran's Administration and clerks of court, as necessary to verify that I meet the requirements of the state of Iowa and the United States for the acquisition and possession of a firearm, and shall not be disseminated for any other purpose.

I understand that any information obtained which is developed directly or indirectly, in whole or part, upon this release authorization will be considered in determining my suitability for obtaining a permit to carry or acquire weapons in the state of Iowa. I also certify that any person(s) who may furnish such information concerning me shall not be held accountable for providing accurate information, and I do hereby release said person(s) from any and all liability which may be incurred as a result of furnishing such information.

I understand that the information contained in these records will be used for no purpose other than those stated above, and will be kept strictly confidential by the office of the issuing official.

I understand that I may be convicted of a class "D" felony pursuant to Iowa Code section 724.10 if I make a false statement of material fact on this application.

I understand that all information provided on this application is considered public record and may be disclosed upon request.

*This "Signature On File" will be valid from this date and shall expire in one year.*

Applicant Signature **Alex Dorr** Date **12/06/07**
WP5 Rev. 02/2003

**All of the following questions must be answered:**

Yes No

☐ ☒ 1. Have you ever been convicted of a felony?
☐ ☒ 2. Have you ever been convicted of the misdemeanor crime of domestic abuse assault?
☐ ☒ 3. Have you ever been convicted of the misdemeanor crime of assault in violation of individual rights (hate crime)?
☐ ☒ 4. Have you ever been convicted of the misdemeanor crime of assault on a peace officer, jailer, correctional officer, fire fighter or health care provider?
☐ ☒ 5. Have you ever been convicted of the misdemeanor crime of setting a spring gun or trap?
☐ ☒ 6. Have you ever been convicted of the misdemeanor crime of hazing?
☐ ☒ 7. Have you ever been convicted of the misdemeanor crime of stalking?
☐ ☒ 8. Are you addicted to the use of alcohol or any controlled substance?
☐ ☒ 9. Do you have a history of repeated acts of violence?
☐ ☒ 10. Have you ever been adjudged mentally incompetent?

If you answered yes to any of the above, please explain: _____

_____

_____

☒ ☐ 11. Are you a citizen of the United States? If not, provide country of citizenship and alien registration number: Country of citizenship: _____ Alien registration number: _____

## STATEMENT OF JUSTIFICATION
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

This statement is to contain clear and convincing evidence that this applicant may be required to use deadly force to protect his/her life or the life of another. The issuing officer may accept or reject this application for a permit to carry based on this narrative and other considerations.

I carry large amounts of cash and there have been death threats to our household. I also wish to use this for hunting. Also to use for all legal purposes.

Applicant Signature _Alex Danx_ Date _12/06/07_

## EMPLOYER AUTHORIZATION

This section is to be completed by the employer of an applicant for a professional permit to carry weapons. This authorization affirms the above described justification for issuance as being an employment requirement.

Employer Name _____ Telephone _____

Employer Address _____

Employer Signature _____ Date _____

## ISSUING OFFICER
### MUST BE COMPLETED BY SHERIFF OR COMMISSIONER OF PUBLIC SAFETY

Application: ☐ Approved ☒ Disapproved Date _02-24-08_

Reason Disapproved: _Subject under 21 years of age_

Signature _Dr. Jos R Wickel_ ☒ Sheriff of _Benton_ County, Iowa
☐ Commissioner of the Iowa Department of Public Safety
☐ New Fee $_____ ☐ Renewal Fee $_____ ☐ Peace Officer/Correctional Officer - No Fee

App. 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| PAUL DORR, AND ALEXANDER DORR, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>DOUGLAS L. WEBER, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF, AND HIS SUCCESSORS, THE OSCEOLA COUNTY SHERIFFS DEPARTMENT, IOWA AND OSCEOLA COUNTY, IOWA,<br><br>Defendants. | NO. 5:008-cv-04093-MWB<br><br>DOUGLAS L. WEBER AND OSCEOLA COUNTY'S ANSWERS TO PLAINTIFFS' INTERROGATORIES, RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION AND RESPONSE TO PLAINTIFFS' REQUEST FOR ADMISSIONS |

COMES NOW Defendants Douglas L. Weber and Osceola County, and for their Answers to Plaintiffs' discovery requests, state:

INTERROGATORIES

INTERROGATORY NO. 1: Identify the person or persons who prepared or participated in the preparation of the answers to these Interrogatories and, as to each Interrogatory, state the name of each and every person who answered or supplied information for the answer to that particular Interrogatory; and with respect to each such person, specifying in all possible detail, each and every fact of which they have knowledge and the identity of each and every document which discusses, reflects, refers or relates to any such fact.

ANSWER: Doug Weber. To the extent that any document refers to any fact set forth in these answers, those documents were produced with Defendants' initial disclosures.

INTERROGATORY NO.2: Identify each and every person having knowledge with respect to any of the allegations contained in Defendants' Answer.

KLASS LAW FIRM.<br>L.L.P.

1

ANSWER: There are no allegations in the Answer. Doug Weber has knowledge with respect to Defendants' Affirmative Defenses.

INTERROGATORY NO. 3: Identify each and every document which Defendants reviewed and/or relied upon in preparing responses to these discovery requests and include in your answer the date of each document, its author and any designated recipient of the document.

ANSWER: None, other than those provided with Defendants' Rule 26 Disclosures.

INTERROGATORY NO. 4: If any of the information, documents and/or other items requested in Plaintiffs' First Set of Interrogatories or First Request for Production of Documents is withheld on the basis of privilege, work product or otherwise, identify each item of information so withheld and provide the following information:

      (a)     the basis for the claim of privilege, work product, or other ground of non-disclosure; and,

      (b)     if the information is contained in a document, provide the identity of the document, the number of pages, attachments, and/or appendices, the identity of each and every person who had access to work custody of the document, the present custodian of the document, and a description of the subject matter of the document.

ANSWER: No claims of privilege are being made at this time. However, Defendants reserve the right to assert the attorney client privilege with respect to communications between them or either of them and any attorney retained by them or either of them, should plaintiffs seek information that is protected by the privilege.

INTERROGATORY NO. 5: Identify each person you expect to call as an expert witness at the trial of the above captioned action and, with respect to each such expert

witness, state the subject matter on which the expert is expected to testify, the assessment of the facts and opinions of which the expert is expected to testify, a summary of the grounds for each opinion, and the identity of all documents or other items the expert reviewed or relied upon in forming such opinions.

ANSWER: Defendants have not made any decisions with respect to experts who may be called at trial.

INTERROGATORY NO. 6: With respect to each Request for Admission for which you did not unequivocally admit, specify in all possible detail the reasons for not unequivocally admitting the Request including, but not limited to, each and every fact which you claim makes the Request for Admission untrue.

ANSWER: Request Nos. 2 and 3: The "Sheriff's Department" is not a legal entity that can compensate or retain counsel. *See* Defendant's Motion to Dismiss.

INTERROGATORY NO. 7: State who is responsible for issuance of nonprofessional permits to carry weapons in Osceola County, Iowa.

ANSWER: The Osceola County Sheriff.

INTERROGATORY NO. 8: State who in Osceola County, Iowa is responsible for developing policies to determine whether nonprofessional permits to carry weapons are granted or denied, and include in this answer the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such policy.

ANSWER: If written policies are developed, development will be the responsibility of the Osceola County Sheriff. There were no written policies in place at the time of the denial that gives rise to this lawsuit.

INTERROGATORY NO. 9: Specify in all possible detail each and every fact that supports the denial contained in paragraph 4 of your Answer, including but not limited to the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: The "Osceola Sheriff's Department" is not responsible for the issuance of nonprofessional permits to carry weapons. That is the responsibility of the Osceola County Sheriff. *See* Iowa Code § 331.653(59). The Department policies do not govern the actions of the Sheriff in the determination of decisions to grant or deny permits. These decisions are committed to the discretion of the Sheriff by Iowa Code § 724.11.

INTERROGATORY NO. 10: Specify in all possible detail each and every fact that supports the denial contained in paragraph 5 of your Answer, including but not limited to the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: The Sheriff is not "employed" by the County. The office of sheriff is an elective office. *See* Iowa Code § 331.651. The County is not responsible for implementation of the state statute governing the grant or denial of nonprofessional permits to carry weapons, and the County is not responsible for development of policies related to the grant or denial of nonprofessional permits to carry weapons. *See* Iowa Code §§ 331.653(59) and 724.11.

INTERROGATORY NO. 11,: Specify in all possible detail the facts which you considered to evaluate subsection 5 of Iowa Code section 724.8 "the issuing officer reasonably determines that the applicant does not constitute a danger to any person," with respect to Plaintiffs' applications for nonprofessional permits to carry weapons.

ANSWER: The facts considered by the Sheriff are noted in the "Reason Disapproved" section of the 2007 applications submitted by plaintiffs.

INTERROGATORY NO. 12: Identify each and every person who has applied with the Osceola County Sheriff's Department for a nonprofessional permit to carry a weapon since the year 2000.

ANSWER: All of the applications that are known to exist will be produced as soon as they can be copied.

INTERROGATORY NQ. 13: Identify each and every person to whom the Osceola County Sheriff's Department has granted a nonprofessional permit to carry a weapon since the year 2000.

ANSWER: Permits are granted by the Sheriff. All of the applications that are known to exist will be produced as soon as they can be copied.

INTERROGATORY NO. 14: Identify each and every person who Defendant Osceola County Sheriff's Department has denied nonprofessional permits to carry weapons since the year 2000, and for each state the reason why the permit was denied.

ANSWER: Denials are issued by the Sheriff. All of the applications that are known to exist will be produced as soon as they can be copied.

INTERROGATORY NO. 15: Specify in all possible detail the investigation that was performed relating to Alexander Dorr's permit application for the year 2008.

ANSWER: Sheriff Weber reviewed the information related to the statutory criteria and confirmed his date of birth.

App. 9

INTERROGATORY NO. 16: State each and every fact and identify the condition that changed between 2006 when Paul Dorr was granted a nonprofessional permit to carry weapons and the year 2007 when he was denied a nonprofessional permit to carry weapons.

ANSWER: Citizens made more comments which were of concern to Sheriff Weber.

INTERROGATORY NO. 17: Specify in all possible detail each and every fact that reflects, supports or refutes Defendants' denial, in Paragraph 19 of its Answer, including but not limited to the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: There are no known members of this alleged class, there are no known individuals who are similarly situated, and Defendants do not believe the claims asserted by plaintiffs are typical of anyone else in the County.

INTERROGATORY NO. 18: Specify in all possible detail each and every fact that reflects, supports or refutes Defendants' denial in Paragraph 20 of its Answer, including but not limited to the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: It is plaintiffs' burden to establish that they and their attorneys can fairly and adequately protect the interests of the purported class. Paul Dorr makes his living attacking the character of others. The same concerns expressed by members of the public that lead to the denial in 2007 are the reasons why Paul Dorr would not be an appropriate class representative.

INTERROGATORY NO. 19: Specify in all possible detail each and every fact related to Defendant Weber's investigation into Paul Dorr's worthiness to have a nonprofessional permit to carry weapons issued in the years 2000 through 2006, including

KLASS LAW FIRM, L.L.P.

6

but not limited to the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: Sheriff Weber took office in January of 2005. The permits he granted in 2005 and 2006 were issued based upon his review of the facts related to the statutory and administrative criteria.

INTERROGATORY NO. 20: Specify in all possible detail each and every fact that supports the assertion in Paragraph 37 of Your Answer that "There's some fear out there of [Paul Dorr]", existing as of August 9, 2007, including but not limited to the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: Citizens made comments to the Sheriff that Dorr's behavior was becoming increasingly hostile. People expressed concerns that they were afraid of Dorr. These comments and concerns were consistent with the Sheriff's observations.

INTERROGATORY NO. 21: State the facts upon which you relied to deny Alexander Dorr a nonprofessional permit to carry weapons in 2008.

ANSWER:    His age.

INTERROGATORY NO. 22: Specify in all possible detail each and every fact that supports the denial in Paragraph 47 of Your Answer of the allegation that "Sheriff Weber did not provide a reason for [Paul] Dory's denial for a permit", and include the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: The Sheriff has no record of an Application from Paul Dorr in 2008.

INTERROGATORY NO. 23: Specify in all possible detail each and every fact that supports the denial in Paragraph 56 of Your Answer to the allegation that "Sheriff Weber did not provide Alexander Dorr a reason for the denial of the requested permit", including but not limited to the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: *See* Application.

INTERROGATORY NO. 24: State the identity of each and every person to whom Sheriff Weber made the statements admitted in Paragraph 64 of Your Answer, and the identity of all other persons who made those statements.

ANSWER: The minutes of the Public Safety Commission may show who was present. A copy will be produced as soon as available.

INTERROGATORY NO. 25: State the identity of each and every person who has "reported they fear Paul Dorr" as alleged in Paragraph 75 of Your Answer, and the identity of all other persons who made those reports of "fear", the factual basis for the "fear", and the dates on which those reports of "fear" were made.

ANSWER: There have been numerous comments from the public over the years and prior to the 2007 denial but the Sheriff did not document them and does not recall names.

INTERROGATORY NO. 26: Specify in all possible detail each and every fact that supports the denial in Paragraph 77 of Your Answer of the allegation that the Defendants "made no reasonable determination that [Paul] Dory constitutes a danger to any person", including but not limited to the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: There have been numerous comments from the public over the years and prior to the 2007 denial. While the Sheriff did not document them and does not recall names, these comments were consistent with his own observations.

INTERROGATORY NO. 27: Specify in all possible detail each and every fact that supports the denial in Paragraph 87 of Your Answer of the allegation that "Sheriff Weber in 2007 and 2008 could not articulate a reason to substantiate a 'reasonable determination' to deny [Paul] Dorr a nonprofessional permit to carry a weapon," and include in this the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: The reasons are set out in the 2007 application.

INTERROGATORY NO. 28: Specify in all possible detail each and every fact that supports the denial in Paragraph 95 of Your Answer.

ANSWER: There is nothing in § 724.8 that indicates one who "meets all of the criteria established [thereunder] … is entitled to a nonprofessional permit to carry a weapon." *See* Iowa Administrative Code § 661-91.4(2).

INTERROGATORY NO. 29: Specify in all possible detail each and every fact that supports your assertion that the Defendants made a "reasonable determination that Alexander Don constitutes a danger to any person", referenced in Paragraph 104 of Your Answer, and include the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: The Sheriff does not believe it is wise for any person who was Alexander Dorr's age to have a permit to carry a concealed weapon.

INTERROGATORY NO. 30: Specify in all possible detail each and every fact that supports that the Defendants' statement in Paragraph 136 of Your Answer that Sheriff Weber "granted Paul Don a nonprofessional permit in 2005 and 2006 because he met the statutory criteria", but that in 2007 and 2008 Paul Don no longer met the statutory criteria, and include the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: *See* Answer to Interrogatory No. 16.

INTERROGATORY NO. 31: State which of the statutory criteria you expected Alexander Don to meet between 2008 and his 21st birthday, but which he did not meet as of the time of his application for a nonprofessional permit to carry weapons in 2008.

ANSWER: Age of majority. *See* Iowa Administrative Code § 661-91.4(2)

INTERROGATORY NO. 32: Specify in all possible detail each and every fact that supports the denial in Paragraph 154 of Your Answer of the assertion that "Osceola County designated Sheriff Weber as the issuing officer to grant or deny nonprofessional permits to carry weapons", and include the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: The legislature designated the Sheriff to do this, not the County. *See* Iowa Code § 331.653(59).

INTERROGATORY NO. 33: Specify in all possible detail each and every fact that supports the Defendants' agreement with the assertion that "Sheriff Weber's denial of a nonprofessional permit to carry a weapon under Iowa Code Sec. 724.8(5) meant Paul Dorr is a danger to a person or persons", in Paragraph 173 of Your Answer, and include the identity

KLASS LAW FIRM, L.L.P.

of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: See Answer to Interrogatory No. 16.

INTERROGATORY NO. 34: State all ways in which Plaintiff Alexander Dorr failed to meet the statutory criteria for obtaining a nonprofessional permit to carry a weapon when he applied in 2008, and include the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: See Answer to Interrogatory No. 31.

INTERROGATORY NO. 35: Specify in all possible detail each and every fact that supports the Defendant Weber's statements that he "does not trust" Paul Dorr as asserted in newspaper articles, and include the identity of persons and the identity of each and every document that discusses, reflects, refers or relates to any such identified fact.

ANSWER: See Answers to Interrogatory Nos. 20 and 25-26.

INTERROGATORY NO. 36: Specify in all possible detail each and every fact that discusses, reflects, refers to or relates to Defendant Weber's retention of attorney Daniel DeKoter to write rules for issuing nonprofessional permits to carry weapons.

ANSWER: Defendants object to this interrogatory. The alleged retention of counsel to write rules for issuing nonprofessional permits is irrelevant and not reasonably likely to lead to the discovery of admissible evidence.

DOCUMENT REQUESTS.

DOCUMENT REQUEST NO. 1: Produce each and every document identified in response to Plaintiffs' First Set of Interrogatories.

RESPONSE: Those documents were produced with Defendants' Rule 26 Disclosures.

DOCUMENT REQUEST NO. 2: Produce each and every document which discusses, reflects, refers to or relates to Plaintiffs' applications for nonprofessional permits to carry weapons.

RESPONSE: Those documents were produced with Defendants' Rule 26 Disclosures.

DOCUMENT REQUEST NO. 3: Produce each and every document which discusses, reflects, refers to or relates to investigations performed to determine the worthiness of the Plaintiffs to obtain nonprofessional permits to carry weapons.

RESPONSE: Those documents were produced with Defendants' Rule 26 Disclosures. There are no other investigative documents.

DOCUMENT REQUEST NO. 4: Produce each and every document which discusses, reflects, refers to or relates to the alleged "fear" that citizens had of Paul Don as of August 2007.

RESPONSE: See attached. No other pre-denial complaints were documented.

DOCUMENT REQUEST NO. 5: Produce each and every document which discusses, reflects, refers to or relates to applications for nonprofessional permits to carry weapons.

RESPONSE: All of the applications that are known to exist will be produced as soon as they can be copied.

DOCUMENT REQUEST NO. 6: Produce each and every document which discusses, reflects, refers to or relates to the process and factors used when evaluating applications for nonprofessional permits to carry weapons.

RESPONSE: The only documentation that existed at the time of the denials in this case is the applications. All of the applications that are known to exist will be produced as soon as they can be copied.

DOCUMENT REQUEST NO. 7: Produce all documents which discuss, reflect, refer to or relate to denials of applications for nonprofessional permits to carry weapons.

RESPONSE: The only documents that existed at the time of the denials in this case is the applications. All of the applications that are known to exist will be produced as soon as they can be copied.

DOCUMENT REQUEST NO. 8: Produce each and every document which discusses, reflects, refers to or relates to the retention of attorney Daniel DeKoter "to give legal advice on the issuance of concealed weapon permits" as alleged in Daniel De Koter's letter to Paul and Debra Dorr dated July 10, 2008, and attached hereto as Exhibit 2.

RESPONSE: Defendants object to production of these documents on the grounds that they are not relevant and are not reasonably likely to lead to the discovery of admissible evidence.

DOCUMENT REQUEST NO. 9: Produce each and document which discusses, reflects, refers to or relates to the Defendants' development of policies or rules to determine whether to issue nonprofessional permits to carry weapons.

RESPONSE: There was no written policy at the time of the denials which give rise to this litigation.

DOCUMENT REQUEST NO. 10: Produce each and every document which discusses, reflects, refers to or relates to compensation paid to attorney Daniel DeKoter for giving "legal advice on the issuance of concealed weapon permits."

RESPONSE: Defendants object to production of these documents on the grounds that they are not relevant and are not reasonably likely to lead to the discovery of admissible evidence.

DOCUMENT REQUEST NO. 11: Produce each and every document which discusses, reflects, refers to or relates to "written permit criteria for the issuance or renewal of concealed weapon permits" as referred to in Exhibit 2.

RESPONSE: There were no written criteria other than the statutes and administrative regulations at the time of the denials that give rise to this litigation.

REQUESTS FOR ADMISSION:

REQUEST FOR ADMISSION NO. 1: Admit that "Sheriff Weber advised the Commission [Osceola County Public Safety Commission] that he has retained Mr. DeKoter", as stated in the letter dated October 8, 2008, from Jerry Johnson to Paul Dorr, attached hereto as Exhibit 1.

RESPONSE: Admitted.

REQUEST FOR ADMISSION NO.2: Admit that Defendant Osceola County Sheriff's Department compensated attorney Daniel DeKoter for giving "legal advice on the issuance of concealed weapon permits" as stated in Exhibit 2.

RESPONSE: Denied.

App. 18

REQUEST FOR ADMISSION NO. 3: Admit that Defendant Osceola County

Sheriff's Department retained attorney Daniel DeKoter for the purpose of giving legal

advice on the issuance of concealed weapon permits.

RESPONSE: Denied. The Sheriff admits that he retained Mr. DeKoter to draft a

written policy, but no written policy was adopted.

Respectfully submitted,

Douglas L. Phillips
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA 51106
phillips@klasslaw.com
WWW.KLASSLAW.COM
712/252-1866
712/252-5822 fax

ATTORNEYS FOR DEFENDANTS

Copy to:

Vincent J. Fahnlander
Erick G. Kaardal
33 South Sixth Street, Suite 4100
Minneapolis, MN 55402

CERTIFICATE OF SERVICE
The undersigned certifies that the foregoing
instrument was served upon all parties to the
above cause to each of the attorneys of record
herein at their respective addresses disclosed
on the pleading on _____ 9/10 _____, 2009
By: __✓__ U.S. Mail        _____ facsimile
_____ Hand delivered        _____ Overnight courier
_____ Other        _____ EFC

Signature _____

KLASS LAW FIRM,
L.L.P.

15

App. 19

**CERTIFICATE**

I certify under penalty of perjury that the preceding is true and correct, to the best of my knowledge and belief.

Osceola County, Iowa

By: _~Douglas R Weber~_                 _04-10-09_
Douglas L. Weber,                            Date
Osceola County Sheriff


_~Douglas R Weber~_                   _04-10-09_
Douglas L. Weber, Individually and         Date
As Sheriff of Osceola County