Page

INTRODUCTION.................................................................................................1

JURISDICTION.................................................................................................2

PARTIES.................................................................................................2

    Plaintiffs.................................................................................................2
    Defendants.................................................................................................3

CONSTITUTIONAL AND CODE PROVISIONS AT ISSUE.................................3

    Second Amendment.................................................................................................3
    Fourteenth Amendment.................................................................................................3
    Iowa Codes.................................................................................................4

CLASS ALLEGATIONS.................................................................................................6

FACTS.................................................................................................6

    Paul Dorr is engaged in controversial public issues in Iowa exposing him to
    threats against him for holding or supporting certain views and opinions.....................6

    Since 2001 the Sheriff's Department issued Dorr a permit to carry a weapon,
    but denied his permit application in 2007.................................................7

    Sheriff had no factual or reasonable rationale to deny Dorr a nonprofessional
    permit to carry a weapon in 2007.................................................7

    Debra Dorr is granted a permit in 2008.................................................8

    Paul Dorr sought a nonprofessional permit to carry a weapon in 2008
    but is denied the permit.................................................9

    Dorr personally and through his consulting business engaged in political
    challenges with the Osceola County Sheriff's Department and
    the County Attorney's Office.................................................9

    Alexander Dorr sought a nonprofessional permit to carry a weapon in
    2008 but is denied the permit.................................................10

i

COUNT I ........................................................................................................10

    Against Sheriff Weber ................................................................................10

    Sheriff Weber's denial to grant Dorrs nonprofessional permits to
    carry a weapon is a violation of due process ..........................................10

    (Violation of the Second and Fourteenth Amendments of the
    United States Constitution)........................................................................10

    Sheriff Weber cannot provide Paul Dorr with documentation or other
    information to substantiate claims that citizens are fearful of Dorr ...............10

    Dorr met all criteria under Iowa Code § 724.8 to be granted a
    nonprofessional permit to carry a weapon ...............................................11

    Dorr's engagement in controversial political issues and threats made against
    him substantiated a need for a nonprofessional permit to carry a weapon..................12

    Sheriff Weber gave no reason to deny Dorr a permit in 2007 and 2008.....................13

    Sheriff Weber denied Alexander Dorr a nonprofessional permit to
    carry a weapon and declared consideration of a new application
    only after his 21st birthday.........................................................................13

    Alexander Dorr met all criteria under Iowa Code § 724.8 to be granted a
    nonprofessional permit to carry a weapon ...............................................13

    Sheriff Weber acted illegally and denied the Dorrs due process and in
    so doing violated their right to keep and bear arms .................................15

COUNT II...........................................................................................................16

    Against Osceola County..............................................................................16

    (Violation of the Second and Fourteenth Amendments of the
    United States Constitution)........................................................................16

    Infringement of the Dorrs' right to due process and to keep and bear arms...............16

COUNT III...........................................................................................................17

    Against Osceola County Sheriff's Department..........................................17

(Violation of the Second and Fourteenth Amendments of the
United States Constitution).........................................................................17

Infringement of the Dorrs' right to due process and to keep and bear arms................17

COUNT IV .........................................................................................................19

Against Sheriff Weber....................................................................................19

Sheriff Weber's denials to grant Dorr a nonprofessional permit to
carry a weapon violated his right to equal protection ...................................19

(Violation of the Second and Fourteenth Amendments of the
United States Constitution)............................................................................19

Sheriff Weber granted a nonprofessional permit to carry weapons to
individuals including Paul Dorr's wife Debra Dorr .......................................19

Sheriff Weber gave no reason to deny Paul Dorr a permit to carry
a weapon in 2007 and 2008...........................................................................20

Sheriff Weber gave no reason to deny Alexander Dorr a permit to
carry a weapon in 2008..................................................................................20

Sheriff Weber acted illegally and denied the Dorrs equal protection
under the law ..................................................................................................20

COUNT V..........................................................................................................22

Against Osceola County..................................................................................22

(Violation of the Second and Fourteenth Amendments of the
United States Constitution)............................................................................22

Infringement of the Dorrs' right to equal protection under the law..................22

COUNT VI .........................................................................................................23

Against Osceola County Sheriff's Department...............................................23

(Violation of the Second and Fourteenth Amendments of the
United States Constitution)............................................................................23

Infringement of the Dorrs' right to equal protection under the law..................23

iii

COUNT VII .................................................................................................24

    Declaratory Judgment invalidating Iowa Code provision as overly
broad and vague governing determinations to a nonprofessional
permit to carry a weapon ...........................................................................24

    Infringement of Second Amendment Right to Keep and Bear Arms ...........24

    (Violation of the Second Amendment of the United States Constitution) ...................24

JURY TRIAL DEMANDED ...........................................................................27

PRAYER FOR RELIEF .................................................................................27

iv

# INTRODUCTION

This is an action for declaratory judgment and damages for the violation of constitutional rights governing due process, equal protection, and the right to keep and bear arms against Sheriff Weber, an enforcement officer with the Osceola County, Iowa Sheriff's Department, the Osceola Sheriff's Department, and Osceola County. Mr. Dorr sought nonprofessional permits to carry a weapon. Although he met all the statutory criteria necessary for the issuance of the permit Sheriff Weber refused to issue the permits

The permit requests were denied without justification. Sheriff Weber, the Osceola Sheriff's Department and Osceola County acted illegally in denying Dorr his permits to carry a weapon, meaning that the decisions were unreasonable, not authorized, and contrary to the terms, spirit, and purpose of the statute creating and defining nonprofessional permits for citizens to carry a weapon under Iowa law. Thus, the Sheriff, the Department, and the County violated Mr. Dorr's constitutional rights under the Second and Fourteenth Amendments of the United States Constitution.

# JURISDICTION

This action is brought under 42 U.S.C. §§ 1983, and § 1988, (civil rights statutes), 28 U.S.C. § 2201 (declaratory judgment), and the Second and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. § 1331 (federal question) and 1343 (1)-(4) and the statutory and constitutional provisions mentioned. Venue is proper in this Court under 28 U.S.C. § 1391. Plaintiff Paul Dorr further invokes the pendent jurisdiction of this Court to consider claims arising under state law.

1

## PARTIES

### Plaintiffs

1.    Plaintiff Paul Dorr is a citizen of the United States and a resident of the State of Iowa, Osceola County. His address is 579 2nd Street, Ocheyedan, Iowa, 51354.

2.    Plaintiff Alexander Dorr is a citizen of the United States and a resident of the State of Iowa, Osceola County. His address is 579 2nd Street, Ocheyedan, Iowa, 51354.

### Defendants

3.    Defendant Douglas L. Weber is a law enforcement officer with the Osceola County, Iowa Sheriff's Department. At all times as stated within this complaint, Sheriff Weber acted in the capacity of agent, servant, and employee of the Osceola Sheriff's Department, and Osceola County. Sheriff Weber's office address is 309 6th Street, Sibley, Iowa, 51249.

4.    Defendant Osceola Sheriff's Department is a law enforcement agency responsible for the issuance of nonprofessional permits to carry a weapon. The Department policies govern the actions of Sheriff Douglas Weber in the determination of granting or denying nonprofessional permits to carry a weapon. The Department's address is 309 6th Street, Sibley, Iowa, 51249.

5.    Defendant Osceola County is a governmental entity within the State of Iowa, and at all times as stated within this complaint, employs Douglas Weber as a law enforcement officer. Osceola County is responsible for the implementation of state statutes, in particular policies governing the grant or denial of nonprofessional permits to carry a weapon. The address for Osceola County is 300 7th Street, Courthouse, Sibley, Iowa, 51249.

2

6.    At all times relevant to the allegations of this complaint, and in all actions described, the defendants acted under color of state law.

## CONSTITUTIONAL AND CODE PROVISIONS AT ISSUE

### Second Amendment

7.    The Second Amendment of the United States Constitution states "… the right of the people to keep and bear Arms, shall not be infringed."

8.    The Second Amendment confers to an individual the right to keep and bear arms.

### Fourteenth Amendment

9.    The Fourteenth Amendment, Section 1 of the United States Constitution states "…nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny any person within its jurisdiction the equal protection of the laws."

10.    The Fourteenth Amendment confers to an individual the right to due process under the law and to equal protection under the laws.

### Iowa Codes

11.    The Iowa Code section 724.7 provides for the issuance of permits to carry weapons within Iowa.

Iowa Code section 724.7 states:

> Any person who can reasonably justify going armed may be issued a nonprofessional permit to carry weapons. Such permits shall be on a form prescribed and published by the commissioner of public safety, which shall be readily distinguishable from the professional permit, and shall identify the holder thereof, and state the reason for the issuance of the permit, and the limits of the authority granted by such permit. All permits so issued shall be

3

for a definite period as established by the issuing officer, but in no event shall exceed a period of twelve months.

12.   The Iowa Code section 724.8 establishes the criteria for eligibility for a nonprofessional permit to carry weapons:

No person shall be issued a professional or nonprofessional permit to carry weapons unless:

1.  The person is eighteen years of age or older.
2.  The person has never been convicted of a felony.
3.  The person is not addicted to the use of alcohol or any controlled substances.
4.  The person has no history of repeated acts of violence.
5.  The issuing officer reasonably determines that the applicant does not constitute a danger to any person.
6.  The person has never been convicted of any crime defined in chapter 708, except "assault" as defined in section 708.1 and "harassment" as defined in section 708.7.

## CLASS ALLEGATIONS

13.   Under Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs Paul Dorr and Alexander Dorr bring this action on their own behalf and on behalf of all others similarly situated.

14.   The class the Dorrs represent is composed of all individuals who have or will apply for a nonprofessional permit to carry a weapon under Iowa Code § 724.8, specifically those who have been denied a permit under Iowa Code § 724.8 (5).

15.   It is the Dorrs' belief that Iowa Code § 724.8 (5) is unconstitutional on its face and as applied infringing upon the rights of all citizens as embodied under the Second Amendment of the United States Constitution protecting the right to keep and bear arms, and under the Fourteenth Amendment of the United States Constitution, protecting the

4

right to due process and to equal protection under the laws regardless of whether an individual has been granted or denied a permit.

16.    It is the Dorrs' belief that Iowa Code § 724.8 (5) is unconstitutional facially and as applied when this provision is invoked to deny a person a nonprofessional permit to carry a weapon thus infringing upon the rights of all citizens as embodied under the Second Amendment of the United States Constitution protecting the right to keep and bear arms, and under the Fourteenth Amendment of the United States Constitution protecting the right to due process and to equal protection under the laws.

17.    The Dorrs based on information and belief allege the Plaintiff Class numbers are in excess of hundreds of persons and is so numerous joinder of all members would be impracticable. The size of the class and the identity of the class members are ascertainable through among other methods, the agencies and authorities responsible for granting or denying nonprofessional permits to carry weapons.

18.    Questions of law and fact common to the Plaintiff Class exist that predominate over questions affecting only individual members.

19.    The claims asserted by the Dorrs in this action are typical of the claims of the members of the Plaintiff Class, the claims arising from the same course of conduct by the Defendants, and the relief sought is common.

20.    The Dorrs will fairly and adequately represent and protect the interests of the Plaintiff Class. The Dorrs have retained competent and experienced counsel in both constitutional and class action litigation.

5

21.    A class action is superior to other methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Because the relief sought is in the form of declaratory relief to redress and prevent constitutional wrongs affecting all members of the class, it would be impracticable for each member to individually seek redress for the wrongful conduct alleged in this complaint. There will be no undue difficulty in the management of this litigation as a class action.

## FACTS

**Paul Dorr is engaged in controversial public issues in Iowa exposing him to threats against him for holding or supporting certain views and opinions.**

22.    Paul Dorr ("Dorr") is a citizen residing in Osceola County, Iowa.

23.    Dorr is a community activist engaged in public discourse regarding issues some citizens would characterize as controversial.

24.    Dorr also owns and operates a consulting business, Copperhead Consulting Services, that engages in activities to support other individuals, groups, associations, and other entities regarding but not exclusively, in political and election campaigns regarding controversial issues including but not limited to political, economic, or social issues.

25.    Some of the public issues citizens may consider controversial include anti-abortion issues; school or government bond and ballot questions; the war on terrorism; and taxes.

26.    Dorr also participates in presidential campaign contribution collections, requiring the transportation of money from one location to another, such as a bank.

6

27.    Dorr, in his capacity as an individual or through his consulting business, has participated in public debates and meetings where citizens have threatened him with physical harm.

28.    Dorr has observed at least one website blog which made reference to "shooting Paul Dorr."

29.    Dorr provided to Sheriff Weber a copy of the observed website blog which made reference to "shooting Paul Dorr."

**Since 2001 the Sheriff's Department issued Dorr a permit to carry a weapon, but denied his permit application in 2007.**

30.    From 2001 to 2006, Paul Dorr had a nonprofessional permit to carry a weapon.

31.    As required under Iowa law, Dorr renewed his permit each year since 2001.

32.    Each year, Dorr made his application with the Osceola County Sheriff's Department.

33.    In 2007, Dorr sought to renew his nonprofessional permit to carry a weapon with the Osceola County Sheriff's Department.

34.    Sheriff Weber denied Dorr his permit.

**Sheriff had no factual or reasonable rationale to deny Dorr a nonprofessional permit to carry a weapon in 2007.**

35.    On August 9, 2007 Paul Dorr met with Sheriff Douglas Weber at the same time as his denial to Dorr of his application for a nonprofessional permit to carry a weapon.

· 7

36.    During the Dorr's discussion with Sheriff Weber on August 9, 2007, Weber stated he had a problem with Dorr's application for a nonprofessional permit to carry a weapon.

37.    Sheriff Weber stated that he had "heard different things from some of the citizens and there's some fear out there of [Dorr]."

38.    Sheriff Weber could not provide Dorr with any specific allegations from citizens that substantiated a sense of "fear" as Weber described.

39.    Sheriff Weber provided no documentation to support his statement to Dorr regarding hearing from citizens that "there's some fear out there of [Dorr]".

40.    Sheriff Weber provided no documentation reflecting any interview of any citizen he claimed made an allegation of "fearfulness" of Dorr.

41.    Sheriff Weber provided no documentation that he conducted an investigation of any kind of an allegation asserted by any citizen whom made an allegation he or she feared Dorr.

42.    Sheriff Weber stated to Dorr that he did not "feel comfortable issuing the permit" and did not "trust him."

### Debra Dorr is granted a permit in 2008.

43.    Dorr's wife, Debra Dorr, applied for a nonprofessional permit to carry a weapon in 2008.

44.    Sheriff Weber granted Debra Dorr her a nonprofessional permit to carry a weapon.

8

### Paul Dorr sought a nonprofessional permit to carry a weapon in 2008 but is denied the permit.

45. Paul Dorr sought a nonprofessional permit to carry a weapon in 2008.

46. Sheriff Weber denied Dorr's requested permit.

47. Sheriff Weber did not provide a reason for Dorr's denial for a permit and "would deny any new application from [him]."

### Dorr personally and through his consulting business engaged in political challenges with the Osceola County Sheriff's Department and the County Attorney's Office.

48. Paul Dorr's consulting business engaged in political challenges with the Osceola County Sheriff's Department and the Osceola County Attorney's Office.

49. In 2006 and 2007, one of Dorr's consulting business clients challenged the Osceola County Sheriff's Department budget. The issue was considered a controversial political issue.

50. In 2006 and 2007, Dorr challenged the Osceola County Attorney's budget.

51. Osceola County has a population of approximately 6,500, the sixth smallest of 99 counties in Iowa.

52. Although the Osceola County attorney's office is also responsible for an area slightly larger than Osceola, the County Attorney is the fourth highest paid in the entire state of Iowa.

53. The amount paid to the County Attorney is controversial, particularly since Dorr has raised this political issue as a waste of taxpayer's money.

9

**Alexander Dorr sought a nonprofessional permit to
carry a weapon in 2008 but is denied the permit.**

54.     Alexander Dorr sought a nonprofessional permit to carry a weapon in 2008.

55.     Sheriff Weber denied Alexander Dorr's requested permit.

56.     Sheriff Weber did not provide Alexander Dorr a reason for the denial of the
requested permit.

57.     Sheriff Weber stated he would "consider a new application from [Alexander
Dorr] after his twenty-first birthday."

## COUNT I

### Against Sheriff Weber

**Sheriff Weber's denial to grant the Dorrs a nonprofessional permit to
carry a weapon is a violation of due process.**

**(Violation of the Second and Fourteenth Amendments
of the United States Constitution)**

**Sheriff Weber cannot provide Paul Dorr with documentation or other
information to substantiate claims that citizens are fearful of Dorr.**

58.     Paragraphs 1 through 57 are incorporated as if fully restated.

59.     The Second Amendment of the United States Constitution confers to a
person the right to keep and bear arms.

60.     The Fourteenth Amendment of the United States Constitution protects an
individual's right to due process.

61.     In August 2007, Sheriff Weber could not provide Paul Dorr with any specific
allegations from citizens that they "feared" Dorr.

10

62.   In August 2007, Sheriff Weber provided Dorr no documentation to support any allegation that substantiated a claimed allegation that citizens "feared" Dorr.

63.   Sheriff Weber did not provide to Dorr supporting documentation or other information to suggest he interviewed any person or obtained any witness statement, recording, other communication, or documentation to substantiate that citizens "feared" Dorr.

64.   Sheriff Weber stated to Dorr that he did not "feel comfortable issuing the permit" and did not "trust him."

### Dorr met all criteria under Iowa Code § 724.8 to be granted a nonprofessional permit to carry a weapon.

65.   Under Iowa Code § 724.7 when an individual justifies the need to be armed a nonprofessional permit to carry a weapon to be issued.

66.   Iowa Code §724.8 establishes the criteria to identify a person eligible for a nonprofessional permit to carry weapons.

67.   Under Iowa Code § 724.8, a nonprofessional permit to carry a weapon cannot be issued unless all established six criteria are met.

68.   If an individual meets all of the criteria established under Iowa Code § 724.8 that person is entitled to a nonprofessional permit to carry a weapon.

69.   Under Iowa Code § 724.8 (1) Dorr is over eighteen years of age.

70.   In 2007 and 2008, Dorr met the criteria under Iowa Code § 724.8 (1).

71.   Under Iowa Code § 724.8 (2) Dorr has never been convicted of a felony.

72.   In 2007 and 2008, Dorr met the criteria under Iowa Code § 724.8(2).

11

73.    Under Iowa Code § 724.8 (3) Dorr is not addicted to the use of alcohol or any controlled substance.

74.    In 2007 and 2008, Dorr met the criteria under Iowa Code § 724.8(3).

75.    Under Iowa Code § 724.8 (4) Dorr has no history of repeated acts of violence.

76.    In 2007 and 2008, Dorr met the criteria under Iowa Code § 724.8(4).

77.    Under Iowa Code § 724.8 (5) the issuing officer has made no reasonable determination that Dorr constitutes a danger to any person.

78.    In 2007 and 2008 Dorr met the criteria under Iowa Code § 724.8(5).

79.    Under Iowa Code § 724.8 (6) Dorr has never been convicted of any crime defined in Iowa chapter 708.

80.    In 2007 and 2008 Dorr met the criteria under Iowa Code § 724.8 (6).

### Dorr's engagement in controversial political issues and threats made against him substantiated a need for a nonprofessional permit to carry a weapon.

81.    Sheriff Weber knew that Dorr engages in controversial political issues, including but not limited to public discourse, advertising, petitioning, attending public debates and meetings, and advocating particular viewpoints in opposition to other citizen views or beliefs.

82.    Sheriff Weber knew that some citizens have opposing views to those of Dorr.

83.    Sheriff Weber knew that Dorr has a consulting business that involves working with citizens involved in controversial political issues.

84.    Sheriff Weber knew that some citizens oppose Dorr's advocacy of issues through his consulting business.

12

**Sheriff Weber gave no reason to deny Dorr a permit in 2007 and 2008.**

85.   In 2007 Sheriff Weber stated that he did not "feel comfortable issuing the permit" to Dorr.

86.   Sheriff Weber in 2007 and 2008 denied Dorr a permit for a nonprofessional permit to carry a weapon.

87.   Sheriff Weber in 2007 and 2008 could not articulate a reason to substantiate a "reasonable determination" to deny Dorr a nonprofessional permit to carry a weapon.

88.   Sheriff Weber in 2007 and 2008 did not articulate a reason to substantiate a "reasonable determination" to deny Dorr a nonprofessional permit to carry a weapon.

**Sheriff Weber denied Alexander Dorr a nonprofessional
permit to carry a weapon and declared consideration
of a new application only after his 21st birthday.**

89.   Alexander Dorr sought a nonprofessional permit to carry a weapon in 2008 but Sheriff Weber denied the requested permit.

90.   Sheriff Weber did not provide Alexander Dorr a reason for the denial of the requested permit.

91.   Sheriff Weber stated he would "consider a new application from [Alexander Dorr] after his twenty-first birthday."

**Alexander Dorr met all criteria under Iowa Code § 724.8 to
be granted a nonprofessional permit to carry a weapon.**

92.   Under Iowa Code § 724.7 when an individual justifies the need to be armed a nonprofessional permit to carry a weapon is issued.

13

93.    Iowa Code §724.8 establishes the criteria to identify a person eligible for a nonprofessional permit to carry weapons.

94.    Under Iowa Code § 724.8, a nonprofessional permit to carry a weapon cannot be issued unless all established six criteria are met.

95.    If an individual meets all of the criteria established under Iowa Code § 724.8 that person is entitled to a nonprofessional permit to carry a weapon.

96.    Under Iowa Code § 724.8 (1) Alexander Dorr is over eighteen years of age.

97.    In 2008 Alexander Dorr met the criteria under Iowa Code § 724.8 (1).

98.    Under Iowa Code § 724.8 (2) Alexander Dorr has never been convicted of a felony.

99.    In 2008 Alexander Dorr met the criteria under Iowa Code § 724.8(2).

100.    Under Iowa Code § 724.8 (3) Alexander Dorr is not addicted to the use of alcohol or any controlled substance.

101.    In 2008 Alexander Dorr met the criteria under Iowa Code § 724.8(3).

102.    Under Iowa Code § 724.8 (4) Alexander Dorr has no history of repeated acts of violence.

103.    In 2008 Alexander Dorr met the criteria under Iowa Code § 724.8(4).

104.    Under Iowa Code § 724.8 (5) the issuing officer has made no reasonable determination that Alexander Dorr constitutes a danger to any person.

105.    In 2008 Alexander Dorr met the criteria under Iowa Code § 724.8(5).

106.    Under Iowa Code § 724.8 (6) Alexander Dorr has never been convicted of any crime defined in Iowa chapter 708.

14

107.   In 2008 Alexander Dorr met the criteria under Iowa Code § 724.8 (6).


**Sheriff Weber acted illegally and denied the Dorrs due process
and in so doing violated their right to keep and bear arms.**

108.   Sheriff Weber's denial to grant the Dorrs a nonprofessional permit to carry a weapon is an illegal act.

109.   Sheriff Weber's decisions against the Dorrs were arbitrary and unreasonable, not authorized by, contrary to the terms, and spirit, and purpose of Iowa Code § 724.8, unsupported by the facts on which the Sheriff's power to act depends, or within which the power must be exercised.

110.   Sheriff Weber's decisions to deny the Dorrs a nonprofessional permit to carry a weapon without a "reasonable determination" violated the Dorrs' constitutional right to due process under the law as protected under the Fourteenth Amendment of the United States Constitution.

111.   Sheriff Weber's decisions to deny the Dorrs a nonprofessional permit to carry a weapon without a "reasonable determination" violated the Dorrs' constitutional right to keep and bear arms as protected under the Second Amendment of the United States Constitution.

112.   As a result of Sheriff Weber's action, the Dorrs have suffered damages and this Court should grant all relief entitled to them under 42 U.S.C. § 1983.


15

## COUNT II

### Against Osceola County

#### (Violation of the Second and Fourteenth Amendments of the United States Constitution)

#### Infringement of the Dorrs' right to due process and to keep and bear arms.

113.    Paragraphs 1 through 112 are incorporated as if fully restated.

114.    Sheriff Weber, acting as an agent and on behalf of the defendant Osceola County, within his scope of his employment, did violate the Dorrs right to due process under the Fourteenth Amendment of the United States.

115.    Sheriff Weber, acting as an agent and on behalf of the defendant Osceola County, within his scope of his employment, did violate the Dorrs right to keep and bear arms under the Second Amendment of the United States.

116.    Osceola County is responsible for the actions of Sheriff Weber as an employee and agent of the Osceola County designated Sheriff Weber as the issuing officer to grant or deny nonprofessional permits to carry weapons.

117.    Osceola County denied the Dorrs due process of law when the Dorrs were denied a nonprofessional permit to carry a weapon under Iowa Code § 724.8 in 2007, for Paul Dorr, and 2008 for both Dorrs, as a result of the policies of the Osceola County Sheriff's Department as applied to the Dorrs.

118.    Policies implemented through the Osceola County Sheriff's Department is reflective of Osceola County policies regarding granting or denying nonprofessional permits to carry weapons.

16

119.   The policies of Osceola County are executed through the Sheriff's Department and through Sheriff Weber on behalf of Osceola County regarding the granting or denial of nonprofessional permits to carry weapons.

120.   As a result of Osceola County actions, the Dorrs have suffered damages as a result the infringement of their constitutional rights under the Second and Fourteenth Amendments of the United States Constitution, this Court should grant all relief entitled to them under 42 U.S.C. § 1983.

## COUNT III

### Against Osceola County Sheriff's Department

#### (Violation of the Second and Fourteenth Amendments of the United States Constitution)

Infringement of the Dorrs' right to due process and to keep and bear arms.

121.   Paragraphs 1 through 120 are incorporated as if fully restated.

122.   Sheriff Weber, acting as an agent and on behalf of the defendant Osceola Sheriff's Department, within his scope of his employment, did execute policies regarding the granting or denial of nonprofessional permits to carry weapons on behalf of the County for the Department as the issuing officer of such permits.

123.   Osceola County designated the Osceola County Sheriff's Department to execute County policies regarding the granting or denial of nonprofessional permits to carry weapons.

124.   Osceola County designated Sheriff Weber as the issuing officer to grant or deny nonprofessional permits to carry weapons.

17

125.   The Dorrs were denied a nonprofessional permit to carry a weapon under Iowa Code § 724.8 in 2007, as to Paul Dorr, and in 2008 for both Dorrs, as a result of the policies of the Osceola County Sheriff's Department as applied to the Dorrs.

126.   The Osceola County Sheriff's Department denied the Dorrs due process of law.

127.   The Osceola County Sheriff's Department denied the Dorrs the right to keep and bear arms.

128.   Policies implemented through the Osceola County Sheriff's Department is reflective of Osceola County policies regarding granting or denying nonprofessional permits to carry weapons.

129.   The policies of the Sheriff's Department are executed through Sheriff Weber on behalf of Osceola County regarding the granting or denial of nonprofessional permits to carry weapons.

130.   As a result of the Osceola Sheriff's Department's actions violating the Dorrs' right to due process and to keep and bear arms under the Fourteenth and Second Amendments of the United States Constitution, they have suffered damages and this Court should grant all relief entitled to them under 42 U.S.C. § 1983.

18

## COUNT IV

### Against Sheriff Weber

**Sheriff Weber's denials to grant Dorr a nonprofessional permit to carry a weapon violated his right to equal protection**

**(Violation of the Second and Fourteenth Amendments of the United States Constitution)**

**Sheriff Weber granted a nonprofessional permit to carry weapons to individuals including Paul Dorr's wife Debra Dorr.**

131.    Paragraphs 1 through 130 are incorporated as if fully restated.

132.    Sheriff Weber is an issuing officer in Osceola County for denying or granting nonprofessional permits to carry weapons.

133.    Sheriff Weber does grant nonprofessional permits to carry weapons to persons if they meet the criteria established under Iowa Code § 724.8.

134.    Sheriff Weber did grant to persons nonprofessional permits to carry weapons in 2007.

135.    Sheriff Weber did grant to persons nonprofessional permits to carry weapons in 2008.

136.    From 2001-2006, Osceola County and the Osceola Sheriff's Department through Sheriff Weber and his predecessor, did grant Paul Dorr a nonprofessional permit to carry weapons on a yearly basis because he met the criteria under Iowa Code § 724.8.

137.    Debra Dorr, wife of Paul Dorr, did meet the criteria established under Iowa Code § 724.8.

138.    Sheriff Weber granted to Debra Dorr a nonprofessional permit to carry a weapon in 2008.

19

### Sheriff Weber gave no reason to deny Paul Dorr a permit to carry a weapon in 2007 and 2008.

139.  In 2007 Sheriff Weber stated that he did not "feel comfortable issuing the permit" to Paul Dorr and denied him the requested nonprofessional permit to carry a weapon.

140.  Sheriff Weber in 2008 again, denied Dorr a permit for a nonprofessional permit to carry a weapon.

141.  Sheriff Weber in 2007 and 2008 did not provide a "reasonable determination" articulated as a reason to deny Dorr a nonprofessional permit to carry a weapon.

### Sheriff Weber gave no reason to deny Alexander Dorr a permit to carry a weapon in 2008.

142.  Sheriff Weber in 2008 denied Alexander Dorr a permit for a nonprofessional permit to carry a weapon.

143.  Sheriff Weber stated he would "consider a new application from [Alexander Dorr] after his twenty-first birthday."

144.  Sheriff Weber in 2008 did not provide a "reasonable determination" articulated as a reason to deny Alexander Dorr a nonprofessional permit to carry a weapon.

### Sheriff Weber acted illegally and denied the Dorrs equal protection under the law.

145.  Sheriff Weber's denial to grant the Dorrs a nonprofessional permit to carry a weapon is an illegal act.

146.  Sheriff Weber's decisions against the Dorrs were arbitrary and unreasonable, not authorized by, contrary to the terms, and spirit, and purpose of Iowa Code § 724.8,

20

unsupported by the facts on which the Sheriff's power to act depends, or within which the power must be exercised.

147.    Sheriff Weber's decisions to deny the Dorrs a nonprofessional permit to carry a weapon while granting a permit to others who also meet the criteria established under Iowa Code § 724.8 is unequal treatment under the law.

148.    Sheriff Weber's decisions to deny the Dorrs a nonprofessional permit to carry a weapon while granting a permit to others who also meet the criteria established under Iowa Code § 724.8 are violations of the Dorrs' constitutional right to equal protection under the Fourteenth Amendment of the United States Constitution.

149.    Sheriff Weber's decisions to deny the Dorrs a nonprofessional permit to carry a weapon while granting a permit to others who also meet the criteria established under Iowa Code § 724.8 are violations of the Dorrs' constitutional right to keep and bear arms under the Second Amendment of the United States Constitution.

150.    As a result of Sheriff Weber's actions infringing upon the constitutional rights of the Dorrs under the Second and Fourteenth Amendments of the United States Constitution has resulted in the Dorrs suffering damages and this Court should grant all relief entitled to them under 42 U.S.C. § 1983.

21

## COUNT V

### Against Osceola County

### (Violation of the Second and Fourteenth Amendments of the United States Constitution)

### Infringement of the Dorrs' right to equal protection under the law.

151.    Paragraphs 1 through 150 are incorporated as if fully restated.

152.    The Dorrs were denied nonprofessional permits to carry weapons under Iowa Code § 724.8.

153.    Sheriff Weber, acting as an agent and on behalf of the defendant Osceola County, within his scope of his employment, did violate the Dorrs' right to equal protection under the Fourteenth Amendment of the United States.

154.    Osceola County designated Sheriff Weber as the issuing officer to grant or deny nonprofessional permits to carry weapons.

155.    Policies implemented through the Osceola County Sheriff's Department are reflective of Osceola County policies regarding granting or denying nonprofessional permits to carry weapons.

156.    The policies of Osceola County are executed through the Sheriff's Department and through Sheriff Weber on behalf of Osceola County regarding the granting or denial of nonprofessional permits to carry weapons.

157.    As a result of Osceola County actions the Dorrs have suffered damages due to the infringement of their Second and Fourteenth Amendment rights under the United States Constitution, and this Court should grant all relief entitled to him under 42 U.S.C. § 1983.

22

## COUNT VI

### Against Osceola County Sheriff's Department

### (Violation of the Second and Fourteenth Amendments of the United States Constitution)

### Infringement of the Dorrs' right to equal protection under the law.

158.    Paragraphs 1 through 157 are incorporated as if fully restated.

159.    The Dorrs were denied nonprofessional permits to carry weapons under Iowa Code § 724.8.

160.    As Weber, acting as an agent and on behalf of the defendant Osceola Sheriff's Department, within his scope of his employment, did execute policies regarding the granting or denial of nonprofessional permits to carry weapons on behalf of the County for the Department as the issuing officer of such permits.

161.    Osceola County designated the Osceola County Sheriff's Department to execute County policies regarding the granting or denial of nonprofessional permits to carry weapons.

162.    Osceola County designated Sheriff Weber as the issuing officer to grant or deny nonprofessional permits to carry weapons.

163.    Policies implemented through the Osceola County Sheriff's Department are reflective of Osceola County policies regarding granting or denying nonprofessional permits to carry weapons.

164.    The policies of the Sheriff's Department are executed through Sheriff Weber on behalf of Osceola County regarding the granting or denial of nonprofessional permits to carry weapons.

23

165.    As a result of the Osceola Sheriff's Department's actions against the Dotts infringing upon protected rights under the Second and Fourteenth Amendments of the United States Constitution, they have suffered damages and this Court should grant all relief entitled to them under 42 U.S.C. § 1983.

## COUNT VII

### Declaratory Judgment invalidating Iowa Code provision as overly broad and vague governing determinations to a nonprofessional permit to carry a weapon.

### Infringement of Second Amendment Right to Keep and Bear Arms

### (Violation of the Second Amendment of the United States Constitution)

166.    Paragraphs 1 through 165 are incorporated as if fully restated.

167.    Paul Dorr and Alexander Dorr applied for a nonprofessional permit to carry a weapon under Iowa Code § 724.8.

168.    Iowa Code § 724.8 identifies six criteria to allow the issuing of a nonprofessional permit to carry weapons.

169.    The Dorrs met all the requirements under Iowa Code § 724.8.

170.    Sheriff Weber denied Paul Dorr in 2007 and 2008 a nonprofessional permit to carry a weapon.

171.    Sheriff Weber denied Paul Dorr a nonprofessional permit to carry a weapon in 2007 and 2008 without providing a reason or provided documentation to support his reason for the denial.

24

172.    Sheriff Weber denied Paul Dorr a nonprofessional permit to carry a weapon under Iowa Code § 724.8 (5): "The issuing officer reasonably determines that the applicant does not constitute a danger to any person."

173.    Sheriff Weber's denial of a nonprofessional permit to carry a weapon under Iowa Code § 724.8 (5) meant Paul Dorr is a danger to a person or persons.

174.    Sheriff Weber denied Alexander Dorr a nonprofessional permit to carry a weapon in 2008.

175.    Sheriff Weber stated he would "consider a new application from [Alexander Dorr] after his twenty-first birthday."

176.    Sheriff Weber in 2008 did not provide a "reasonable determination" articulated as a reason to deny Alexander Dorr a nonprofessional permit to carry a weapon.

177.    The Second Amendment confers an individual right to keep and bear arms.

178.    Iowa Code § 724.8 (5) term "[t]he issuing officer reasonably determines that the applicant does not constitute a danger to any person" is unconstitutionally vague and overbroad.

179.    There is a substantial controversy between the parties.

180.    The parties have adverse legal interests concerning the implementation and execution of Iowa Code § 724.8 and the constitutional rights identified under the Fourteenth Amendment of the United States Constitution, namely due process of law and equal protection of the laws.

181.    The parties have adverse legal interests concerning the implementation and execution of Iowa Code § 724.8 and the constitutional right identified under the Second Amendment of the United States Constitution, namely the right to keep and bear arms.

182.    Iowa Code § 724.8 (5) is facially unconstitutional as overbroad because Iowa does not have a compelling state interest in penalizing a person's right to keep and bear arms through denials of permits when juxtaposed with the code's legitimate sweep as specifically delineated under Iowa Code § 724.8 (1)- (4) and (6).

183.    Iowa Code § 724.8 (5) is unconstitutionally overbroad as applied because it is not narrowly tailored to meet a compelling state interest. Failing to incorporate an objective standard to avoid the ambiguity of subjective standards, in contrast to objective standards demonstrated in § 724.8 (1)- (4) and (6), a person will not know under what conduct he or she will be judged thereby threatening to inhibit the exercise of the constitutionally protected right to carry a weapon under Iowa Code § 724.8 as contemplated under the Second Amendment.

184.    Iowa Code § 724.8 (5) is unconstitutionally vague. Iowa does not have a compelling state interest in penalizing a person's right to keep and bear arms through permit denials when the code is so ambiguous if fails to convey with certainty the code's intended sweep since it does not allow a person to understand the conduct on which he or she will be judged. The application of the § 724.8 (5) thereby threatens to inhibit the exercise of the constitutionally protected right to carry a weapon under Iowa Code § 724.8 as contemplated under the Second Amendment.

26

185.    The Dorrs are entitled to a declaration finding Iowa Code § 724.8 (5) unconstitutional.

## JURY TRIAL DEMANDED

186.    Paragraphs 1-185 are incorporated as if restated.

187.    The Dorrs demand a jury trial on all allegations and claims asserted in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Paul Dorr respectfully prays for judgment and relief from this Court:

1.  That this Court certify the class as described in this Complaint;

2.  That Defendant Sheriff Douglas L. Weber, a Sheriff of the Osceola County Sheriff's Department, violated Paul Dorr's and Alexander Dorr's constitutional rights to due process as protected under the Fourteenth Amendment of the United States Constitution;

3.  That Defendant Sheriff Douglas L. Weber, a Sheriff of the Osceola County Sheriff's Department, violated Paul Dorr's and Alexander Dorr's constitutional rights to equal protection of the law as protected under the Fourteenth Amendment of the United States Constitution;

4.  That Defendant Sheriff Douglas L. Weber, a Sheriff of the Osceola County Sheriff's Department, denied Paul Dorr and Alexander Dorr nonprofessional permits to carry a weapon thereby denying their Second Amendment rights to

27

keep and bear arms under Iowa Code § 724.8 as contemplated under the United States Constitution;

5. That the Defendant Osceola County violated Paul Dorr's and Alexander Dorr's constitutional rights to due process as protected under the Fourteenth Amendment of the United States Constitution;

6. That the Defendant Osceola County violated Paul Dorr's and Alexander Dorr's constitutional rights to equal protection as protected under the Fourteenth Amendment of the United States Constitution;

7. That the Defendant Osceola County violated Paul Dorr's and Alexander Dorr's Second Amendment rights to bear arms as contemplated under the United States Constitution;

8. That Defendant Osceola Sheriff's Department violated Paul Dorr's and Alexander Dorr's constitutional rights to due process as protected under the Fourteenth Amendment of the United States Constitution;

9. That the Defendant Osceola Sheriff's Department violated Paul Dorr's and Alexander Dorr's constitutional rights to equal protection as protected under the Fourteenth Amendment of the United States Constitution;

10. That the Defendant Osceola Sheriff's Department violated Paul Dorr's and Alexander Dorr's Second Amendment rights to keep and bear arms under Iowa Code § 724.8 as contemplated under the United States Constitution;

11. That this Court declares Iowa Code § 724.8 (5) unconstitutional under the United States Constitution;

28

12. That Paul Dorr and Alexander Dorr are entitled to nonprofessional permits to carry a weapon under Iowa Code § 724.8;

13. That this Court direct the Osceola County Sheriff's Department to immediately issue a nonprofessional permit to carry a weapon to Paul Dorr and Alexander Dorr;

14. That Plaintiffs Paul Dorr and Alexander Dorr are entitled to all attorney fees and costs under 23 U.S.C. §§ 1983, 1988, or any other statute allowed by law; and

15. For such other relief as this Court may deem just and equitable.


MOHRMAN & KAARDAL, P.A.

Dated:  November 19, 2008

s/Vincent J. Fahnlander
Vincent J. Fahnlander
Erick G. Kaardal
33 South Sixth Street, Suite 4100
Minneapolis, Minnesota 55402
Telephone: 612-341-1074
Facsimile:  612-341-1076
Fahnlander@mklaw.com
Kaardal@mklaw.com

*Attorneys for Plaintiffs*

29

## Transcript of conversation between Paul Dorr and Sheriff Doug Weber
## August 9, 2007, approx. 1:15pm.

DW: Hi Paul.

PRD: Hi Sheriff.

DW: How you doing?

PRD: Good!

DW: Come on in.

PRD: OK

DW: Is it warm enough out there?

PRD: It's a little...the humidity doesn't seem as bad. I kind of like that. The humidity is what gets me.

DW: Well I've been reviewing your permit here Paul...

PRD: Mm uhm.

DW: ..I guess I have a problem with it. I uh, since I've been Sheriff I've heard different things from some of the citizens and there's some fear out there of you. Some of them are uh...scared to death of you. So much so that they won't even let me document a report or something like that cause they are fearful that you'd find out.

PRD: [Pause] You're serious.

DW: Yeh. I'm serious. [Pause] So I don't feel comfortable issuing the permit.

PRD: Did they give you specific allegations of things that I did that prompted that fear?

DW: No.

PRD: [Pause] So you got parties who've uhm, won't give any specifics as to anything I've done that prompts their fear. How many parties – one, five...two?

DW: Well I don't want to get into that. I mean it's my opinion. I don't feel comfortable with it Paul. I am not going to issue it because of that. [Pause] I don't like to get reports...if I don't trust somebody completely, then I don't feel comfortable issuing the permit.

PRD: Yeh, but you're getting reports that you haven't even pursued the allegations and specifics thereof. You're just getting a 'report' that somebody says they are afraid of me. And based on that you're not going to do any more investigation. And yet you are going to make your judgment.

DW: It's my opinion.

PRD: Oh, I understand you have the discretion. I understand that. But, Doug it's starting to look personal.

DW: It's not personal.

PRD: [Chuckling] It's starting to look that way. You have no basis for it. You didn't investigate...you've admitted you didn't investigate any of the allegations. You just...they're afraid. That's all they told you. ....You didn't ask any questions.

DW: [Pause] I'm not going to tell you what I did. That's not a public record so...

PRD: Well, but you already told me, you didn't. I asked if you asked any specifics and you said "No".

DW: Well, they told me some information. I didn't go out and interview 100 people to verify this and verify that.

PRD: [Standing to leave] Now you're changing your story.

DW: No I'm not. Look I'm not going to argue with you.

PRD: I'm not either. If you want to pursue this course Doug, you go right ahead.

DW: OK, thank you.



DEPOSITION EXHIBIT
9
PENGAD 800-631-6989
Jm 11-30-09

June 23, 2008

"My Sergeant Chad Julius has resigned and taken a position in the Spencer police department. He's been with us for about seven years." Asked by council member Nobles if he gave any reason for resigning, Sheriff Weber replied, "Uh, some yeh." Pressed further if it was a financial decision, Weber replied, "Some. [pause] He expressed that he was disappointed in some of the negative things that were in the press. Letters to editor and that kind of thing. He didn't think that there was public support for law enforcement." Upon Nobles' further inquiry Weber said, "He's local. He's got family in Little Rock yet. He said he likes working here. He decided to go over there [sic. to Spencer]."

From there the discussion went into who will take care of the drug dog, which Julius had previously handled. But that was the total of the explanation has to why Julius resigned.

the site is located approximately one (1) mile East of the intersection of existing Highway 9 and Highway 60 and also being located West of the new interchange of the Highway 60 Bypass on Highway 9. Said site is approximately 1.5 miles North and 1 mile East of Sibley, Iowa.

Roll call vote: Imhoff, Petersen, Strenge, Lopau and Bellman

Passed by the Osceola County Board of Supervisors and approved this 14th day of September, 2007.

Imhoff moves to approve the Rural Economic Development Loan agreement of $369,000 between the Osceola County Board of County Supervisors and Osceola Electric Cooperative, Inc. Seconded by Petersen. All vote "Aye". Motion carried.

It was moved by Imhoff, seconded by Lopau, motion unanimously carried to approve the Promissory Draw between Osceola County Board of Supervisors and Osceola Electric Cooperative, Inc. on the contingent that the county makes a down payment of $69,000 with the remaining principal balance of $300,000 not $369,000 and payments would be $30,000 a year for the next 10 years not $36,900 a year.

Strenge moves to approve the Management Representation Letter by Ultimate loan recipient with Osceola Electric Cooperative, Inc. Seconded by Petersen. All vote "Aye". Motion carried

It moved by Petersen, seconded by Lopau motion unanimously carried to approve the following driveway applications:

Arnie Langstraat, Viola Township, section 24; Jeff Smith, Baker Township, section 25; Travis Klaassen, Viola Township, section 24; Randy Rost, Fairview Township, section 30.

It was moved by Lopau, seconded by Imhoff, motion unanimously carried to approve Iowa Telecom underground cable in Fairview Township, section 29.

Petersen move to approve the following resolution. Seconded by Strenge. All vote "Aye". Motion carried.

Resolution #07/08

WHEREAS, a petition has been filed with the Osceola County Engineer asking that action be taken to vacate and close a section of Osceola County Secondary Road, describes as follows:

The remaining East ½ mile (2640.66') of 110th Street between Sections 12 and 13 of Viola Township, T100N, R43 W of Osceola County, except for the present established 50' easement on County Road L-40.

NOW THEREFORE BE IT RESOLVED that a hearing on the proposed vacation will be held in the Board Room, Osceola County Courthouse, Sibley, Iowa, 51249 at 9:30 a.m. on September 25, 2007, in accordance with Iowa Code Chapter 306.

Roll call vote: Aye-Petersen, Imhoff, Lopau, Strenge, and Bellman. Motion carried. Resolution #4 07/08 is approved and adopted.

It was moved by Imhoff, seconded by Lopau, motion unanimously carried to approve the following resolution.

sage and approval as provided by law.

Roll call vote: "Aye" Lopau, Strenge, Petersen, Imhoff and Bellman. "Nay" None. Resolution #5 07/08 is approved and adopted.

Imhoff moves to approve the one time payment of $854.12 a Seasons reimbursement from Magellan Health Services. Seconded by Strenge. Motion carried.

Linda Carter, county treasurer, submitted a tax suspension according to Iowa Code 427.9. The parcel for the suspension is 141323030 in the amount of $198.00. It was moved by Imhoff, second by Strenge, motion unanimously carried.

Payroll registers for 8-29-07, 8-31-07, 9-07-07, 9-12-07, and 9-14-07 were reviewed.

It was moved by Lopau, second by Imhoff, motion unanimously carried to approve the payment of claims submitted by the auditor's office.

**General Basic Fund**

| | |
|---|---|
| Alliant Energy, Conservation acct. | 470.24 |
| Alltel, Conservation account | 149.76 |
| Amy's Sign Design, Plaque | 38.00 |
| Arrow Manufacturing Inc. Labor | 55.00 |
| Borngaars, Cleaning & Painting | 1570.50 |
| Bosma Water Service, Courthouse | 22.50 |
| Karen Bosma, Ambulance service | 35.00 |
| Bound Tree Medical, LLC, Ambulance supplies | 156.72 |
| Albert Breuker, Zoning commission | 22.38 |
| Cooperative Elevator Asso, Conservation acct. | 174.39 |
| Cooperative Energy Co, Fuel-Courthouse | 1405.78 |
| Dataline Associates, Toner | 197.00 |
| Arnold Dsvire, Meetings | 193.80 |
| Richard Engler, &c. Affairs meetings | 50.00 |
| Farm Bureau, Membership dues | 40.00 |
| Follar Companies, Recorder's fee book | 20.00 |
| Roger Froderman, Ambulance service | 15.00 |
| George Office Products, Office supplies | 41.64 |
| Kerry Glade, Ambulance service | 50.00 |
| Harry's Motor LTD, Conservation-Equipment | 119.81 |
| Heartland Security Service, Security system | 20.94 |
| Jerry Helmers, Ambulance service | 12.75 |
| HickoryTech, Co Atty-Service | 355.31 |
| Hillyard Fl Care Supply, Custodial supplies | 117.64 |
| Robert Hoekstra, Ambulance service | 42.50 |
| I A C C B E & Carroll County Co Annual conference registration | 205.00 |
| Ia Dept of Public Health, Vital records paper | 128.00 |
| Ia Lake Community College, Class registration | 85.00 |
| Iowa Telecom, Conservation | 130.76 |
| Jeddeloh-Ford-Mercury, Conservation acct | 326.04 |
| Howard Johnson, Bd of Adjustment | 12.80 |
| Stanley Johnson, Zoning commission | 11.98 |
| Presley Johnston, Ambulance service | 10.00 |
| Keith M Merrick Co, Shirts for jailers | 40.65 |
| Michael J Kleve, Meetings | 103.80 |
| Brad Knock, Ambulance service | 12.50 |
| Chris Kruger, Ambulance service | 15.00 |

Sibley Gazette-Tribune 9/26/07

# Public Notice

## OSCEOLA COUNTY PUBLIC SAFETY COMMISSION

The Osceola County Public Safety Commission met in the meeting room at the Osceola County Public Safety Building, Sibley, Iowa on September 12, 2007 at 5:00 PM for its regular monthly meeting.

THOSE PRESENT WERE: Doug Weber, Jerry Johnson, Darwin Bellman, Byron Lopau, Doyle Trei, Gary Benz, Dick Mataloni

GUESTS PRESENT WERE: Brenda Hibbing

Jerry Johnson called the meeting to order with roll call at 5:01 PM.

Jerry Johnson requested a motion to approve the agenda as printed. Dick Mataloni made a motion to approve the agenda, which was seconded by Darwin Bellman. Motion carries unanimously.

Motion was made by Gary Benz and seconded by Byron Lopau to approve the minutes of the August 8, 2007 public safety meeting, which were mailed prior to the meeting. Motion carried unanimously.

Claims were reviewed and discussed.

Motion was made by Byron Lopau and seconded by Dick Mataloni to approve the claims for payment. Motion carried unanimously.

In other business, Sheriff Weber advised that Wyatt Diesel had been hired as a part-time deputy sheriff. He is certified in Nebraska, so application was made to the Ia Law Enforcement Academy for certification. He may take a written exam to be certified in Iowa if the academy approves.

Commission member Dick Mataloni showed support to Sheriff Doug Weber for denying a concealed weapon permit to Paul Dorr. Mr. Dorr had written a letter to concealed weapon permit holders and others indicating that he had been denied his 2nd amendment rights. Sheriff Weber is not comfortable giving Mr. Dorr a permit he does not trust him. Sheriff Weber has received many calls in support of his decision. (See attached letters)

With no further business, the October meeting was set for October 10, 2007 at 5:00 PM.

Jerry Johnson adjourned the meeting at

5:14 PM.

Respectfully submitted by Brenda Hibbing

September 12, 2007
Claims Approved by Public Safety Commission

**Unified Law Fund**

| | |
|---|---|
| Solutions', Sheriff-Labor | 18.70 |
| Alliant Energy, Radio tower | 03.18 |
| Alltel, P.S. cell phone | 75.60 |
| Brad's Auto Specialties, Car#8 repairs | |
| | 398.40 |
| CareerTrack, Manager class | 149.00 |
| Chief, Car parts | 300.95 |
| Cooperative Energy Co, Sheriff's account | |
| | 1182.21 |
| Creative Living Center, Proctoring MMPI-2 | |
| | 60.00 |
| Valerie Croan, Fuel-Transport juvenile | |
| | 11.01 |
| First National Bank, Sheriff's account | |
| | 122.53 |

(right column, faint)
Melvin Rebuilders, re...
Mid-Iowa Sales Co, si...
Northern Ia Construction...
Northwest Ready-Mi...
Ocheyedan Coop Elev...
City of Ocheyedan, util...
Office Elements, office...
Osceola Co Rural Wat...
Osceola Rural Elec Co...
Pete Clauson Trucking...
Pete Howe Industrial...
The Press, public notic...
Raveling Inc, repairs...
Rees Mac Sales & Ser...
Rock Rapids Cashway...
Schnepf Lumber Com...
Sibley Auto Parts, part...
Sibley Equipment Con...
Sibley Hardware, shop...
Sibley Printing & Publ...
Sibley Variety, folders...
City of Sibley, utilities...
Sioux City Iron Comp...
Town & Country, mon...
U S Cellular, cell phon...
Welders Supply Co Inc...
Ziegler Inc, filters...
Emergency Managem...
Deb Goertig, Mileage...
HickoryTech, Service...
John McDougall, Mile...
Ralph Wilchinni, Mile...
E911 Serv-Comm Fu...
HickoryTech, Service...
Qwest, Service...
Unified Law Fund...
H B Leiserowitz Co, V...
Co, Assessor Agency...
"Solutions", Support...
Rochelle Buchman, Cl...
Cooperative Energy C...
HickoryTech, Service...
Lenovo, Computer...
Gundwritten Checks...
General Basic Fund...
Postmaster, Postage...
Secondary Road Fun...
Postmaster, Postage...

There being no...
declares adjournment...

Darwin Bellman,
Chairman

# News

## Presidential candidate information meeting Sept. 27

The public is invited to an informational meeting discussing the Democratic candidates running for President of the United States to be held Thursday evening September 27, from 7:00 p.m. to approximately 8:30 p.m., at the Sibley public library meeting room. Located at 406 9th Street, Sibley.

Representatives from all the major Democratic Presidential candidates have been invited to give a short presentation about their candidate to be followed by an open question and answer period. Topics ranging from health care, the war in Iraq, the budget, farm policy, energy issues, deficits, veterans issues and many more topics will be addressed. This should be a great opportunity to learn more about the major candidates running for President before Iowa's Precinct Caucuses January 14, 2008.

As this is an informational meeting there is no cost to attend. All interested individuals are invited and encouraged to attend.

## Pest management course Oct. 3

Osceola county will serve as a site for the Wednesday, October 3, roadside, forest and aquatic pest management continuing instructional course (CIC) for commercial pesticide applicators. The CIC will be shown at locations throughout Iowa and is sponsored by Iowa State University Extension's Pest Management and the Environment Program (PME.)

The local site for the October

3, CIC is the Osceola County Extension office located in Sibley. The course will be held from 9:00 a.m. - 11:30 a.m. with registration opening at 8:30 a.m. There is a registration fee, which increases after September 26. To register or to obtain additional information about the CIC, contact Kristin at the Osceola County Extension office by phoning, 712/754-3648.

The 2007 roadside, forest and aquatic pest management CIC for commercial pesticide applicators will provide continuing instructional credit for commercial pesticide applicators certified in categories 2, forest pest control; 5, aquatic pest control; 6, right-of-way pest control; and 10, demonstration and research. The course will cover topics such as laws, regulations and labels; weed management; aquatic and forest pest issues; and safe handling and storage of pesticides.

Course participants will have the opportunity to e-mail or fax their questions to pesticide and pest management experts form Iowa State University Extension.

## Concealed weapon permit denied by Osceola sheriff

During a very brief public safety meeting September 12, sheriff Doug Weber informed members that he had denied a concealed weapon permit for Paul Dorr of Ocheyedan. According to Weber, Dorr had written a letter to concealed weapon permit holders and others indicating he had been denied his second amendment rights.

Weber stated he was not comfortable giving Dorr a permit as he does "not trust him." The

sheriff has received many calls in support of his decision. Commission member Dick Mataloni expressed his support to the sheriff for the permit denial.

Weber informed members that Wyatt Dagel has been hired as a parttime deputy sheriff. Dagel is certified in Nebraska so an application was made to the Iowa Law Enforcement Academy for certification. If the academy approves, he may take a written exam to be certified in Iowa.

## We do commercial printing!

## Log...

The deadline
Osceola county
test has been
Wednesday, Oc
First announce
the purpose of
promote our area
and values wit
logo. For years,
used to identifi
product or team
Company uses a
has their check
have their tra
helmet with the
Each of these s
product or team
the hope of the
Group to design
also promote Os
positive way.

To accomplish
project, we are p

## Osceola county supe

The Osceola County Board of Supervisors met August 28, 2007, at 8:30 a.m. at Sibley, pursuant to law and to adjournment with the following members present: Chairman Darwin Bellman, Byron Lopau, Daryl Strange, Derrick Petersen, and Bill Imhoff.

It was moved by Lopau, seconded by Imhoff, motion unanimously carried, to approve the August 28, 2007 agenda with the following changes: approve appointment for Wyatt Dagel; Mary Faber-Home Health.

Petersen moves to approve the August 14, 2007 minutes. Second by Strange. All vote "Aye." Motion carried.

It was moved by Imhoff, second by Petersen, motion unanimously carried, to approve meeting in regular session on September 14th and 25th with claims being approved on the same dates.

Petersen moves to approve the appointment of Wyatt Dagel as part-time, part-time reserve officer. Second by Lopau. All vote "Aye." Motion carried.

Bob Hansen, county attorney reviewed the following documents with the board regarding the loan agreement for the purchase of land for a development park. Rural Economic Development Loan Agreement (between Osceola county and Osceola Electric Cooperative); promissory Draw Note; management Representation Letter by Ulti-mate Loan Recipient; Proposed letter of

tion may be initiated
erating bodies (city
supervisors) represen
county's population.
the election are filed
City councils must t
supervisors of their a
were informed that at
required resolution t
imposes the election
board visited with Bo
ney, regarding wordi
Hansen will prepar
board to approve at t
ing. The proposed c
January 8, 2008.

It was moved by
pay, motion unanime
the following: oliver
Bremer, Honton row
old Feldkamp, East
tion 5; Jim Terpstra,
tion 5; Ken Weg, W
10; Scott Hulstein, B
18; Mark Leckband,
Section 22; Steve L
ship, Section 33.

Tom Snyder, co
the board he had re
cate a 1/2 mile of r
between Sections 1

# STATE OF IOWA

## APPLICATION FOR PERMIT TO CARRY WEAPONS
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

☐ Professional Permit (WP1)  
☒ Nonprofessional Permit (WP2)

☐ Peace Officer Permit (WP7)  
☐ Reserve Peace Officer Permit (WP10)  
☐ Correctional Officer Permit (WP9)

☒ New Application  
☐ Renewal - Permit Number _____

Firearms Safety Training Certification Number or Peace Officer Certification Date _____

Attach copy of WP0 Firearms Safety Training Program Certificate of Completion (except certified peace officer)

Name _Schulte_ _Aaron_ _Michael_ Phone # (712) 754-3925
    (last)    (first)    (middle)

Other Names Ever Used (aliases) _____

Residence _1010 4th St. NE_ _Sibley_ _Iowa_ _51249_
    (street)    (city)    (state)    (zip)

Social Security No. _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_ County of Residence _Osceola_

Birthdate _2/8/79_ Age _19_ Sex _M_ Hgt _6'_ Wgt _170_ Hair _Brown_ Eyes _Brown_

## Authorization for Release - Weapon Permit Applications

I, _Aaron Schulte_, do hereby authorize a review and full disclosure of all records concerning myself, as required by Iowa Code chapter 708 (except sections 708.1 and 708.7) and chapter 724, to any duly authorized agent of an Iowa sheriff or the Commissioner of the Iowa Department of Public Safety, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of records of psychiatric treatment, substance abuse treatment, consultation and/or court ordered involuntary hospitalization including hospitals, clinics, private practitioners, the U.S. Veteran's Administration and clerks of court, as necessary to verify that I meet the requirements of the state of Iowa and the United States for the acquisition and possession of a firearm, and shall not be disseminated for any other purpose.

I understand that any information obtained which is developed directly or indirectly, in whole or part, upon this release authorization will be considered in determining my suitability for obtaining a permit to carry or acquire weapons in the state of Iowa. I also certify that any person(s) who may furnish such information concerning me shall not be held accountable for providing accurate information, and I do hereby release said person(s) from any and all liability which may be incurred as a result of furnishing such information.

I understand that a person who gives a false name or presents false identification, or otherwise knowingly gives false material information on this application commits a class "D" felony (section 724.10 or 724.21).

I understand that the information contained in these records will be used for no purpose other than those stated above, and will be kept strictly confidential by the office of the issuing official.

*This "Signature On File" will be valid from this date and shall expire in one year.*

Applicant Signature _Aaron Schulte_ Date _1-8-99_  
CFN 595-1162 WP5 Rev. 8/98

DEPOSITION EXHIBIT 1)  
JM 11-30-09

APP 303

WEBER 23

**All of the following questions must be answered:**

| Yes | No | |
|---|---|---|
| ☐ | ☒ | 1. Have you ever been convicted of a felony? |
| ☐ | ☒ | 2. Have you ever been convicted of the misdemeanor crime of domestic abuse assault? |
| ☐ | ☒ | 3. Have you ever been convicted of the misdemeanor crime of assault in violation of individual rights (hate crime)? |
| ☐ | ☒ | 4. Have you ever been convicted of the misdemeanor crime of assault on a peace officer, fire fighter or health care provider? |
| ☐ | ☒ | 5. Have you ever been convicted of the misdemeanor crime of setting a spring gun or trap? |
| ☐ | ☒ | 6. Have you ever been convicted of the misdemeanor crime of hazing? |
| ☐ | ☒ | 7. Have you ever been convicted of the misdemeanor crime of stalking? |
| ☐ | ☒ | 8. Are you addicted to the use of alcohol or any controlled substance? |
| ☐ | ☒ | 9. Do you have a history of repeated acts of violence? |
| ☐ | ☒ | 10. Have you ever been adjudged mentally incompetent? |

If you answered yes to any of the above, please explain: _____

_____

_____

_____

## STATEMENT OF JUSTIFICATION
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

This statement is to contain clear and convincing evidence that this applicant may be required to use deadly force to protect his/her life or the life of another. The issuing officer may accept or reject this application for a permit to carry based on this narrative and other considerations.

*I would like this for hunting & target shooting.*

_____

_____

_____

Applicant Signature  *Aaron Schut*          Date  *1-8-99*

## EMPLOYER AUTHORIZATION

This section is to be completed by the employer of an applicant for a professional permit to carry weapons. This authorization affirms the above described justification for issuance as being an employment requirement.

Employer Name _____ Telephone _____

Employer Address _____

Employer Signature _____ Date _____

## ISSUING OFFICER
### MUST BE COMPLETED BY SHERIFF OR COMMISSIONER OF PUBLIC SAFETY

Application: ☐ Approved ☐ Disapproved     Date _____

Reason Disapproved: _____

Signature  *Ed Hawley*          ☐ Sheriff of _____ County, Iowa
                                ☐ Commissioner of the Iowa Department of Public Safety
☐ New Fee $ _____  ☐ Renewal Fee $ _____  ☐ Peace Officer/Correctional Officer - No Fee

APP 304

WEBER 24

# STATE OF IOWA
## APPLICATION FOR PERMIT TO CARRY WEAPONS
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

- [ ] Professional Permit (WP1)
- [ ] Nonprofessional Permit (WP2)
- [ ] Peace Officer Permit (WP7)
- [ ] Reserve Peace Officer Permit (WP10)
- [ ] Correctional Officer Permit (WP9)

- [X] New Application
- [ ] Renewal - Permit Number _____

Firearms Safety Training Certification Number or Peace Officer Certification Date **03-06-00**

Attach copy of WP0 Firearms Safety Training Program Certificate of Completion (except certified peace officer)

Name **BETZ** (last)  **MICHAEL** (first)  **DANIEL** (middle)  Phone # **( 712 ) 349 - 2412**

Other Names Ever Used (aliases) **NONE**

Residence **221 MAIN ST.** (street)  **HARRIS** (city)  **IA** (state)  **51345** (zip)

Social Security No. **484 - 08 - 0955**  County of Residence **OCSEOLA**

Birthdate **03 / 13 / 80**  Age **19**  Sex **M**  Hgt **5'11"**  Wgt **195**  Hair **BROWN**/Eyes **BROWN**

## Authorization for Release - Weapon Permit Applications

I, **MIKE BETZ** , do hereby authorize a review and full disclosure of all records concerning myself, as required by Iowa Code chapter 708 (except sections 708.1 and 708.7) and chapter 724, to any duly authorized agent of an Iowa sheriff or the Commissioner of the Iowa Department of Public Safety, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of records of psychiatric treatment, substance abuse treatment, consultation and/or court ordered involuntary hospitalization including hospitals, clinics, private practitioners, the U.S. Veteran's Administration and clerks of court, as necessary to verify that I meet the requirements of the state of Iowa and the United States for the acquisition and possession of a firearm, and shall not be disseminated for any other purpose.

I understand that any information obtained which is developed directly or indirectly, in whole or part, upon this release authorization will be considered in determining my suitability for obtaining a permit to carry or acquire weapons in the state of Iowa. I also certify that any person(s) who may furnish such information concerning me shall not be held accountable for providing accurate information, and I do hereby release said person(s) from any and all liability which may be incurred as a result of furnishing such information.

I understand that a person who gives a false name or presents false identification, or otherwise knowingly gives false material information on this application commits a class "D" felony (section 724.10 or 724.21).

I understand that the information contained in these records will be used for no purpose other than those stated above, and will be kept strictly confidential by the office of the issuing official.

*This "Signature On File" will be valid from this date and shall expire in one year.*

Applicant Signature **Mike Betz**  Date **03-06-00**
CFN 595-1162 WP5  Rev. 8/98

APP 305

WEBER 73

**All of the following questions must be answered:**

Yes No
- [ ] [x] 1. Have you ever been convicted of a felony?
- [ ] [x] 2. Have you ever been convicted of the misdemeanor crime of domestic abuse assault?
- [ ] [x] 3. Have you ever been convicted of the misdemeanor crime of assault in violation of individual rights (hate crime)?
- [ ] [x] 4. Have you ever been convicted of the misdemeanor crime of assault on a peace officer, fire fighter or health care provider?
- [ ] [x] 5. Have you ever been convicted of the misdemeanor crime of setting a spring gun or trap?
- [ ] [x] 6. Have you ever been convicted of the misdemeanor crime of hazing?
- [ ] [x] 7. Have you ever been convicted of the misdemeanor crime of stalking?
- [ ] [x] 8. Are you addicted to the use of alcohol or any controlled substance?
- [ ] [x] 9. Do you have a history of repeated acts of violence?
- [ ] [x] 10. Have you ever been adjudged mentally incompetent?

If you answered yes to any of the above, please explain: _____

_____

_____

## STATEMENT OF JUSTIFICATION
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

This statement is to contain clear and convincing evidence that this applicant may be required to use deadly force to protect his/her life or the life of another. The issuing officer may accept or reject this application for a permit to carry based on this narrative and other considerations.

PERSONAL
~~COMPLETE~~ PROTECTION

FUTURE LAW ENFORCEMENT

HUNTING

PROTECT LIVES OF OTHERS WITH ME

TARGET SHOOTING

Applicant Signature _Mike Bix_____ Date _03-06-00_____

## EMPLOYER AUTHORIZATION

This section is to be completed by the employer of an applicant for a professional permit to carry weapons. This authorization affirms the above described justification for issuance as being an employment requirement.

Employer Name _____ Telephone _____

Employer Address _____

Employer Signature _____ Date _____

## ISSUING OFFICER
### MUST BE COMPLETED BY SHERIFF OR COMMISSIONER OF PUBLIC SAFETY

Application: [ ] Approved [ ] Disapproved Date _____

Reason Disapproved: _____

Signature _Ed Marsh_____

[ ] Sheriff of _____ County, Iowa
[ ] Commissioner of the Iowa Department of Public Safety
[ ] Peace Officer/Correctional Officer - No Fee

[ ] New Fee $ _____ [ ] Renewal Fee $ _____

APP 306

WEBER 74

# STATE OF IOWA

## APPLICATION FOR PERMIT TO CARRY WEAPONS

### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

☐ Professional Permit (WP1)
☒ Nonprofessional Permit (WP2) - - -

☐ Peace Officer Permit (WP7)
☐ Reserve Peace Officer Permit (WP10)
☐ Correctional Officer Permit (WP9)

DEPOSITION EXHIBIT 12  Jm 11-30-09  PENGAD 800-631-6989

☒ New Application
☐ Renewal - Permit Number _____

Firearms Safety Training Certification Number or Peace Officer Certification Date _____

Attach copy of WP0 Firearms Safety Training Program Certificate of Completion (except certified peace officer)

Name  **Dorr** (last)   **Paul** (first)   **Robert** (middle)   Phone # (712) 758 - 3372

Other Names Ever Used (aliases) _____

Residence  **579 2nd St.** (street)   **Ocheyedan** (city)   **Iowa** (state)   **51354** (zip)

Social Security No. **482 - 76 - 4042**   County of Residence **Osceola**

Birthdate **5 / 15 / 56**   Age **41**   Sex **M**   Hgt **6'2"**   Wgt **280**   Hair **Br**   Eyes **Br**

## Authorization for Release - Weapon Permit Applications

I, **Paul R. Dorr** _____, do hereby authorize a review and full disclosure of all records concerning myself to any duly authorized agent of an Iowa sheriff or the Commissioner of the Iowa Department of Public Safety, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of records of medical and psychiatric treatment, substance abuse treatment, consultation and/or court ordered involuntary hospitalization including hospitals, clinics, private practitioners, the U.S. Veteran's Administration and clerks of court; criminal court actions; and any other records necessary to verify that I meet the requirements of the state of Iowa and the United States for the acquisition and possession of a firearm.

I understand that any information obtained which is developed directly or indirectly, in whole or part, upon this release authorization will be considered in determining my suitability for obtaining a permit to carry weapons in the state of Iowa. I also certify that any person(s) who may furnish such information concerning me shall not be held accountable for giving this information, and I do hereby release said person(s) from any and all liability which may be incurred as a result of furnishing such information.

I understand that a person who gives a false name or presents false identification, or otherwise knowingly gives false material information to one from whom the person seeks to acquire a pistol or revolver, commits a class "D" felony. (724.21)

I understand that a person who knowingly makes false statement of material fact on an application for permit to carry weapons commits a class "D" felony. (724.10)

I understand that the information contained in these records will be used for no purpose other than those stated above, and will be kept strictly confidential by the office of the issuing official.

Applicant Signature **Paul R Dorr**   Date **2/1/98**

CFN 595-1162  WP5  Rev. 12/97

APP 307

**All of the following questions must be answered:**

| Yes | No |  |
|-----|-----|--|
| ☐ | ☑ | 1. Have you ever been convicted of a felony? |
| ☐ | ☑ | 2. Have you ever been convicted of an assault? |
| ☐ | ☑ | 3. Are you addicted to the use of alcohol or any controlled substance? |
| ☐ | ☑ | 4. Do you have a history of repeated acts of violence? |
| ☐ | ☑ | 5. Have you ever been adjudged mentally incompetent? |
| ☐ | ☑ | 6. Do you have a history of mental illness? |
| ☐ | ☑ | 7. Have you ever been convicted of a crime involving the use of a weapon? |
| ☐ | ☑ | 8. Have you ever been convicted of terrorism, harassment or stalking? |
| ☐ | ☑ | 9. Have you ever been convicted of willful injury to another? |
| ☐ | ☑ | 10. Have you ever been convicted of a misdemeanor crime of domestic violence? |
| ☐ | ☑ | 11. Are you currently the subject of a court restraining order? |
| ☐ | ☑ | 12. Have you ever had a permit to carry or a permit to acquire weapons denied or revoked? |
| ☑ | ☐ | 13. Are you a citizen of the United States? |
| ☐ | ☑ | 14. Have you been dishonorably discharged from the Armed Forces? |
| ☐ | ☑ | 15. Do you have any criminal charges pending against you? |

*(handwritten notes in right margin, partially legible): my life and that of my family and that of any which are in his care... any which are in his care.*

## STATEMENT OF JUSTIFICATION

**TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT**

This statement is to contain clear and convincing evidence that this applicant may be required to use deadly force to protect his/her life or the life of another. The issuing officer may accept or reject this application for a permit to carry based on this narrative and other considerations.

*As a nation turns from God and His Law (10 Commandments) and does more and more, "that which is right in their own eyes" respect for authority is lessened and the volume of criminal disregard for property and life increases. The level of violence against persons has reached a level that I believe it now necessary to carry a weapon to protect*

Applicant Signature _Paul K Dorr_     Date _2/1/98_

## EMPLOYER AUTHORIZATION

This section is to be completed by the employer of an applicant for a professional permit to carry weapons. This authorization affirms the above described justification for issuance as being an employment requirement.

Employer Name _____ Telephone _____

Employer Address _____

Employer Signature _____ Date _____

## ISSUING OFFICER

**MUST BE COMPLETED BY SHERIFF OR COMMISSIONER OF PUBLIC SAFETY**

Application: ☐ Approved ☐ Disapproved    Date _____

Reason Disapproved: _____

Signature _____    ☐ Sheriff of _____ County, Iowa
    ☐ Commissioner of the Iowa Department of Public Safety
☐ New Fee $ _____ ☐ Renewal Fee $ _____ ☐ Peace Officer/Correctional Officer - No Fee

APP 308

# STATE OF IOWA

## APPLICATION FOR PERMIT TO CARRY WEAPONS

### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

☐ Professional Permit (WP1)   ☐ Peace Officer Permit (WP7)
☐ Nonprofessional Permit (WP2)   ☐ Reserve Peace Officer Permit (WP10)
☐ Correctional Officer Permit (WP9)

☐ New Application
☑ Renewal - Permit Number _187501_

Firearms Safety Training Certification Number or Peace Officer Certification Date _46738_

Attach copy of WP0 Firearms Safety Training Program Certificate of Completion (except certified peace officer)

Name _Johnson_  _William_  _Theador_  Phone # ( _712_ ) _724_ - _6356_
(last)  (first)  (middle)

Other Names Ever Used (aliases) _____

Residence _727 - 1st St_  _Ashton_  _Iowa_  _51232_
(city)  (state)  (zip)

Driver License or Non-Operator ID# _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_ County of Residence _Osceola_

Birthdate _3_ / _15_ / _39_ Age _66_ Sex _M_ Hgt _5 10_ Wgt _180_ Hair _Br_ Eyes _BL_

### Authorization for Release - Weapon Permit Applications

I, _Wm. T. Johnson_ , do hereby authorize a review and full disclosure of all records concerning myself, as required by Iowa Code chapter 724, to any duly authorized agent of an Iowa sheriff or the Commissioner of the Iowa Department of Public Safety, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of records of psychiatric treatment, substance abuse treatment, consultation and/or court ordered involuntary hospitalization including hospitals, clinics, private practitioners, the U.S. Veteran's Administration and clerks of court, as necessary to verify that I meet the requirements of the state of Iowa and the United States for the acquisition and possession of a firearm, and shall not be disseminated for any other purpose.

I understand that any information obtained which is developed directly or indirectly, in whole or part, upon this release authorization will be considered in determining my suitability for obtaining a permit to carry or acquire weapons in the state of Iowa. I also certify that any person(s) who may furnish such information concerning me shall not be held accountable for providing accurate information, and I do hereby release said person(s) from any and all liability which may be incurred as a result of furnishing such information.

I understand that the information contained in these records will be used for no purpose other than those stated above, and will be kept strictly confidential by the office of the issuing official.

I understand that I may be convicted of a class "D" felony pursuant to Iowa Code section 724.10 if I make a false statement of material fact on this application.

I understand that all information provided on this application is considered public record and may be disclosed upon request.

_This "Signature On File" will be valid from this date and shall expire in one year._

Applicant Signature _Wm. T. Johnson_   Date _3-7-05_
WP5  Rev. 02/2003

**All of the following questions must be answered:**

Yes No

- [ ] [✓] 1. Have you ever been convicted of a felony?
- [ ] [✓] 2. Have you ever been convicted of the misdemeanor crime of domestic abuse assault?
- [ ] [✓] 3. Have you ever been convicted of the misdemeanor crime of assault in violation of individual rights (hate crime)?
- [ ] [✓] 4. Have you ever been convicted of the misdemeanor crime of assault on a peace officer, jailer, correctional officer, fire fighter or health care provider?
- [ ] [✓] 5. Have you ever been convicted of the misdemeanor crime of setting a spring gun or trap?
- [ ] [✓] 6. Have you ever been convicted of the misdemeanor crime of hazing?
- [ ] [✓] 7. Have you ever been convicted of the misdemeanor crime of stalking?
- [ ] [✓] 8. Are you addicted to the use of alcohol or any controlled substance?
- [ ] [✓] 9. Do you have a history of repeated acts of violence?
- [ ] [✓] 10. Have you ever been adjudged mentally incompetent?

If you answered yes to any of the above, please explain: _____
_____
_____

- [✓] [ ] 11. Are you a citizen of the United States? If not, provide country of citizenship and alien registration number: Country of citizenship: _____ Alien registration number: _____

## STATEMENT OF JUSTIFICATION
**TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT**

This statement is to contain clear and convincing evidence that this applicant may be required to use deadly force to protect his/her life or the life of another. The issuing officer may accept or reject this application for a permit to carry based on this narrative and other considerations.

_Hunting - Target shooting - Gun Repair - Personal protection_

Applicant Signature _Wm. T. Johnson_          Date _3-07-05_

## EMPLOYER AUTHORIZATION

This section is to be completed by the employer of an applicant for a professional permit to carry weapons. This authorization affirms the above described justification for issuance as being an employment requirement.

Employer Name _____          Telephone _____

Employer Address _____

Employer Signature _____          Date _____

## ISSUING OFFICER
**MUST BE COMPLETED BY SHERIFF OR COMMISSIONER OF PUBLIC SAFETY**

Application: [ ] Approved  [✓] Disapproved          Date _03-17-05_

Reason Disapproved: _Two incidents in Lyon Co. and O'Brien Co._
_Bill's wife told Lt. Hofman that Bill has brain disorder_

Signature _Douglas A. Weber_          [✓] Sheriff of _Osceola_ _____ County, Iowa
[ ] Commissioner of the Iowa Department of Public Safety

[ ] New Fee $ _____   [ ] Renewal Fee $ 310   [ ] Peace Officer/Correctional Officer - No Fee

APP 310

# STATE OF IOWA

## APPLICATION FOR PERMIT TO CARRY WEAPONS

### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

☐ Professional Permit (WP1)
☑ Nonprofessional Permit (WP2)

☐ Peace Officer Permit (WP7)
☐ Reserve Peace Officer Permit (WP10)
☐ Correctional Officer Permit (WP9)

☑ New Application
☐ Renewal - Permit Number _____

Firearms Safety Training Certification Number or Peace Officer Certification Date _X_____

Attach copy of WP0 Firearms Safety Training Program Certificate of Completion (except certified peace officer)

Name  Dorr  (last)  Julia  (first)  Marie  (middle)  Phone # (712) 758 - 3372

Other Names Ever Used (aliases)  None

Residence  579 2nd St.  (city) _____  (state) _____  (zip) _____

Driver License or Non-Operator ID# 570WW4538  County of Residence  Osceola

Birthdate 12 / 13 / 1985  Age 19  Sex F  Hgt 5'10"  Wgt 160  Hair Blonde  Eyes Blue

## Authorization for Release - Weapon Permit Applications

I, Julia M. Dorr, do hereby authorize a review and full disclosure of all records concerning myself, as required by Iowa Code chapter 724, to any duly authorized agent of an Iowa sheriff or the Commissioner of the Iowa Department of Public Safety, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of records of psychiatric treatment, substance abuse treatment, consultation and/or court ordered involuntary hospitalization including hospitals, clinics, private practitioners, the U.S. Veteran's Administration and clerks of court, as necessary to verify that I meet the requirements of the state of Iowa and the United States for the acquisition and possession of a firearm, and shall not be disseminated for any other purpose.

I understand that any information obtained which is developed directly or indirectly, in whole or part, upon this release authorization will be considered in determining my suitability for obtaining a permit to carry or acquire weapons in the state of Iowa. I also certify that any person(s) who may furnish such information concerning me shall not be held accountable for providing accurate information, and I do hereby release said person(s) from any and all liability which may be incurred as a result of furnishing such information.

I understand that the information contained in these records will be used for no purpose other than those stated above, and will be kept strictly confidential by the office of the issuing official.

I understand that I may be convicted of a class "D" felony pursuant to Iowa Code section 724.10 if I make a false statement of material fact on this application.

I understand that all information provided on this application is considered public record and may be disclosed upon request.

*This "Signature On File" will be valid from this date and shall expire in one year.*

Applicant Signature  X Julia M. Dorr                    Date 11/19/2005
WP5  Rev. 02/2003

**All of the following questions must be answered:**

| Yes | No | |
|---|---|---|
| ☐ | ☑ | 1. Have you ever been convicted of a felony? |
| ☐ | ☑ | 2. Have you ever been convicted of the misdemeanor crime of domestic abuse assault? |
| ☐ | ☑ | 3. Have you ever been convicted of the misdemeanor crime of assault in violation of individual rights (hate crime)? |
| ☐ | ☑ | 4. Have you ever been convicted of the misdemeanor crime of assault on a peace officer, jailer, correctional officer, fire fighter or health care provider? |
| ☐ | ☑ | 5. Have you ever been convicted of the misdemeanor crime of setting a spring gun or trap? |
| ☐ | ☑ | 6. Have you ever been convicted of the misdemeanor crime of hazing? |
| ☐ | ☑ | 7. Have you ever been convicted of the misdemeanor crime of stalking? |
| ☐ | ☑ | 8. Are you addicted to the use of alcohol or any controlled substance? |
| ☐ | ☑ | 9. Do you have a history of repeated acts of violence? |
| ☐ | ☑ | 10. Have you ever been adjudged mentally incompetent? |

If you answered yes to any of the above, please explain: _____
_____
_____

| ☑ | ☐ | 11. Are you a citizen of the United States? If not, provide country of citizenship and alien registration number: Country of citizenship: _____ Alien registration number: _____ |

## STATEMENT OF JUSTIFICATION
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

This statement is to contain clear and convincing evidence that this applicant may be required to use deadly force to protect his/her life or the life of another. The issuing officer may accept or reject this application for a permit to carry based on this narrative and other considerations.

Self-defense,
Also defense of life with summer vendor business where I carry large amounts of cash
_____

Applicant Signature x _Justin Dau_____ Date _Nov. 19, 2005_

## EMPLOYER AUTHORIZATION

This section is to be completed by the employer of an applicant for a professional permit to carry weapons. This authorization affirms the above described justification for issuance as being an employment requirement.

Employer Name _____ Telephone _____

Employer Address _____

Employer Signature _____ Date _____

## ISSUING OFFICER
### MUST BE COMPLETED BY SHERIFF OR COMMISSIONER OF PUBLIC SAFETY

Application: ☐ Approved ☐ Disapproved Date _____

Reason Disapproved: _____
_____

Signature _____ ☐ Sheriff of _____ County, Iowa
☐ Commissioner of the Iowa Department of Public Safety
☐ New Fee $ _____ ☐ Renewal Fee $ _____ ☐ Peace Officer/Correctional Officer - No Fee

APP 312

# STATE OF IOWA

## APPLICATION FOR PERMIT TO CARRY WEAPONS

### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

☐ Professional Permit (WP1)  ☒ Peace Officer Permit (WP7)
☐ Nonprofessional Permit (WP2)  ☒ Reserve Peace Officer Permit (WP10)
☒ Correctional Officer Permit (WP9)

☐ New Application
☒ Renewal - Permit Number _____

Firearms Safety Training Certification Number or Peace Officer Certification Date _____

Attach copy of WP0 Firearms Safety Training Program Certificate of Completion (except certified peace officer)

Name _Whiteneck_ _Jason_ _Lee_ Phone # _(712) 724-6540_
　　　　(last)　　　　　(first)　　　　(middle)

Other Names Ever Used (aliases) _____

Residence _135 1st St_ _Ashton_ _IA_ _51232_
　　　　　　　　　　　　　　　(city)　　　　　(state)　(zip)

Driver License or Non-Operator ID# _792974405_ County of Residence _Osceola_

Birthdate _5 / 13 / 76_ Age _30_ Sex _M_ Hgt _5'10_ Wgt _165_ Hair _Brown_ Eyes _Hazel_

## Authorization for Release - Weapon Permit Applications

I, _____ ; do hereby authorize a review and full disclosure of all records concerning myself, as required by Iowa Code chapter 724, to any duly authorized agent of an Iowa sheriff or the Commissioner of the Iowa Department of Public Safety, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of records of psychiatric treatment, substance abuse treatment, consultation and/or court ordered involuntary hospitalization including hospitals, clinics, private practitioners, the U.S. Veteran's Administration and clerks of court, as necessary to verify that I meet the requirements of the state of Iowa and the United States for the acquisition and possession of a firearm, and shall not be disseminated for any other purpose.

I understand that any information obtained which is developed directly or indirectly, in whole or part, upon this release authorization will be considered in determining my suitability for obtaining a permit to carry or acquire weapons in the state of Iowa. I also certify that any person(s) who may furnish such information concerning me shall not be held accountable for providing accurate information, and I do hereby release said person(s) from any and all liability which may be incurred as a result of furnishing such information.

I understand that the information contained in these records will be used for no purpose other than those stated above, and will be kept strictly confidential by the office of the issuing official.

I understand that I may be convicted of a class "D" felony pursuant to Iowa Code section 724.10 if I make a false statement of material fact on this application.

I understand that all information provided on this application is considered public record and may be disclosed upon request.

This "Signature On File" will be valid from this date and shall expire in one year.

Applicant Signature _____ Date _6-23-06_
WP5 Rev. 02/2003

APP 313

**All of the following questions must be answered:**

Yes No
- ☐ ☒ 1. Have you ever been convicted of a felony?
- ☐ ☒ 2. Have you ever been convicted of the misdemeanor crime of domestic abuse assault?
- ☐ ☒ 3. Have you ever been convicted of the misdemeanor crime of assault in violation of individual rights (hate crime)?
- ☐ ☒ 4. Have you ever been convicted of the misdemeanor crime of assault on a peace officer, jailer, correctional officer, fire fighter or health care provider?
- ☐ ☒ 5. Have you ever been convicted of the misdemeanor crime of setting a spring gun or trap?
- ☐ ☒ 6. Have you ever been convicted of the misdemeanor crime of hazing?
- ☐ ☒ 7. Have you ever been convicted of the misdemeanor crime of stalking?
- ☐ ☒ 8. Are you addicted to the use of alcohol or any controlled substance?
- ☐ ☒ 9. Do you have a history of repeated acts of violence?
- ☐ ☒ 10. Have you ever been adjudged mentally incompetent?

If you answered yes to any of the above, please explain: _____

_____

- ☒ ☐ 11. Are you a citizen of the United States? If not, provide country of citizenship and alien registration number. Country of citizenship: _____ Alien registration number: _____

## STATEMENT OF JUSTIFICATION
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

This statement is to contain clear and convincing evidence that this applicant may be required to use deadly force to protect his/her life or the life of another. The issuing officer may accept or reject this application for a permit to carry based on this narrative and other considerations.

Lawful hunting
Target Shooting
Personal Protection

Applicant Signature _~~signature~~_          Date 6-23-06

## EMPLOYER AUTHORIZATION

This section is to be completed by the employer of an applicant for a professional permit to carry weapons. This authorization affirms the above described justification for issuance as being an employment requirement.

Employer Name _____          Telephone _____

Employer Address _____

Employer Signature _____          Date _____

## ISSUING OFFICER
### MUST BE COMPLETED BY SHERIFF OR COMMISSIONER OF PUBLIC SAFETY

Application: ☐ Approved  ☒ Disapproved      Date 07-07-06

Reason Disapproved: OWI Arrest, PCS

Signature _~~signature~~_     ☒ Sheriff of _Osceola_ County, Iowa
                              ☐ Commissioner of the Iowa Department of Public Safety
☐ New Fee $ _____  ☐ Renewal Fee $14  ☐ Peace Officer/Correctional Officer - No Fee

# STATE OF IOWA

## APPLICATION FOR PERMIT TO CARRY WEAPONS

### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

☐ Professional Permit (WP1)
☒ Nonprofessional Permit (WP2)

☐ Peace Officer Permit (WP7)
☐ Reserve Peace Officer Permit (WP10)
☐ Correctional Officer Permit (WP9)

☐ New Application
☒ Renewal - Permit Number *33-178*

Firearms Safety Training Certification Number or Peace Officer Certification Date _____

**Attach copy of WP0 Firearms Safety Training Program Certificate of Completion (except certified peace officer)**

Name *Tredemann          Justin          Lee*     Phone # ( *712* ) *548* - *8439*
    (last)        (first)      (middle)

Other Names Ever Used (aliases) *m*

Residence _____ *Melvin* _____ *Iowa    51350*
               (city)         (state)   (zip)

Driver License or Non-Operator ID# *570 YY 8524* County of Residence *Osceola 72*

Birthdate *03 / 12 / 80* Age *27* Sex *M* Hgt *6.15* Wgt *185* Hair *Brown* Eyes *Blue*

## Authorization for Release - Weapon Permit Applications

I, *Justin Tredemann* , do hereby authorize a review and full disclosure of all records concerning myself, as required by Iowa Code chapter 724, to any duly authorized agent of an Iowa sheriff or the Commissioner of the Iowa Department of Public Safety, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of records of psychiatric treatment, substance abuse treatment, consultation and/or court ordered involuntary hospitalization including hospitals, clinics, private practitioners, the U.S. Veteran's Administration and clerks of court, as necessary to verify that I meet the requirements of the state of Iowa and the United States for the acquisition and possession of a firearm, and shall not be disseminated for any other purpose.

I understand that any information obtained which is developed directly or indirectly, in whole or part, upon this release authorization will be considered in determining my suitability for obtaining a permit to carry or acquire weapons in the state of Iowa. I also certify that any person(s) who may furnish such information concerning me shall not be held accountable for providing accurate information, and I do hereby release said person(s) from any and all liability which may be incurred as a result of furnishing such information.

I understand that the information contained in these records will be used for no purpose other than those stated above, and will be kept strictly confidential by the office of the issuing official.

I understand that I may be convicted of a class "D" felony pursuant to Iowa Code section 724.10 if I make a false statement of material fact on this application.

I understand that all information provided on this application is considered public record and may be disclosed upon request.

*This "Signature On File" will be valid from this date and shall expire in one year.*

Applicant Signature *Just. T* _____ Date *5-7-07*

WP5  Rev. 02/2003

All of the following questions must be answered:

| Yes | No | |
|---|---|---|
| ☐ | ☑ | 1. Have you ever been convicted of a felony? |
| ☐ | ☒ | 2. Have you ever been convicted of the misdemeanor crime of domestic abuse assault? |
| ☐ | ☑ | 3. Have you ever been convicted of the misdemeanor crime of assault in violation of individual rights (hate crime)? |
| ☐ | ☑ | 4. Have you ever been convicted of the misdemeanor crime of assault on a peace officer, jailer, correctional officer, fire fighter or health care provider? |
| ☐ | ☑ | 5. Have you ever been convicted of the misdemeanor crime of setting a spring gun or trap? |
| ☐ | ☒ | 6. Have you ever been convicted of the misdemeanor crime of hazing? |
| ☐ | ☒ | 7. Have you ever been convicted of the misdemeanor crime of stalking? |
| ☐ | ☒ | 8. Are you addicted to the use of alcohol or any controlled substance? |
| ☐ | ☒ | 9. Do you have a history of repeated acts of violence? |
| ☐ | ☒ | 10. Have you ever been adjudged mentally incompetent? |

If you answered yes to any of the above, please explain: _____

_____

_____

| ☒ | ☐ | 11. Are you a citizen of the United States? If not, provide country of citizenship and alien registration number: Country of citizenship: _____ Alien registration number: _____ |

## STATEMENT OF JUSTIFICATION
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

This statement is to contain clear and convincing evidence that this applicant may be required to use deadly force to protect his/her life or the life of another. The issuing officer may accept or reject this application for a permit to carry based on this narrative and other considerations.

Hunting, Treset - trapping - Self protection

Applicant Signature _~~Jd~~_____     Date _5-7-07_

## EMPLOYER AUTHORIZATION

This section is to be completed by the employer of an applicant for a professional permit to carry weapons. This authorization affirms the above described justification for issuance as being an employment requirement.

Employer Name _____     Telephone _____

Employer Address _____

Employer Signature _____     Date _____

## ISSUING OFFICER
### MUST BE COMPLETED BY SHERIFF OR COMMISSIONER OF PUBLIC SAFETY

Application: ☐ Approved  ☒ Disapproved     Date _06-04-07_

Reason Disapproved: _Subject filed false report, untruthful_

Signature _~~Dary Weber~~_     ☒ Sheriff of _Osceola_ County, Iowa
☐ Commissioner of the Iowa Department of Public Safety
☐ New Fee $ _____  ☐ Renewal Fee $ _____  ☐ Peace Officer/Correctional Officer - No Fee

# STATE OF IOWA

## APPLICATION FOR PERMIT TO CARRY WEAPONS

### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

- [ ] Professional Permit (WP1)
- [x] Nonprofessional Permit (WP2)
- [ ] Peace Officer Permit (WP7)
- [ ] Reserve Peace Officer Permit (WP10)
- [ ] Correctional Officer Permit (WP8)

- [ ] New Application
- [x] Renewal - Permit Number _____

Firearms Safety Training Certification Number or Peace Officer Certification Date  **74765**

Attach copy of WP0 Firearms Safety Training Program Certificate of Completion (except certified peace officer)

Name **Rozeboom          Ryan          James**     Phone # ( **712** ) **754** - **9999**
    (last)         (first)        (middle)

Other Names Ever Used (aliases) _____

Residence **520 5th Ave        Sibley          IA        51249**
                          (city)             (state)     (zip)

Driver License or Non-Operator ID# **680946588**     County of Residence **Osceola**

Birthdate **10 / 18 / 71**   Age **35**  Sex **M**  Hgt **5'9**  Wgt **115**  Hair **Brown** Eyes **Brown**

### Authorization for Release - Weapon Permit Applications

I, **Ryan Rozeboom**_____, do hereby authorize a review and full disclosure of all records concerning myself, as required by Iowa Code chapter 724, to any duly authorized agent of an Iowa sheriff, or the Commissioner of the Iowa Department of Public Safety, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of records of psychiatric treatment, substance abuse treatment, consultation and/or court ordered involuntary hospitalization including hospitals, clinics, private practitioners, the U.S. Veteran's Administration and clerks of court, as necessary to verify that I meet the requirements of the state of Iowa and the United States for the acquisition and possession of a firearm, and shall not be disseminated for any other purpose.

I understand that any information obtained which is developed directly or indirectly, in whole or part, upon this release authorization will be considered in determining my suitability for obtaining a permit to carry or acquire weapons in the state of Iowa. I also certify that any person(s) who may furnish such information concerning me shall not be held accountable for providing accurate information, and I do hereby release said person(s) from any and all liability which may be incurred as a result of furnishing such information.

I understand that the information contained in these records will be used for no purpose other than those stated above, and will be kept strictly confidential by the office of the issuing official.

I understand that I may be convicted of a class "D" felony pursuant to Iowa Code section 724.10 if I make a false statement of material fact on this application.

I understand that all information provided on this application is considered public record and may be disclosed upon request.

*This "Signature On File" will be valid from this date and shall expire in one year.*

Applicant Signature _~~Ryan Rozeboom~~_          Date **5-27-07**
WP5   Rev. 02/2003

APP 317

**All of the following questions must be answered:**

Yes No
- [ ] [X] 1. Have you ever been convicted of a felony?
- [ ] [X] 2. Have you ever been convicted of the misdemeanor crime of domestic abuse assault?
- [ ] [X] 3. Have you ever been convicted of the misdemeanor crime of assault in violation of individual rights (hate crime)?
- [ ] [X] 4. Have you ever been convicted of the misdemeanor crime of assault on a peace officer, jailer, correctional officer, fire fighter or health care provider?
- [ ] [X] 5. Have you ever been convicted of the misdemeanor crime of setting a spring gun or trap?
- [ ] [X] 6. Have you ever been convicted of the misdemeanor crime of hazing?
- [ ] [X] 7. Have you ever been convicted of the misdemeanor crime of stalking?
- [ ] [X] 8. Are you addicted to the use of alcohol or any controlled substance?
- [ ] [X] 9. Do you have a history of repeated acts of violence?
- [ ] [X] 10. Have you ever been adjudged mentally incompetent?

If you answered yes to any of the above, please explain: _____
_____
_____

- [X] [ ] 11. Are you a citizen of the United States? If not, provide country of citizenship and alien registration number. Country of citizenship: _____ Alien registration number: _____

## STATEMENT OF JUSTIFICATION
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

This statement is to contain clear and convincing evidence that this applicant may be required to use deadly force to protect his/her life or the life of another. The issuing officer may accept or reject this application for a permit to carry based on this narrative and other considerations.

Target, hunting & personal protection
_____
_____
_____

Applicant Signature _____ Date 5-27-07

## EMPLOYER AUTHORIZATION

This section is to be completed by the employer of an applicant for a professional permit to carry weapons. This authorization affirms the above described justification for issuance as being an employment requirement.

Employer Name _____ Telephone _____

Employer Address _____

Employer Signature _____ Date _____

## ISSUING OFFICER
### MUST BE COMPLETED BY SHERIFF OR COMMISSIONER OF PUBLIC SAFETY

Application: [ ] Approved [X] Disapproved Date 06-07-07

Reason Disapproved: (3) OWI Arrests

Signature _____ [X] Sheriff of Osceola _____ County, Iowa
[ ] Commissioner of the Iowa Department of Public Safety
[ ] New Fee $ _____ [ ] Renewal Fee $ _____ [ ] Peace Officer/Correctional Officer - No Fee

APP 318

# STATE OF IOWA

## APPLICATION FOR PERMIT TO CARRY WEAPONS

### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

- ☐ Professional Permit (WP1)
- ☑ Nonprofessional Permit (WP2)
- ☐ Peace Officer Permit (WP7)
- ☐ Reserve Peace Officer Permit (WP10)
- ☐ Correctional Officer Permit (WP9)

- ☐ New Application
- ☑ Renewal - Permit Number  _OSPO-ZH6  (2006)_

Firearms Safety Training Certification Number or Peace Officer Certification Date _____

**Attach copy of WP0 Firearms Safety Training Program Certificate of Completion (except certified peace officer)**

Name _Dorr_  _Paul_  _Robert_  Phone # ( _712_ ) _758_ - _3372_
   (last)       (first)       (middle)

Other Names Ever Used (aliases) _None_

Residence _579 2nd Street_  _Ocheyedan_  _Iowa_  _51354_
                     (city)       (state)   (zip)

Driver License or Non-Operator ID# _509 WW3353_ County of Residence _Osceola_

Birthdate _5_ / _15_ / _1956_  Age _51_  Sex _M_  Hgt _6'1½"_  Wgt _320_  Hair _Br_  Eyes _Br_

## Authorization for Release - Weapon Permit Applications

I, _Paul R. Dorr_ , do hereby authorize a review and full disclosure of all records concerning myself, as required by Iowa Code chapter 724, to any duly authorized agent of an Iowa sheriff or the Commissioner of the Iowa Department of Public Safety, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of records of psychiatric treatment, substance abuse treatment, consultation and/or court ordered involuntary hospitalization including hospitals, clinics, private practitioners, the U.S. Veteran's Administration and clerks of court, as necessary to verify that I meet the requirements of the state of Iowa and the United States for the acquisition and possession of a firearm, and shall not be disseminated for any other purpose.

I understand that any information obtained which is developed directly or indirectly, in whole or part, upon this release authorization will be considered in determining my suitability for obtaining a permit to carry or acquire weapons in the state of Iowa. I also certify that any person(s) who may furnish such information concerning me shall not be held accountable for providing accurate information, and I do hereby release said person(s) from any and all liability which may be incurred as a result of furnishing such information.

I understand that the information contained in these records will be used for no purpose other than those stated above, and will be kept strictly confidential by the office of the issuing official.

I understand that I may be convicted of a class "D" felony pursuant to Iowa Code section 724.10 if I make a false statement of material fact on this application.

I understand that all information provided on this application is considered public record and may be disclosed upon request.

_This "Signature On File" will be valid from this date and shall expire in one year._

Applicant Signature _Paul R. Dorr_  Date _July 7, 2007_
WP5  Rev. 09/2005

**All of the following questions must be answered:**

Yes No
- [ ] [✓] 1. Have you ever been convicted of a felony?
- [ ] [✓] 2. Have you ever been convicted of the misdemeanor crime of domestic abuse assault?
- [ ] [✓] 3. Have you ever been convicted of the misdemeanor crime of assault in violation of individual rights (hate crime)?
- [ ] [✓] 4. Have you ever been convicted of the misdemeanor crime of assault on a peace officer, jailer, correctional officer, fire fighter or health care provider?
- [ ] [✓] 5. Have you ever been convicted of the misdemeanor crime of setting a spring gun or trap?
- [ ] [✓] 6. Have you ever been convicted of the misdemeanor crime of hazing?
- [ ] [✓] 7. Have you ever been convicted of the misdemeanor crime of stalking?
- [ ] [✓] 8. Are you addicted to the use of alcohol or any controlled substance?
- [ ] [✓] 9. Do you have a history of repeated acts of violence?
- [ ] [✓] 10. Have you ever been adjudged mentally incompetent?

If you answered yes to any of the above, please explain: _____

_____

- [✓] [ ] 11. Are you a citizen of the United States? If not, provide country of citizenship and alien registration number (ARN):

Country of citizenship: _____ Alien registration number: _____

## STATEMENT OF JUSTIFICATION
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

Occasionally carry large amounts of cash. Self-defense

Applicant Signature _Paul R Papp II_____ Date _July 7, 2007_

## EMPLOYER AUTHORIZATION

This section is to be completed by the employer of an applicant for a professional permit to carry weapons. This authorization affirms the above described justification for issuance as being an employment requirement.

Employer Name _____ Telephone _____

Employer Address _____

Employer Signature _____ Date _____

## ISSUING OFFICER
### MUST BE COMPLETED BY SHERIFF OR COMMISSIONER OF PUBLIC SAFETY

Application: [ ] Approved [✓] Disapproved Date _08-09-07_

Reason Disapproved: _Complaints from Public. Don't trust_
_Resn._

Signature _Dry Weller_ [✓] Sheriff of _Clarke_ County, Iowa
[ ] Commissioner of the Iowa Department of Public Safety
[ ] New Fee $ _____ [ ] Renewal Fee $ _____ [ ] Peace Officer/Correctional Officer - No Fee

APP 320

*taking class on will*
*—will call w/date*

# STATE OF IOWA

## APPLICATION FOR PERMIT TO CARRY WEAPONS
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

☐ Professional Permit (WP1)          ☐ Peace Officer Permit (WP7)
☒ Nonprofessional Permit (WP2)       ☐ Reserve Peace Officer Permit (WP10)
                                     ☐ Correctional Officer Permit (WP9)

☒ New Application
☐ Renewal - Permit Number _____

Firearms Safety Training Certification Number or Peace Officer Certification Date _____

Attach copy of WP0 Firearms Safety Training Program Certificate of Completion (except certified peace officer)

Name **Dorr** **Alexander** **Lee** Phone # **(712) 758-3372**
(last) (first) (middle)

Other Names Ever Used (aliases) _____

Residence **579 2nd St** **Ocheyedan** **IA** **51354**
(city) (state) (zip)

Driver License or Non-Operator ID# **857AA5772** County of Residence **Osceola**

Birthdate **01/10/90** Age **17** Sex **M** Hgt **6'2"** Wgt **215** Hair **Blk** Eyes **Green**

## Authorization for Release - Weapon Permit Applications

I, **Alexander Lee Dorr**, do hereby authorize a review and full disclosure of all records concerning myself, as required by Iowa Code chapter 724, to any duly authorized agent of an Iowa sheriff or the Commissioner of the Iowa Department of Public Safety, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of records of psychiatric treatment, substance abuse treatment, consultation and/or court ordered involuntary hospitalization including hospitals, clinics, private practitioners, the U.S. Veteran's Administration and clerks of court, as necessary to verify that I meet the requirements of the state of Iowa and the United States for the acquisition and possession of a firearm, and shall not be disseminated for any other purpose.

I understand that any information obtained which is developed directly or indirectly, in whole or part, upon this release authorization will be considered in determining my suitability for obtaining a permit to carry or acquire weapons in the state of Iowa. I also certify that any person(s) who may furnish such information concerning me shall not be held accountable for providing accurate information, and I do hereby release said person(s) from any and all liability which may be incurred as a result of furnishing such information.

I understand that the information contained in these records will be used for no purpose other than those stated above, and will be kept strictly confidential by the office of the issuing official.

I understand that I may be convicted of a class "D" felony pursuant to Iowa Code section 724.10 if I make a false statement of material fact on this application.

I understand that all information provided on this application is considered public record and may be disclosed upon request.

*This "Signature On File" will be valid from this date and shall expire in one year.*

Applicant Signature **Alex Dorr** Date **12/06/07**
WP5 Rev. 02/2003

**All of the following questions must be answered:**

Yes  No
- [ ] [x] 1. Have you ever been convicted of a felony?
- [ ] [x] 2. Have you ever been convicted of the misdemeanor crime of domestic abuse assault?
- [ ] [x] 3. Have you ever been convicted of the misdemeanor crime of assault in violation of individual rights (hate crime)?
- [ ] [x] 4. Have you ever been convicted of the misdemeanor crime of assault on a peace officer, jailer, correctional officer, fire fighter or health care provider?
- [ ] [x] 5. Have you ever been convicted of the misdemeanor crime of setting a spring gun or trap?
- [ ] [x] 6. Have you ever been convicted of the misdemeanor crime of hazing?
- [ ] [x] 7. Have you ever been convicted of the misdemeanor crime of stalking?
- [ ] [x] 8. Are you addicted to the use of alcohol or any controlled substance?
- [ ] [x] 9. Do you have a history of repeated acts of violence?
- [ ] [x] 10. Have you ever been adjudged mentally incompetent?

If you answered yes to any of the above, please explain: _____
_____
_____

- [x] [ ] 11. Are you a citizen of the United States? If not, provide country of citizenship and alien registration number: Country of citizenship: _____ Alien registration number: _____

## STATEMENT OF JUSTIFICATION
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

This statement is to contain clear and convincing evidence that this applicant may be required to use deadly force to protect his/her life or the life of another. The issuing officer may accept or reject this application for a permit to carry based on this narrative and other considerations.

I carry large amounts of cash and there have
been death threats to our household. I also
wish to use this for hunting.
Also to use for all legal purposes.

Applicant Signature _Alf Dark_                    Date _12/06/07_

## EMPLOYER AUTHORIZATION

This section is to be completed by the employer of an applicant for a professional permit to carry weapons. This authorization affirms the above described justification for issuance as being an employment requirement.

Employer Name _____  Telephone _____

Employer Address _____

Employer Signature _____  Date _____

## ISSUING OFFICER
### MUST BE COMPLETED BY SHERIFF OR COMMISSIONER OF PUBLIC SAFETY

Application:  [ ] Approved   [x] Disapproved   Date _02-24-08_

Reason Disapproved: _Subject under 21 years of age_

Signature _Dx RsRWckel_  [x] Sheriff of _Osceola_ County, Iowa
                          [ ] Commissioner of the Iowa Department of Public Safety
[ ] New Fee $ _____   [ ] Renewal Fee $ _____   [ ] Peace Officer/Correctional Officer - No Fee

APP 322

# STATE OF IOWA

## APPLICATION FOR PERMIT TO CARRY WEAPONS

TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

- [ ] Professional Permit (WP1)
- [x] Nonprofessional Permit (WP2)
- [ ] Peace Officer Permit (WP7)
- [ ] Reserve Peace Officer Permit (WP10)
- [ ] Correctional Officer Permit (WP9)

- [x] New Application
- [ ] Renewal - Permit Number _____

Firearms Safety Training Certification Number or Peace Officer Certification Date _____

Attach copy of WP9 Firearms Safety Training Program Certificate of Completion (except certified peace officer)

Name _Walling_ (last) _Robert_ (first) _Henry_ (middle) Phone # (_712_) _344_ - _1049_

Other Names Ever Used (aliases) _____

Residence _5944_ _250th St_ _Melvin_ (city) _IA_ (state) _51350_ (zip)

Driver License or Non-Operator ID# _509XX5625_ County of Residence _Osceola_

Birthdate _12_ / _20_ / _83_ Age _24_ Sex _M_ Hgt _6_ Wgt _190_ Hair _Brn_ Eyes _Brn_

## Authorization for Release - Weapon Permit Applications

I, _Robert Walling_, do hereby authorize a review and full disclosure of all records concerning myself, as required by Iowa Code chapter 724, to any duly authorized agent of an Iowa sheriff or the Commissioner of the Iowa Department of Public Safety, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of records of psychiatric treatment, substance abuse treatment, consultation and/or court ordered involuntary hospitalization including hospitals, clinics, private practitioners, the U.S. Veteran's Administration and clerks of court, as necessary to verify that I meet the requirements of the state of Iowa and the United States for the acquisition and possession of a firearm, and shall not be disseminated for any other purpose.

I understand that any information obtained, which is developed directly or indirectly, in whole or part, upon this release authorization will be considered in determining my suitability for obtaining a permit to carry or acquire weapons in the state of Iowa. I also certify that any person(s) who may furnish such information concerning me shall not be held accountable for providing accurate information, and I do hereby release said person(s) from any and all liability which may be incurred as a result of furnishing such information.

I understand that the information contained in these records will be used for no purpose other than those stated above, and will be kept strictly confidential by the office of the issuing official.

I understand that I may be convicted of a class "D" felony pursuant to Iowa Code section 724.10 if I make a false statement of material fact on this application.

I understand that all information provided on this application is considered public record and may be disclosed upon request.

*This "Signature On File" will be valid from this date and shall expire in one year.*

Applicant Signature _____ Date _3-10-08_
WP5 Rev. 02/2003

APP 323

**All of the following questions must be answered:**

Yes No
- [ ] [x] 1. Have you ever been convicted of a felony?
- [ ] [x] 2. Have you ever been convicted of the misdemeanor crime of domestic abuse assault?
- [ ] [x] 3. Have you ever been convicted of the misdemeanor crime of assault in violation of individual rights (hate crime)?
- [ ] [x] 4. Have you ever been convicted of the misdemeanor crime of assault on a peace officer, jailer, correctional officer, fire fighter or health care provider?
- [ ] [x] 5. Have you ever been convicted of the misdemeanor crime of setting a spring gun or trap?
- [ ] [x] 6. Have you ever been convicted of the misdemeanor crime of hazing?
- [ ] [x] 7. Have you ever been convicted of the misdemeanor crime of stalking?
- [ ] [x] 8. Are you addicted to the use of alcohol or any controlled substance?
- [ ] [x] 9. Do you have a history of repeated acts of violence?
- [ ] [x] 10. Have you ever been adjudged mentally incompetent?

If you answered yes to any of the above, please explain: _____

_____

_____

- [x] [ ] 11. Are you a citizen of the United States? If not, provide country of citizenship and alien registration number. Country of citizenship: _____ Alien registration number: _____

## STATEMENT OF JUSTIFICATION
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

This statement is to contain clear and convincing evidence that this applicant may be required to use deadly force to protect his/her life or the life of another. The issuing officer may accept or reject this application for a permit to carry based on this narrative and other considerations.

I'm not applying for this because I think it might happen, I just want to make sure that if anything ever does happen I can prevent a injury to myself or a member of my family.

Applicant Signature _____ Date 3/10/08

## EMPLOYER AUTHORIZATION

This section is to be completed by the employer of an applicant for a professional permit to carry weapons. This authorization affirms the above described justification for issuance as being an employment requirement.

Employer Name _Maintainer_ Telephone 448-

Employer Address _____

Employer Signature _____ Date _____

## ISSUING OFFICER
### MUST BE COMPLETED BY SHERIFF OR COMMISSIONER OF PUBLIC SAFETY

Application: [ ] Approved [x] Disapproved Date 03-17-08

Reason Disapproved: Justification and past history.

Signature _Dale Weber_ [x] Sheriff of _____ County, Iowa
[ ] Commissioner of the Iowa Department of Public Safety
[ ] New Fee $ _____ [ ] Renewal Fee $ _____ [ ] Peace Officer/Correctional Officer - No Fee

APP 324

# STATE OF IOWA

## APPLICATION FOR PERMIT TO CARRY WEAPONS
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

☐ Professional Permit (WP1)　　　☐ Peace Officer Permit (WP7)
☐ Nonprofessional Permit (WP2)　　☐ Reserve Peace Officer Permit (WP10)
　　　　　　　　　　　　　　　　☐ Correctional Officer Permit (WP9)

☒ New Application
☐ Renewal - Permit Number _____

Firearms Safety Training Certification Number or Peace Officer Certification Date _____

Attach copy of WP0 Firearms Safety Training Program Certificate of Completion (except certified peace officer)

Name **Dorr** (last)　**Emily** (first)　**F** (middle)　Phone # ( 712 ) 758 - 3377

Other Names Ever Used (aliases) _____

Residence **579 2nd St**　**Ocheyedan** (city)　**IA** (state)　**51354** (zip)

Driver License or Non-Operator ID# **510 Y40768**　County of Residence **Osceola**

Birthdate **12 , 22 , 1987**　Age **20**　Sex **F**　Hgt **5'8"**　Wgt **270**　Hair **Br**　Eyes **Br**

---

### Authorization for Release - Weapon Permit Applications

I, _Emily Dorr_, do hereby authorize a review and full disclosure of all records concerning myself, as required by Iowa Code chapter 724, to any duly authorized agent of an Iowa sheriff or the Commissioner of the Iowa Department of Public Safety, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of records of psychiatric treatment, substance abuse treatment, consultation and/or court ordered involuntary hospitalization including hospitals, clinics, private practitioners, the U.S. Veteran's Administration and clerks of court, as necessary to verify that I meet the requirements of the state of Iowa and the United States for the acquisition and possession of a firearm, and shall not be disseminated for any other purpose.

I understand that any information obtained which is developed directly or indirectly, in whole or part, upon this release authorization will be considered in determining my suitability for obtaining a permit to carry or acquire weapons in the state of Iowa. I also certify that any person(s) who may furnish such information concerning me shall not be held accountable for providing accurate information, and I do hereby release said person(s) from any and all liability which may be incurred as a result of furnishing such information.

I understand that the information contained in these records will be used for no purpose other than those stated above, and will be kept strictly confidential by the office of the issuing official.

I understand that I may be convicted of a class "D" felony pursuant to Iowa Code section 724.10 if I make a false statement of material fact on this application.

I understand that all information provided on this application is considered public record and may be disclosed upon request.

This "Signature On File" will be valid from this date and shall expire in one year.

Applicant Signature _Emily Dorr_　Date **09/24/08**
WP5　Rev. 02/2003

APP 325

All of the following questions must be answered:

**Yes  No**

☐ ☑ 1. Have you ever been convicted of a felony?

☐ ☑ 2. Have you ever been convicted of the misdemeanor crime of domestic abuse assault?

☐ ☑ 3. Have you ever been convicted of the misdemeanor crime of assault in violation of individual rights (hate crime)?

☐ ☑ 4. Have you ever been convicted of the misdemeanor crime of assault on a peace officer, jailer, correctional officer, fire fighter or health care provider?

☐ ☑ 5. Have you ever been convicted of the misdemeanor crime of setting a spring gun or trap?

☐ ☑ 6. Have you ever been convicted of the misdemeanor crime of hazing?

☐ ☑ 7. Have you ever been convicted of the misdemeanor crime of stalking?

☐ ☑ 8. Are you addicted to the use of alcohol or any controlled substance?

☐ ☑ 9. Do you have a history of repeated acts of violence?

☐ ☑ 10. Have you ever been adjudged mentally incompetent?

If you answered yes to any of the above, please explain: _____
_____
_____

☑ ☐ 11. Are you a citizen of the United States? If not, provide country of citizenship and alien registration number: Country of citizenship: _____ Alien registration number: _____

## STATEMENT OF JUSTIFICATION
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

This statement is to contain clear and convincing evidence that this applicant may be required to use deadly force to protect his/her life or the life of another. The issuing officer may accept or reject this application for a permit to carry based on this narrative and other considerations.

I am requesting this permit for all lawful reasons.

Applicant Signature _Emily Dan_    Date _09/24/08_

## EMPLOYER AUTHORIZATION

This section is to be completed by the employer of an applicant for a professional permit to carry weapons. This authorization affirms the above described justification for issuance as being an employment requirement.

Employer Name _____  Telephone _____

Employer Address _____

Employer Signature _____  Date _____

## ISSUING OFFICER
### MUST BE COMPLETED BY SHERIFF OR COMMISSIONER OF PUBLIC SAFETY

Application:   ☐ Approved   ☐ Disapproved     Date _____

Reason Disapproved: _____
_____

Signature _____  ☐ Sheriff of _____ County, Iowa
                                          ☐ Commissioner of the Iowa Department of Public Safety
☐ New Fee $ _____    ☐ Renewal Fee $ _____   ☐ Peace Officer/Correctional Officer - No Fee

APP 326

# STATE OF IOWA

## APPLICATION FOR PERMIT TO CARRY WEAPONS

### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

☐ Professional Permit (WP1)  ☐ Peace Officer Permit (WP7)
☒ Nonprofessional Permit (WP2)  ☐ Reserve Peace Officer Permit (WP-10)
☐ Correctional Officer Permit (WP9)

☐ New Application
☐ Renewal - Permit Number _____

Firearms Safety Training Certification Number or Peace Officer Certification Date _____

Attach copy of WP0 Firearms Safety Training Program Certificate of Completion (except certified peace officer)

Name __Wallinga__ __Robert__ __Henry__ Phone # (_712_) _344_ - _1049_
     (last)        (first)        (middle)

Other Names Ever Used (aliases) _____

Residence _5944 250th St_ _Melvin_ _IA_ _51350_
                              (city)        (state)    (zip)

Driver License or Non-Operator ID# _509 X X5625_ County of Residence _Osceola_

Birthdate _12/20/1983_ Age _24_ Sex _M_ Hgt _6'00_ Wgt _190_ Hair _Brn_ Eyes _Brn_

### Authorization for Release - Weapon Permit Applications

I, _Robert Wallinga_, do hereby authorize a review and full disclosure of all records concerning myself, as required by Iowa Code chapter 724, to any duly authorized agent of an Iowa sheriff or the Commissioner of the Iowa Department of Public Safety, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of records of psychiatric treatment, substance abuse treatment, consultation and/or court ordered involuntary hospitalization including hospitals, clinics, private practitioners, the U.S. Veteran's Administration and clerks of court, as necessary to verify that I meet the requirements of the state of Iowa and the United States for the acquisition and possession of a firearm, and shall not be disseminated for any other purpose.

I understand that any information obtained which is developed directly or indirectly, in whole or part, upon this release authorization will be considered in determining my suitability for obtaining a permit to carry or acquire weapons in the state of Iowa. I also certify that any person(s) who may furnish such information concerning me shall not be held accountable for providing accurate information, and I do hereby release said person(s) from any and all liability which may be incurred as a result of furnishing such information.

I understand that the information contained in these records will be used for no purpose other than those stated above, and will be kept strictly confidential by the office of the issuing official.

I understand that I may be convicted of a class "D" felony pursuant to Iowa Code section 724.10 if I make a false statement of material fact on this application.

I understand that all information provided on this application is considered public record and may be disclosed upon request.

This "Signature On File" will be valid from this date and shall expire in one year.

Applicant Signature _____ Date _11/04/08_
WP5   Rev. 02/2003

**All of the following questions must be answered:**

Yes No

☐ ☑ 1. Have you ever been convicted of a felony?

☐ ☑ 2. Have you ever been convicted of the misdemeanor crime of domestic abuse assault?

☐ ☑ 3. Have you ever been convicted of the misdemeanor crime of assault in violation of individual rights (hate crime)?

☐ ☑ 4. Have you ever been convicted of the misdemeanor crime of assault on a peace officer, jailer, correctional officer, fire fighter or health care provider?

☐ ☑ 5. Have you ever been convicted of the misdemeanor crime of setting a spring gun or trap?

☐ ☑ 6. Have you ever been convicted of the misdemeanor crime of hazing?

☐ ☑ 7. Have you ever been convicted of the misdemeanor crime of stalking?

☐ ☑ 8. Are you addicted to the use of alcohol or any controlled substance?

☐ ☑ 9. Do you have a history of repeated acts of violence?

☐ ☑ 10. Have you ever been adjudged mentally incompetent?

If you answered yes to any of the above, please explain: _____

_____

_____

☑ ☐ 11. Are you a citizen of the United States? If not, provide country of citizenship and alien registration number. Country of citizenship: _____ Alien registration number: _____

## STATEMENT OF JUSTIFICATION
### TYPE OR PRINT IN INK - MUST BE COMPLETED BY APPLICANT

This statement is to contain clear and convincing evidence that this applicant may be required to use deadly force to protect his/her life or the life of another. The issuing officer may accept or reject this application for a permit to carry based on this narrative and other considerations.

I would use the permit for Hunting, trapping and protecting myself and my family.

Applicant Signature _____ Date 11/04/08

## EMPLOYER AUTHORIZATION

This section is to be completed by the employer of an applicant for a professional permit to carry weapons. This authorization affirms the above described justification for issuance as being an employment requirement.

Employer Name _____ Telephone _____

Employer Address _____

Employer Signature _____ Date _____

## ISSUING OFFICER
### MUST BE COMPLETED BY SHERIFF OR COMMISSIONER OF PUBLIC SAFETY

Application: ☐ Approved ☒ Disapproved Date 11-05-08

Reason Disapproved: Concerns about past History

Signature _Douglas Rukber_ ☒ Sheriff of _Osceola_ County, Iowa
☐ Commissioner of the Iowa Department of Public Safety
☐ New Fee $ _____ ☐ Renewal Fee $ _____ ☐ Peace Officer/Correctional Officer - No Fee

APP 328

1            UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF IOWA

3   * * * * * * * * * * * * * * * *

4   PAUL DORR and ALEXANDER DORR,    *   File No. 5:08-CV-04093
    individually and on behalf of all
5   other persons similarly situated,   *

6       Plaintiffs,            *

7   vs.                     *    DEPOSITION OF

8   DOUGLAS L. WEBER, individually and *    PAUL R. DORR
    in his capacity as Sheriff, and his
9   successors, the OSCEOLA COUNTY     *
    SHERRIF'S DEPARTMENT, IOWA, and
10   OSCEOLA COUNTY, IOWA,         *

11       Defendants.           *
   * * * * * * * * * * * * * *

12

13 The deposition of Paul R. Dorr was taken on behalf of the

14 Defendants at the Osceola County Courthouse in Sibley, Iowa

15 on Monday, November 30, 2009 commencing at 3:35 p.m.

16               APPEARANCES

17 For the Plaintiffs:   MR. VINCENT J. FAHNLANDER
                     Attorney at Law
18                      33 South Sixth Street, Suite 4100
                     Minneapolis, Minnesota 55402
19

   For the Defendants:   MR. DOUGLAS L. PHILLIPS
20                      Attorney at Law
                     4280 Sergeant Road, Suite 290
21                      Sioux City, Iowa 51106

22 Other Appearances:    Douglas L. Weber

23

24 Reported By:   Jenna L. Mumm, CSR
               703 Jackson Avenue, Spirit Lake, Iowa 51360
25                (712) 336-4125   (800) 551-5027

1                           INDEX

2              Examination                    Page

3    Direct    By Mr. Phillips------------  3
               Certificate of Reporter---- 49

4

5                  SEPARATE INDEX TO EXHIBITS

6    No.  Description                    Pages Referred To

7    8    Class Action First Amended         11,33,44
          Complaint

8

     9    Transcript of Conversation Between    22
9         Paul Dorr and Sheriff Doug Weber
          dated 8/9/07

10

11                        STIPULATION

12       IT IS STIPULATED and agreed by and between the parties

13   hereto by their respective counsel of record, whose

14   appearances have been hereinbefore noted, that the

15   deposition of PAUL R. DORR may be taken at the Osceola

16   County Courthouse on November 30, 2009 before Jenna L. Mumm,

17   Certified Shorthand Reporter for the State of Iowa;

18       That said deposition is taken for the purpose of

19   discovery or for such use at trial as permitted under the

20   Federal Rules of Civil Procedure or for each of said

21   purposes;

22       That all objections may be reserved until the time of

23   trial except objections relating to the form of the question

24   and the responsiveness of the answer.

25

     Jenna L. Mumm, CSR
     1-800-551-5027

1  Q    8?

2  A    8, paragraph what?

3  Q    23 on page 6.

4  A    "Dorr is a community activist engaged in public

5  discourse regarding issues some citizens would characterize

6  as controversial."

7  Q    Don't read quite so fast, because if you do--

8  A    I'm sorry.

9  Q    -- she can't take it down.

10  A    I'm sorry.

11  Q    Tell me what you meant when you allege that you were a

12  community activist?

13  A    That I get involved in issues within communities that

14  most often affect the political and economic direction of

15  those communities.

16  Q    Give me an example.

17  A    The OCTA, working for them to do the research and so

18  forth, all the bond fights that I've been involved in,

19  again, behind the scenes.  I don't-- I don't actively go out

20  and put myself into the campaign, but I do the-- the

21  research and help develop the message for my client

22  committees, but at the same time I have been very much a

23  community activist over the years on moral issues, pro-life

24  issues, those sort of matters.

25  Q    Is there some kind of a template that you follow in

Jenna L. Mumm, CSR
1-800-551-5027

APP 331

1  in which he said no, have you discussed these issues with

2  him in any other medium?

3  A    Discussed it with him, no.  I've written about his

4  actions to parties in the county and in letters to the

5  editor.

6  Q    Why?

7  A    Because I thought that his discretion was improper and

8  I suspicioned it was politically motivated.

9  Q    Why do you think his exercise was improperly-- or his

10  discretion was improperly exercised?

11  A    Because he admitted he had no evidence.  I asked him if

12  he had any evidence and he said, "No."  Then when-- later

13  when he started to indicate that he wasn't gonna tell me I--

14  after quite a pause I asked him if it was personal, and he

15  was strongly objecting to that, but then he-- he stated--

16  then he said that he's not gonna say what they did say.

17  Q    Why do you think it was politically motivated?

18  A    For the reasons just discussed previously.  I was

19  working with the OCTA, and they're convinced that he and the

20  county attorney are overpaid.  And they've been around for

21  years but, now, when they hired me we started doing some

22  basically research, and that's when the threatening e-mails

23  and stuff started coming through Mr. DeKoter, just in the

24  early stages of doing research.  And then-- then Mr. DeKoter

25  started maligning me in the letters to the editor in the

```
1      CASE NAME: DORR vs. WEBER et al

2                    ADDENDUM TO DEPOSITION
3      EXAMPLE
       Page       Line        Change and Reason
4
         3          2         Smith to Schmitz (Correction)
5                             Misspelling
        28         11         $144 to $175 (Correction)
6                             Refreshed memory from files
                              after deposition was taken.
7      -------------------------------------------------

8        12          9        The word "that" should replace the last
                              word "but".
9
        13         20         Buckman to ~~Buch~~ Buchman - misspelling
10

11

12

13

14

15     To all of which I affix my signature this  11th
       day of  February  , 2010, at the city of  Ocheyedan
16     , state of  Iowa  .
17     Osceola County
                                  Paul T. Dorr
18                             PAUL DORR

19
       I did witness the above signature on the  11th
20     day of  February  , 2010, in the city of  Ocheyedan
       , state of  Iowa  .
21
                              Delores Stahl
22
                              NOTARY PUBLIC
23
```

NOTARIAL SEAL · IOWA

DELORES STAHL
Commission Number 169259
My Commission Expires
April 27, 20 11

```
1      CASE NAME: DORR vs. WEBER et al

2                CERTIFICATE OF DEPONENT
3
              I, the undersigned deponent, do hereby
4      certify under oath that I did read the
       foregoing pages of transcript and that any
5      corrections I want to make to the foregoing
       pages of transcript have been set out on the
6      foregoing Addendum, and that I have indicated
       the correction itself, the page and line number
7      of the correction, and the reason for the
       correction, if any.
8              In witness whereof, I have hereunto
       affixed my signature on this 11th day of
9      February, 2010, before the undersigned Notary
       Public.
10

11

12                            Paul R. Dorr
                              PAUL DORR
13

14        I hereby certify I did witness the above
       signature on this the 11th day of February,
15     2009-10, in the City of Ocheyedan, County of
       Osceola, State of Iowa.
16

17

18     DELORES STAHL
       Commission Number 169259    Delores Stahl
19     My Commission Expires        NOTARY PUBLIC
       April 27, 20 11
20

21     My commission expires: 4-27-2011.

22

23

24

25
```



COPY                                              1

1        IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF IOWA
2                  WESTERN DIVISION

3    PAUL DORR and                )        No.
     ALEXANDER DORR,              )   5:08-cv-040903-MWB
4    Individually and On          )
     Behalf of All Other          )
5    Persons Similarly            )
     Situated,                    )
6                                 )
              Plaintiffs,         )
7                                 )
     vs.                          )
8                                 )
     DOUGLAS L. WEBER,            )
9    Individually and In          )
     His Capacity as              )
10   Sheriff, and His             )
     Successors, THE              )
11   OSCEOLA COUNTY               )
     SHERIFFS DEPARTMENT,         )
12   IOWA, and OSCEOLA            )
     COUNTY, IOWA,                )
13                                )
              Defendants.         )
14
                   *    *    *    *
15   Telephonic Deposition of PAUL DORR, the
     deponent herein, taken on behalf of the
16   defendants herein, at 4280 Sergeant Road, Suite
     290, Sioux City, Iowa, on Wednesday, January
17   13, 2010 at 10:03 a.m., before Norine F.
     Kennedy, Certified Shorthand Reporter in and
18   for the State of Iowa, of Kennedy & Kennedy,
     Certified Court Reporters, 308 24th Street,
19   Sioux City, Iowa.

20   APPEARANCES:

21   MR. VINCENT J. FAHNLANDER
     Attorney at Law, of
22   Mohrman & Kaardal P.A.
     33 South Sixth Street
23   Suite 4100
     Minneapolis, Minnesota  55402
24
              Appearing on behalf of the Plaintiffs;
25

```
 1    APPEARANCES:   (Continued)

 2    MR. DOUGLAS PHILLIPS
      Attorney At Law, of
 3    Klass Law Firm
      4280 Sergeant Road
 4    Suite 290
      Sioux City, Iowa 51106
 5
           Appearing on behalf of the Defendants.
 6
                        *     *     *     *
 7    Also Present:   Alexander Dorr
                        *     *     *     *
 8    Reported by Norine F. Kennedy, CSR, CP, RPR
                        *     *     *     *
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

## 20

1  they are, presuming that -- and they're not
2  looking for any ways to streamline efficiency.
3     Q.  When is the last time there was an
4  election that included county officials in
5  Osceola?
6     A.  I would assume November of 2008.
7     Q.  Did the county attorney -- Who is the
8  county attorney?
9     A.  Bob Hansen.
10    Q.  Did Mr. Hansen run for re-election in
11 '08?
12    A.  You know, honestly I don't recall.  If
13 he did, it was -- it was uncontested.
14    Q.  What about the -- the supervisors, were
15 they on the ballot in '08?
16    A.  Some of them were.
17    Q.  To your recollection, were any of them
18 who sought re-election defeated?
19    A.  Some who sought re-election were
20 defeated in the primaries, but in the general
21 election all those who won their primaries in
22 the Republican party won their seats.
23    Q.  Has this issue of being a little county
24 but spending like a big one, has that been
25 controversial in Osceola County?

## 21

1     A.  Well, you know, I don't know how to
2  answer that question.  It's controversial in
3  many people's minds.
4     Q.  What other -- What -- In what forums has
5  this issue been discussed?
6     A.  Before I was employed, the OCTA was
7  raising several questions that the county
8  sheriff -- the Public Safety Committee was
9  overseeing the budget for the sheriff's office.
10 And I was watching that in the paper for two or
11 three, four years before I was ever hired.
12    Q.  Tell me about that issue.
13    A.  Well, I -- I wasn't a party to it, but
14 what I recall from the media was that the OCTA
15 was raising questions about the compensation,
16 the salaries, so forth of the sheriff's
17 department in light of our small size.
18          One of the projects I did do
19 partially but they didn't have enough funds to
20 complete it was a couple years ago we did a
21 salaries survey of deputies in counties in
22 northwest Iowa and with probably two or three
23 counties that we didn't get in touch with and
24 we never published it, but we did find at the
25 time that their employment contract had our

## 22

1  chief deputies' base pay higher than all the
2  rest of the chief deputies in northwest Iowa.
3  That -- That research hadn't been completed and
4  therefore it was never published.  But what the
5  OCTA was suspicioning from the initial research
6  was demonstrated to be true, looking at the
7  base salary and compensation packages of most
8  of the northwest Iowa counties.
9     Q.  Do you know what union the deputies
10 belong to?
11    A.  I think it's the Iowa Affiliated
12 American -- What is it?  AFSCME, Federal,
13 State, Municipal -- Community, Municipal
14 Employees Union.
15    Q.  Do you know who bargained -- excuse
16 me -- who bargained that contract for the
17 county?
18    A.  I -- I -- I understood who was going to.
19 If he actually sought through or not, I don't
20 know.  I assume he did, but Preston DeBoer.
21    Q.  He would have been for the union; right?
22    A.  Excuse me, yes.  Maybe I misunderstood
23 your question.
24    Q.  Who was on the other side of the table?
25    A.  Oh, I would assume that the county

## 23

1  supervisors' representative in that would be
2  Bob Hansen, the county attorney.  Who actually
3  did it, I honestly don't know.
4     Q.  Okay.  So you've talked about
5  discussions regarding salaries or wages in the
6  sheriff's department, you've talked about this
7  notion of a little county acting like it's a
8  big county when it comes to spending money.
9  Are there other controversial issues in which
10 Copperhead has been involved?
11    A.  Some of the research that they had me do
12 a year ago was that -- was kind of an evolving
13 project, but they started looking and realizing
14 that in fact we had -- the supervisors
15 themselves were overpaid, and we did some
16 active research on that and looked at the
17 salaries of comparable counties and the number
18 of supervisors that comparable counties had.
19 And we found that almost all of the counties in
20 the 7,500 population, five counties above that
21 in size and five counties below that in size,
22 that I think all of them maybe save one had
23 only had three supervisors, and then also a
24 county had five, and that their wages were very
25 competitive with -- with some of the most

---

**24**

1 highest ranking ones who had three supervisors.
2 So the questions began to raise a year, year
3 and a half ago is -- Well, the one, that the
4 supervisors can't control the budget because
5 they're some of the ones that are the most
6 overpaid of all. So it has been a very strong
7 point of contention by the OCTA in the last
8 year, year and a half.
9    Q. What other similar issues has OCTA been
10 involved with where you have consulted?
11    A. I'm just -- I'm trying to go back in
12 memory for the last couple two, three years,
13 and right now that's all I can recall.
14    Q. Is it your contention that Sheriff Weber
15 denied your concealed carry permit at least in
16 part because of your affiliation with OCTA?
17    A. Yes.
18    Q. Why do you think that?
19    A. Because there had been no incident, no
20 activity, nothing relative to the use of a
21 firearm any time prior to this. He had -- He
22 had issued me permits previously. And then in
23 '07 when I started working for the OCTA, I
24 started receiving letters and communications
25 from Dan DeKoter defending the sheriff's budget

---

**25**

1 and the county attorney's budget and basically
2 legally threatening me and my client.
3 Initially Mr. DeKoter thought my client was a
4 member or two of the board of supervisors. And
5 I didn't reveal to him because I had no duty to
6 do that. He was just a private citizen. But
7 Mr. DeKoter rapidly made the whole issue rather
8 contentious within the community and then
9 started going into the newspapers attacking me.
10 So this is all stirring through 2007. And so
11 then from the time, the end of July, early
12 August 2007 when my permit was up for renewal
13 and I called the sheriff and he said, I want to
14 talk to you about it this time, you need to
15 stop in, I strongly suspicioned -- Because
16 there was no -- nothing else that had changed,
17 I strongly suspicioned that -- that my working
18 for the OCTA was -- was driving this meeting to
19 come in there. And it's why in fact I carried
20 my digital recorder into the meeting. And
21 later now in depositions he's kind of affirmed
22 what I suspicioned. And in that meeting, if
23 you've had a chance to look at his video, I
24 asked him if he had any evidence of anything
25 that I said that may have prompted this false

---

**26**

1 accusation of fear, and he said no. So in my
2 mind I'm sitting here thinking, He's got
3 unnamed accusers and they have -- by his own
4 admission they have no evidence. And at that
5 point I asked him, Is this personal? And he
6 naturally denied it. But I -- I had reached
7 the conclusion in my mind then he's punishing
8 me for simply helping the OCTA exercise their
9 free speech.
10    Q. Did he say anything -- I'm sorry. Go
11 ahead.
12    A. And -- and my own free speech. At some
13 point -- I'll have to go back to the '07
14 letters to the editor, but at some point
15 Mr. DeKoter started attacking me personally in
16 the papers for my involvement with them, and so
17 I had to, you know, defend my character and
18 reputation. So then I went in the papers and
19 defended myself and made most of Mr. DeKoter's
20 arguments look, I believe, rather foolish. But
21 it was at that moment that -- in the midst of
22 that controversy that I was then denied my
23 permit.
24    Q. Is there some connection between
25 DeKoter's letters and the denial of your permit

---

**27**

1 application?
2    A. We don't know -- I don't know what the
3 connection was. He just seemed to have privy
4 to a lot of the stuff that I was doing for OCTA
5 and the county, and that was one of the
6 questions that always was listed with the OCTA.
7 He's not the county's attorney, he's not
8 retained by the Public Safety Commission to
9 represent them. Why -- How is he getting all
10 this knowledge about what we're doing, and why
11 is he sticking his nose into this relationship?
12 So you know, what connection there is -- Well,
13 I think it's illustrated by July of 2008 where
14 Mr. DeKoter is sending me a letter stating he
15 represents the Public Safety Commission when in
16 fact he did not.
17    Q. Were you ever able to answer those
18 questions raised by OCTA, namely, where's
19 DeKoter getting his information and why is he
20 involved in this?
21    A. I did e-mail Mr. DeKoter at one time and
22 asked him a simple question, Are you the one
23 that went to Sheriff Weber and told him you
24 were afraid of me? He sent me a single line
25 response back stating, Please stop harassing

---

28

1  me.  The implied assumption was that I had --
2  there's been a pattern of some sort of
3  harassment.  But I believe in Mr. DeKoter's
4  mind that anybody questioning him in the paper
5  and challenging his deceptions, to his mind
6  that was harassment.
7          There had been no other
8  communication with Mr. DeKoter on any of these
9  issues in the county for 20 years or ever that
10  I know of.  And so when I asked him if he was
11  the one that went to Sheriff Weber, he didn't
12  answer the question.  He just -- just implied
13  that I was harassing him.
14          So no, we don't know of a
15  connection, but his involvement in July of 2008
16  with his letters gave me strong suspicion that
17  he was in fact having some ongoing
18  communication with the sheriff.
19  Q.  Did Sheriff Weber say anything in his
20  conversation with you in his office that led
21  you to believe he was denying your application
22  because of your relationship with OCTA?
23  A.  No, he did not.
24  Q.  Did he -- What is it that he said in his
25  deposition that makes you think this was a

29

1  factor in the decision to deny your
2  application?
3  A.  His response to my attorney's questions
4  about OCT, my OCT involvement that summer, and
5  he said yes, writing letters and putting
6  pamphlets on cars and distributing handbills
7  and so forth.  I don't have the exact quote in
8  front of me, but it was -- it was that and I
9  think he had kind of affirmed it again a little
10  bit later.
11  Q.  In your first deposition you and I spent
12  quite a bit of time on the question of how have
13  you been harmed by all of this, what are your
14  damages.  I don't expect you to have memorized
15  our discussion, but do you generally remember
16  that we talked about that?
17  A.  Yes.
18  Q.  My question for you today is this, is
19  there some separate item of damage or
20  additional harm that we haven't already
21  discussed that arises out of your belief that
22  the denial was premised at least in part on
23  your association with OCTA?
24  A.  Yes.  Until I sought legal counsel and
25  sought redress of my grievance against the

30

1  sheriff, until -- and until the lawsuit was
2  filed which I assume then that you would
3  counsel him to not continue abridging my free
4  speech rights, before that period from the time
5  he denied me until that period, I was
6  questioning much of what I was doing and
7  assuming and looking at what else is he going
8  to do to harm me if I write this or publish
9  this or state that.  So there was -- there
10  was -- And I'd have to go back and look at some
11  of the material, but I -- I -- as memory
12  serves, there was some material that didn't get
13  distributed because I was now frightful.
14          He then went on in April of 2008
15  when my wife applied, and she waited a couple
16  weeks, and he said -- She called him up and he
17  said, I would like to -- I'm not sure yet.  I
18  need a -- I need to contemplate on this.  Give
19  me 30 days.  And my wife reported to me that
20  she said to him, Well, is there something
21  you're going to discover or understand or know
22  in 30 days that you don't know now?  Is there
23  any questions I can answer for you that will
24  help you make this decision?  And he said, No.
25  He said, I just need to -- I think the word was

31

1  meditate on this for 30 days.
2          And at that point she came to me
3  and said, What's going on?  I looked at the
4  calender and I realized his primary election
5  was up in 30 days.  So I strongly suspicion
6  then that he was punishing my wife and trying
7  to silence me by dangling her permit out there
8  until he got re-elected.  I can't -- I don't
9  know if that happened, but he had -- he had no
10  reason, he gave her no reason, he wasn't doing
11  any further investigation, he had no questions
12  for her, nothing more than I just need 30 days
13  to meditate on this.  Normally my family gets
14  those -- With me in the past, in a week's time
15  it's done.  He's done his background research
16  and the permit is issued.  So by April of 2008
17  we began to really suspicion that if I spoke
18  out he was going to look for some kind of way
19  to punish me.
20  Q.  Your wife got her permit?
21  A.  Yes, after some -- some communication
22  back and forth.  She withdrew her permit -- the
23  application at that time because she was not
24  going to be part of his gamesmanship, and she
25  later reapplied in July of '08 and that's then

1      CASE NAME: DORR vs. WEBER et al

2

3              ADDENDUM TO DEPOSITION
     EXAMPLE

     Page      Line      Change and Reason

4

5      3        2        Smith to Schmitz (Correction)
                        Misspelling

6      28      11      $144 to $175 (Correction)
                        Refreshed memory from files
                        after deposition was taken.

7 ------------------------------------------------

8      12      9      The word "that" should replace the last word "but".

9

10     13     20     Buckman to ~~Buck~~ Buchman - Misspelling

11

12

13

14

15 To all of which I affix my signature this 11th
16 day of February , 2010, at the city of Ocheyedan
   , state of Iowa .
17 Osceola County

                            Paul R. Dorr
18                             PAUL DORR

19

20 I did witness the above signature on the 11th
   day of February , 2010, in the city of Ocheyedan
21 , state of Iowa .

22                         Delores Stahl
23                         NOTARY PUBLIC

24                DELORES STAHL
             Commission Number 169259
25              My Commission Expires
             April 27, 20 11

1     CASE NAME: DORR vs. WEBER et al

2

            CERTIFICATE OF DEPONENT

3

4         I, the undersigned deponent, do hereby certify under oath that I did read the foregoing pages of transcript and that any

5    corrections I want to make to the foregoing pages of transcript have been set out on the

6    foregoing Addendum, and that I have indicated the correction itself, the page and line number

7    of the correction, and the reason for the correction, if any.

8         In witness whereof, I have hereunto affixed my signature on this _11th_ day of

9    _February_ , 2010, before the undersigned Notary Public.

10

11

12                     _Paul R Dorr_
                          PAUL DORR

13

14     I hereby certify I did witness the above signature on this the _11th_ day of _February_ ,

15    2009/2010, in the City of _Ocheyedan_ , County of

16    _Osceola_ , State of _Iowa_ .

17

18      DELORES STAHL
        Commission Number 169259
        My Commission Expires     _Delores Stahl_

19         April 27, 20_11_       NOTARY PUBLIC

20

21   My commission expires: _4-27-2011_ .

22

23

24

25