IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| PAUL DORR, AND ALEXANDER DORR, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> vs. <br><br> DOUGLAS L. WEBER, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF, AND OSCEOLA COUNTY, IOWA, <br><br> Defendants. | NO.  5:08-cv-040903-MWB <br><br><br> **DOUGLAS WEBER AND OSCEOLA COUNTY'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS** |

COME NOW Defendants, pursuant to LR 56(b)(2), and for their Response to

Plaintiffs' Statement of Material Facts, state as follows:

1.      Paragraph 1 is admitted.

2.      Paragraph 2 is admitted.

3.      Defendants admit that Paul Dorr owns and operates a consulting business,

Copperhead Consulting Services.  Defendant admits that Copperhead engages in activities to

support individuals, groups, associations and other entities in political and election

campaigns involving political, economic and social issues.  Defendant admits that the manner

in which Paul Dorr operates his business generates controversy.  Because Plaintiff does not

identify the issues which he claims are controversial, Defendant denies this assertion for lack

of sufficient information upon which to support any belief as to the truth of the matter.

(Defendants' Answer to Plaintiffs' Second Amended Complaint, ¶ 23, Resistance Appendix,

p. 5).

KLASS LAW FIRM, L.L.P.

1

4.     Defendants admit that Paul Dorr was issued a nonprofessional concealed weapons permit for the years 2001-2006 under Iowa Code § 724.8.  The assertion that these permits were issued by Osceola County is denied.  The permits were issued by the Osceola County Sheriff.  (*See, e.g*., Paul Dorr's 2005 Application, Resistance Appendix, pp. 23).

5.     Paragraph 5 is admitted.

6.     Paragraph 6 is admitted.

7.     Paragraph 7 is admitted.

8.     Paragraph 8 is admitted.

9.     Defendants admit that these statements were made, but deny that they were made to Paul Dorr. (Defendants' Answer to Plaintiffs' Second Amended Complaint, ¶ 64, Resistance Appendix, p.9).

10.     Paragraph 10 is admitted.

11.     Defendants admit that Sheriff Weber did not provide Paul Dorr with the specifics of allegations by citizens, but denies that he "could not" do so.  (Defendants' Answer to Plaintiffs' Second Amended Complaint, ¶ 38, Resistance Appendix, p. 6).

12.     Paragraph 12 is admitted.

13.     Paragraph 13 is admitted.

14.     Paragraph 14 is admitted.

15.     Paragraph 15 is admitted for the time period from 2007 to date, but denied for any future period because Defendants cannot speculate about whether the reasons listed for denying the 2007 application (Defendant's Appendix, p. 2) will continue in the future.

16.     Paragraph 16 is admitted.

17.     Paragraph 17 is admitted.

18.    Paragraph 18 is admitted.

19.    Paragraph 19 is admitted.

20.    Paragraph 20 is admitted.

21.    Paragraph 21 is admitted.

22.    Paragraph 22 is admitted.

23.    Paragraph 23 is denied.  (Defendant's Appendix, p. 2; Deposition of Douglas

Weber, pp. 85-93, Resistance Appendix, pp. 28-30).

24.    Paragraph 24 is denied.  (*Id.*)

25.    Paragraph 25 is admitted.

26.    Paragraph 26 is admitted.

27.    Paragraph 27 is admitted.

28.    Paragraph 28 is denied.  (Deposition of Douglas Weber, pp. 116, lines 13-25,

and p. 117, Resistance Appendix, p.31 ).

29.    Paragraph 29 is admitted.

30.    Paragraph 30 is admitted.

31.    Paragraph 31 is admitted.

32.    Paragraph 32 is admitted.

33.    Paragraph 33 is admitted.

34.    Paragraph 34 is admitted.

35.    Paragraph 35 is admitted.

36.    Paragraph 36 is admitted.

37.    Paragraph 37 is admitted.

38. Paragraph 38 is denied. (Defendant's Appendix, p. 4, and IAC § 661-91.4(2) ("The sheriff may use discretion in determining additional criteria for issuance of a permit pursuant to subrule 91.4(1). The sheriff may restrict or limit the authority granted by nonprofessional permits."))

39. Paragraph 39 is denied. (Defendant's Appendix, p. 4, and IAC § 661-91.4(2) ("The sheriff may use discretion in determining additional criteria for issuance of a permit pursuant to subrule 91.4(1). The sheriff may restrict or limit the authority granted by nonprofessional permits."))

40. Paragraph 40 is admitted.

41. Paragraph 41 is admitted.

42. Paragraph 42 is admitted.

43. Paragraph 43 is admitted. (Defendant's Appendix, p. 4 ("subject under 21 years of age."))

44. Paragraph 44 is admitted.

45. Paragraph 45 is denied. (Deposition of Douglas Weber, pp. 35-36, Resistance Appendix, p.27).

46. Paragraph 46 is denied. (Deposition of Douglas Weber, p. 29, Resistance Appendix, p.26).

47. Paragraph 47 is admitted.

48. Unless Plaintiffs specify a particular individual to whom they refer, Defendants deny that Sheriff Weber has issued a concealed weapon permit to any individual under the age of 21 for lack of sufficient information upon which to form a belief as to the

truth of the matter asserted.  If Plaintiffs are referring to the permits in their Appendix at

Exhibit 11, this application was not granted by Sheriff Weber.


                                        Respectfully submitted,


                                        *[signature]*

                                        _____
                                        Douglas L. Phillips
                                        KLASS LAW FIRM, L.L.P.
                                        Mayfair Center, Upper Level
                                        4280 Sergeant Road, Suite 290
                                        Sioux City, IA  51106
                                        phillips@klasslaw.com
                                        WWW.KLASSLAW.COM
                                        712/252-1866
                                        712/252-5822 fax

                                        ATTORNEYS FOR DEFENDANTS
                                        DOUGLAS WEBER AND OSCEOLA
                                        COUNTY

Copy to:

Vincent J. Fahnlander
Erick G. Kaardal
33 South Sixth Street, Suite 4100
Minneapolis, MN  55402

                        CERTIFICATE OF SERVICE
                The undersigned certifies that the foregoing
                instrument was served upon all parties to the
                above cause to each of the attorneys of record
                herein at their respective addresses disclosed
                on the pleading on ___March 11,_____, 2010
                By: _____ U.S. Mail          _____ facsimile
                    _____ Hand delivered     _____ Overnight courier
                    _____ Other _____     __X___ EFC

                        *[signature]*
                Signature