UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

PAUL DORR, AND ALEXANDER
DORR, individually and on behalf of all
other persons similarly situated,

        Plaintiffs,

vs.

DOUGLAS L. WEBER, individually and in
his capacity as Sheriff of Osceola County;
and OSCEOLA COUNTY, IOWA,

        Defendants.

Court File No. 5:08-CV-04093

PLAINTIFFS' BRIEF IN OPPOSITION
TO DEFENDANTS' PARTIAL
SUMMARY JUDGMENT

---

I. **Sheriff Weber's use of unlimited "discretion" violates federal and state constitutional law.**[1]

Central to the Defendants' argument is their reliance on Sheriff Weber's "discretion" based upon IAC 661-91.4(2). Yet, this discretion is not unlimited. Any developed criteria — which Weber failed to develop in this case — must be consistent with the federal *and* the Iowa State Constitutions. As Section 7 of the Iowa Constitution states: "[n]o law shall be passed to restrain or abridge the liberty of speech...." In explicitly protecting free speech rights, a sheriff's "discretion" may not reach beyond these constitutional limitations whether in enforcing statutory law or interpreting or developing in administrative rules.

II. **Sheriff Weber's reliance on the discretion phrase under IAC 661-91.4(2) is misplaced.**

The Iowa Supreme Court requires the use of general principles governing construction and interpretation of statutes applicable to administrative rules.[2] In the instant case, the IAC 661-91.4(2)

---

[1] Plaintiffs' Principal Brief addresses all of the arguments Defendants have presented in their motion for partial summary judgment, and not addressing those arguments here is *not a waiver* of any kind.

states that the "sheriff may use discretion in *determining additional criteria* for issuance of a permit pursuant to sub-rule 91.4(1)...."[3] Sub-rule 91.4(1) lists seven additional criteria (six mandatory; one optional) in addition to the statutory directives under Iowa Code § 724.7. "Criteria [criterion]" means, "a standard, rule, or test by which something can be judged; measure of value."[4]

Neither Weber nor the County developed any "criteria." Their failure to do so creates a situation in which a person of ordinary intelligence has no fair notice that their contemplated conduct is forbidden, thereby affecting their ability to obtain a concealed weapon permit. The absence of such announced criteria makes the application of the rule arbitrary and capricious, with no rational connection between the denial of a permit and the reason "supporting" the denial.

Most licensing procedures invoke the appraisal of facts and the exercise of judgment. But here, Weber's decision had no facts to deny either Paul or Alexander Dorr their permits. Furthermore, without some sense of a defined reasonable criteria, Weber's proclamation of unfettered discretion — not limited and rationally exercised— has posed a threat to Paul Dorr's First Amendment rights.[5] Weber directly tied Paul Dorr's First Amendment activities to an unknown, unpronounced, and mischievous outcome contrary to legislative intent under Iowa Code 724.8 (or under IAC 661-91.4(2)) for issuing a permit.

Whatever authoritative "discretion in determining additional criteria for issuance of a permit" Weber had, he did not exercise it with specifically identified kinds of factors to give sufficient guidance and reduce any arguable indefiniteness to a level consistent with the Sheriff's

---

[2] *Motor Club of Iowa v. Department of Transportation*, 251 N.W.2d 510, 518 (Iowa. 1977) citing *Rucker v. Wabash Railroad Company*, 418 f.2d 146, 149 (1969); see, *General Electric Company v. Iowa State Board of Tax Review*, 702 N.W.2d 485, 489 (Iowa. 2005) (listing criteria for statutory construction applicable to administrative rules).
[3] Emphasis added.
[4] *Webster's New World College Dictionary*, Michael Agnes, 344 (4th ed. Macmillan 1999).
[5] *See e.g., Forsyth County, Georgia v. Nationalist Movement*, 505 U.S. 123, 130-131 (1952); *Cantwell v. Connecticut*, 310 U.S. 296, 305 (1940).

obligation under the State law to provide for the issuance of concealed weapon permits.[6] Dorr could never have anticipated his association with the Osceola County Taxpayers Association, or other free speech activities — such as writing letters to the editor, handing out fliers, etc. — would result in the denial of a permit.

Likewise, Alex Dorr could not have anticipated his age as an unannounced, unnoticed, and undefined obstacle to obtaining a permit. Sheriff Weber had arbitrarily determined "21" as the age of "maturity," which conflicts directly with the legislature under Iowa Code 724.8. "Gut feelings" falls short of any semblance of fair notice as being an assessment in the context of a particular conduct to which the denial of a permit is being applied. Judgment, if to be used, must be based on some *cognizable* fact or facts, and of which the record is devoid for either Alex Dorr or Paul Dorr.

Where the Sheriff has provided an interpretation of IAC 661-91.4(2) in direct conflict with the rule's language and legislative intent, the Court should dismiss giving Weber deference to his "interpretation" of the governing rule.[7] Because Weber failed to "determine additional criteria" to give guidance to the public to avoid guessing at the definitions of statutory or administrative terms, the Court should find Weber's decisions as *not* compliant with the governing statute or administrative rule under IAC 661-91.4(2). Finally, there is nothing in the record to suggest Weber's stance, as taken against Paul Dorr regarding his "mental state," public behavior, or benevolence to others, are long-term *identified* criteria that have received wide-spread acceptance.[8]

---

[6] *See Foss v. City of Rochester*, 65 N.Y.2d 247, 253, 491 N.Y.S.2d 128, 480 N.E.2d 717 (1985) ("due process requires only a reasonable degree of certainty so that individuals are not forced to guess at the meaning of statutory terms."); *see also Grayned v. City of Rokford*, 408 U.S. 104, 110 (1972) ("Condemned to the use of words, we can never expect mathematical certainty from our language.")

[7] *Fuller v. Iowa Dept. of Human Services*, 576 N.W.2d 324 (Iowa 1998) (Commissions interpretive guidance of Congressional Act is not a binding regulation; agency's interpretations are given great deference, but not if they are in direct conflict with statutory language).

[8] Under IAC 661-91.4(2), a sheriff may "restrict or limit the authority granted by nonprofessional permits." This phrase – not applicable here – refers to restrictions *after* a permit is granted. The "authority granted by a nonprofessional permit" is that which allows a person to carry a concealed weapon. Here, the rule allows the

## II. Sheriff Weber is not immune from suit.

Sheriff Weber does not deny the Second Amendment right to bear arms as a clearly established right. He does, however, challenge its applicability to the present case, and therefore denies this case implicates the Dorrs' right to *keep and bear arms*. Here, the legislature has provided a process for which an individual may exercise their Second Amendment right outside the home as a concealed weapon. The statutory and administrative process extends the regulatory framework of the right to possession of arms (handguns) within the home, to outside the home albeit regulated. Because the Dorrs met all the requirements to obtain a concealed weapon's permit, the Sherriff does not have the rationale (and therefore the authority) *not to issue* the applicant's permit. He may not deny the permit without infringing upon the individual's Second Amendment right to keep and bear arms.

In the instant case, the denial of a permit when all criteria are met and no rationale to deny the permit exists under Iowa Code 724.8, it necessarily implicates the infringement of Second Amendment rights. But, the Defendants assert the issue as the Dorrs' right to secure a permit to carry arms.[9] To this extent, "[i]n evaluating whether a state has created a protected interest in the administrative context, [the court] must determine whether the state statute or regulation at issue meaningfully channels official discretion by mandating a defined administrative outcome."[10]

> "[A] State creates a protected liberty interest by placing substantive limitations on official discretion.... [generally] by establishing substantive predicates to govern official decision-making, and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met."[11]

---

Sheriff to reasonably restrict a permittee's use of a concealed weapon. For instance, a number of permit applications requested a permit for target shooting and hunting. Depending on reasonable criteria, the Sheriff could restrict the permit to target shooting only or for hunting only.
  Nevertheless, in Alexander Dorr's circumstances, previous grants of permits to persons under 21 reflects a consistent interpretation of the statute. But Sheriff Weber's interpretation as it affects Dorr because he is under 21 is inconsistent with legislative intent.
[9] Defs. Memo. at p. 4 (Feb. 18, 2010).
[10] *See, e.g. Sealed v. Sealed*, 332 F.3d 51, 56 (2d Cir. 2003).
[11] *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 462 (1989) (internal quotations and citations omitted).

Under 724.8, Iowa creates a property interest, where the administrative scheme requires a certain outcome and is an end of itself[12] — a legitimate claim of entitlement because it does implicate the Dorrs' Second Amendment right — carrying weapons outside the home.

Either through the administrative or statutory scheme, and certainly through the U.S. Supreme Court's pronouncement of a Second Amendment individual right, there is settled law to hold the Sheriff liable under §1983 and is not entitled to qualified immunity.

## Conclusion

The Dorrs' motion for summary and declaratory judgment should be granted and the Defendants' motion for partial summary judgment denied.

Dated: March 15, 2010

s/Vincent J. Fahnlander
Vincent J. Fahnlander, Esq.
Erick G. Kaardal, Esq.
MOHRMAN & KAARDAL, P.A.
33 South Sixth Street, Suite 4100
Minneapolis, MN 55402
Telephone: (612) 341-1074
Fax: (612) 341-1076
E-Mail: fahnlander@mklaw.com
E-Mail: kaardal@mklaw.com
E-Mail: grzybek@mklaw.com
E-Mail: fincham@mklaw.com

ATTORNEYS FOR PLAINTIFFS

Copy to:

Douglas L. Phillips
Klass Law Firm, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA 51106

CERTIFICATE OF SERVICE
The undersigned certifies the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleading on  March 15, 2010
By: ___ U.S. Mail ___facsimile
      ___ Hand delivered ___ Overnight courier
      ___ Other   X   ECF
Signature: _Vincent J. Fahnlander_

---

[12] *Sealed*, 332 F.3d at 56.